IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY<br>300 South Grand Avenue<br>Suite 3950<br>Los Angeles, California, 90071-3175,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br>in its capacity as Receiver of Washington Mutual Bank,<br>550 17th Street, N.W.<br>Washington, DC 20429<br><br>　　　　　　Defendant. | Civil Action No.<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Deutsche Bank National Trust Company ("DBNTC"), by its undersigned counsel, alleges as follows:

### PARTIES

1.　　Plaintiff DBNTC is a national banking association organized under the laws of the United States of America to carry on the business of a limited purpose trust company. DBNTC's main office and principal place of business is located at 300 South Grand Avenue, Suite 3950, Los Angeles, California, 90071-3175, and a site of its trust administration is located at 1761 East St. Andrew Place, Santa Ana, California, 92705.

2.　　DBNTC serves as trustee, document custodian, and in certain other trust-related capacities (collectively, sometimes referred to hereinafter as the "Trustee") under the governing agreements, custody agreements, and various subsidiary or related fiduciary arrangements

(collectively, the "Governing Agreements") for over 159 Trusts created, sponsored, and/or serviced by Washington Mutual Bank, its predecessors-in-interest, and/or their affiliates under their control (collectively, "WMB") between 2000 and 2007, described more fully herein as the "Trusts."

3. The Trusts currently hold, as trust assets or collateral, mortgage loans that WMB originated or acquired, serviced, and/or sold into the Trusts.

4. The Trustee brings this action for and on behalf of the Trusts, investors in the Trusts and itself as Trustee.

5. The Trusts at issue are "express trusts" created by written instruments manifesting the express intention to create a trust and setting forth the subject, purpose, and beneficiaries of the Trusts. The Trustee therefore brings this action pursuant to Federal Rule of Civil Procedure 17(a)(1)(E) as the trustee of an express trust for the benefit of the Trusts and the Trusts' investors.

6. Defendant Federal Deposit Insurance Company ("FDIC") is an agency of the United States created by the Federal Deposit Insurance Act, 12 U.S.C. § 1811 et seq. and related laws and regulations. The FDIC acts, from time-to-time and among other things, as a receiver and/or conservator of banking institutions.

7. This Complaint asserts claims against the FDIC in its capacity as receiver of WMB. The term "FDIC" includes the FDIC in such capacity.

## JURISDICTION AND VENUE

8. This action arises under the laws of the United States and is a suit on a claim submitted to the FDIC pursuant to 12 U.S.C. § 1821(d). This Court has subject matter jurisdiction over this action pursuant to, inter alia, 28 U.S.C. § 1331, 12 U.S.C. §§ 1819(a),

1819(b)(2)(A) and 1821(d)(6), and 28 U.S.C. § 1367. Jurisdiction also exists in this Court pursuant to 28 U.S.C. § 1349 because the FDIC is a corporation incorporated by an Act of Congress and the United States owns more than one half of its capital stock.

9. Venue is proper in this Court pursuant to 12 U.S.C. § 1821(d)(6), which authorizes suit on a claim submitted to the FDIC to be brought in this district.

## BACKGROUND

### A. Proof of Claim

10. On December 30, 2008, the Trustee timely filed with the FDIC as receiver for WMB a proof of claim on behalf of the Trusts and the Trustee pursuant to 12 U.S.C. § 1821(d) (together with all exhibits thereto, the "Proof of Claim"), outlining various claims against the FDIC under or related to the Governing Agreements. A copy of the Proof of Claim is attached hereto as Exhibit 1. Exhibits A-1, A-2, and A-3 to the Proof of Claim identify the Trusts at issue in this case and on whose behalf this action is brought.

11. The Trustee hereby incorporates by reference as if set forth here in full the entirety of its Proof of Claim, along with the exhibits thereto and materials referenced therein and hereby asserts all claims, causes of action or rights to relief that are included in or arise from the Proof of Claim or the facts referenced therein.

12. On information and belief, other parties with interests in or obligations to the Trusts filed proofs of claim with the FDIC, including securities underwriters, depositors, loan servicers, insurers and investors. The claims asserted in these other proofs of claim may be related or supplemental to the claims asserted by the Trustee and the Trusts in this action. The Trustee hereby incorporates by reference any such proofs of claims, along with the exhibits thereto and any materials referenced therein to the extent appropriate and/or necessary.

13. In its Proof of Claim, among other things, the Trustee identified the failure of WMB, in contravention of the Governing Agreements, to provide access to books and records, and to properly notify the Trustee of the ongoing multiple breaches of representations and warranties that were concealed from the Trustee.

14. In its Proof of Claim, the Trustee further reserved its rights to amend or supplement its Proof of Claim and made clear that its Proof of Claim was in no way intended to waive or release any claim it or the Trusts may have.

15. Pursuant to 12 U.S.C. § 1821(d)(5)(A)(i), the FDIC should have determined whether to allow or disallow the Trustee's Proof of Claim within 180 days of December 30, 2008.

16. The FDIC has failed to respond to the Proof of Claim.

17. Pursuant to 12 U.S.C. § 1821(d)(6)(A)(i), the FDIC's failure to respond timely to the Proof of Claim triggered the Trustee's right to "file suit on such claim in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)" within 60 days thereafter. This action is timely and appropriately brought in this Court.

18. The Trustee may amend this Complaint if new and different facts become known or available, and expressly reserves the right to do so in the event that the FDIC attempts to address its failure to timely determine the Proof of Claim.

**B.    WMB and Its Successors**

19. Until September 25, 2008, WMB was an FDIC-insured federal savings bank chartered and regulated by the Office of Thrift Supervision (the "OTS").

20. On September 25, 2008, the Director of the OTS, by Order Number 2008-36, closed WMB and appointed the FDIC as WMB's receiver.

21. On information and belief, on September 25, 2008, a purchase and assumption agreement (the "Purchase and Assumption Agreement") was entered into by and among: the FDIC as receiver of WMB; the FDIC in its corporate capacity; and JPMorgan Chase Bank, National Association ("JPMC").

22. The Purchase and Assumption Agreement provides that JPMC, as "Assuming Bank"

> expressly assumes ... and agrees to pay, perform, and discharge, all of the liabilities of the Failed Bank which are reflected on the Books and Records of the Failed Bank as of Bank Closing, including the Assumed Deposits and all liabilities associated with any and all employee benefit plans, except as listed on the attached Schedule 2.1, and as otherwise provided in this Agreement (such liabilities referred to as 'Liabilities Assumed'). Notwithstanding Section 4.8, the Assuming Bank specifically assumes all mortgage servicing rights and obligations of the Failed Bank.

23. At the present time, based on the Purchase and Assumption Agreement, and on information and belief, the Trustee believes that JPMC has assumed the liabilities related to the Governing Agreements and the Trusts. The Trustee further believes that the FDIC has not split the assets from the liabilities. On that basis, the Trustee has not brought claims that it may otherwise have if the FDIC transferred the assets and benefits of the Trusts without transferring the associated liabilities. If the Trustee learns additional information suggesting that the FDIC did transfer assets without the associated liabilities, the Trustee reserves the right to amend this Complaint to bring additional claims against the FDIC as receiver of WMB and/or in other capacities.

C. **The Securitization Trusts and the Governing Agreements**

24. In the Governing Agreements for the Trusts, WMB made numerous representations, warranties and covenants regarding the due execution and enforceability of those

agreements and regarding the characteristics of the underlying mortgage loans (the "Representations and Warranties").

25. The Governing Agreements represent an integrated set of contractual undertakings on behalf of WMB with respect to the formation and servicing of the Trusts.

26. Each Governing Agreement is a unitary contract that is not divisible.

27. The Governing Agreements:

    a. are all in writing;

    b. were all executed by WMB and DBNTC, as Trustee, at the time the associated property interests transferred;

    c. were executed on behalf of WMB by individuals duly authorized by the WMB Board of Directors; and

    d. have been continuously in existence, since the time of execution, and constitute official records of WMB.

## BREACHES AND DAMAGES

**A.    WMB's Breaches of the Representations and Warranties**

28. Pursuant to the Governing Agreements, WMB had express contractual obligations to:

    a. notify certain parties to the Governing Agreements, including the Trustee, when WMB became aware of breaches of Representations and Warranties;

    b. make certain cure payments; and/or

    c. repurchase the mortgage loan at a price specified in the Governing Agreements (typically equal to the unpaid principal balance of the related mortgage loan(s) plus accrued interest through the date of repurchase).

29. WMB breached the Representations and Warranties.

30. WMB also failed to notify appropriate parties of all of the breaches of Representations and Warranties, make cure payments, and repurchase all of the related mortgage loans at the appropriate price.

31. The breaches of Representations and Warranties have not, to the present date, been cured or otherwise remedied in accordance with the Governing Agreements.

32. In addition, despite provisions of the Governing Agreements permitting the Trustee and certain other parties in interest to the Trusts to have access to WMB's books and records concerning mortgage loans in the Trusts, WMB consistently refused to allow the Trustee and, on information and belief, such other parties in interest to the Trusts, access to those books and records. As a result, although the Trustee believes that there are other breaches of Representations and Warranties that occurred before WMB's failure that remain uncured and unremedied, that information has been concealed from the Trustee.

33. WMB failed to comply with its obligation to notify the Trustee of breaches of Representations and Warranties. The Trustee is therefore not currently aware of all of the breaches that have occurred.

34. On information and belief, the breaches of Representations and Warranties more fully described herein and in the Proof of Claim have damaged the Trusts and the Trustee in the approximate amount of $6 billion to $10 billion or more.

**B.**   **Servicing Deficiencies**

35. WMB generally served as "servicer" or "master servicer" with respect to the mortgage loans held by the Trusts.

36. As servicer or master servicer, WMB was obligated to notify the Trustee and other parties in interest to the Trusts of breaches of Representations and Warranties of which it had knowledge.

37. On information and belief, WMB did not notify the Trustee or other parties in interest to the Trusts of such breaches of which it had knowledge.

### C. **Indemnification for Expenses**

38. As a result of the breaches of Representations and Warranties set forth herein and other breaches by WMB, the Trustee and the Trusts have incurred, and will continue to incur, significant costs and legal expenses enforcing mortgage loan rights and documents and defending against claims, counterclaims and third party claims. These expenses include, but are not limited to, attorneys' fees and costs, and the related actual or potential liability for the claims. These claims include, but are not limited to, claims made in civil litigation proceedings against the Trustee and/or the Trusts, and other lawsuits filed or threatened against the Trustee and/or the Trusts relating to WMB and its origination and/or servicing of mortgage loans.

39. Such third-party claims involve or relate to the acts and omissions of WMB and its predecessors in connection with the origination and servicing of mortgage loans in the Trusts.

40. Pursuant to the Governing Agreements and applicable law, WMB was obligated to indemnify the Trustee and the Trusts for these amounts.

41. Such indemnification constituted core consideration both for the Trustee's initial and ongoing obligation and agreement to act as Trustee and for the investors' purchase of securities issued by the Trusts.

42. WMB failed to comply fully with its indemnification obligations to the Trustee.

## CLAIM FOR RELIEF

### Count I

**Breach of Contract
(Against FDIC as Receiver of WMB)**

43. The Trustee incorporates by reference the previous and succeeding paragraphs of this Complaint as if they were set forth here in full.

44. The conduct alleged above and in the Proof of Claim constitutes multiple breaches of contract by WMB, including breaches of the Governing Agreements.

45. Without limiting the generality of the foregoing, WMB breached the Governing Agreements because:

    a. mortgage loans in the Trusts did not meet the standards articulated in the Representations and Warranties;

    b. WMB failed to notify the Trustee of the existence of breaches of Representations and Warranties;

    c. WMB failed to make required cure payments;

    d. WMB failed to repurchase the mortgage loans that did not comply with WMB's Representations and Warranties; and

    e. WMB failed to comply with its indemnity obligations.

46. As a direct and proximate cause of WMB's breaches of contract, the Trusts and the Trustee have suffered significant damages.

47. The Trustee is fully performing and has not breached its obligations under the Governing Agreements or excused the performance by WMB and its successors of their obligations thereunder.

48. The FDIC as the receiver of WMB is the successor in interest to WMB.

49. As successor in interest to WMB, the FDIC was required by law either to assume in their entirety WMB's obligations under the Governing Agreements, if it wished to obtain the benefits of the Governing Agreements by transferring them to JPMC, or to repudiate the Governing Agreements in their entirety.

50. Having elected to assume WMB's obligations under the Governing Agreements in order to gain the benefits of the Governing Agreements, the FDIC was bound by those obligations in their entirety and was required to perform them, including the obligations to notify the Trustee of breaches and to cure them and/or repurchase any affected mortgage loans as a condition to transferring WMB's obligations and assets to JPMC.

51. The FDIC failed to cure WMB's breaches of the Governing Agreements.

52. As receiver of WMB, the FDIC is liable for WMB's breaches of contract.

53. In addition, the FDIC's breaches of the Governing Agreements, and its failure to cure WMB's breaches or to cure such breaches in accordance with the Governing Agreements, constitute breaches of contract and wrongful conduct in its administration of the WMB receivership.

54. The FDIC's conduct gives rise to a priority right of payment that is superior or equivalent to an administrative claim under the preference scheme outlined in 12 U.S.C. § 1821(d)(11).

55. The Trusts and the Trustee are entitled to an award of damages caused by WMB's pre-failure breaches of contract, which are currently estimated at $6 billion to $10 billion or more.

56.     The Trusts and the Trustee are entitled to recover these damages either in full or as an administrative priority claim in light of the FDIC's failure to cure WMB's pre-failure breaches of contract.

WHEREFORE, the Trusts and the Trustee demand judgment in their favor against the FDIC as receiver of WMB, in an amount to be determined, plus pre- and post-judgment interest, costs of suit, attorneys' fees, and such other relief to which they may be entitled.

## JURY TRIAL DEMAND

57.     Plaintiff DBNTC hereby demands a jury trial to the fullest extent allowed by the Constitution or other applicable law.

Dated: August 26, 2009          By: _____
                                Patrick D. Conner
                                (D.C. Bar No. 472298)(renewal pending)
                                Janice L. Kopec
                                (D.C. Bar Number 976520)
                                **MORGAN, LEWIS & BOCKIUS LLP**
                                1111 Pennsylvania Avenue, NW
                                Washington, DC 20004
                                Telephone:   202-739-3000
                                Facsimile:   202-739-3001

                                Jami Wintz McKeon (seeking admission *pro hac vice*)
                                Gregory T. Parks (seeking admission *pro hac vice*)
                                **MORGAN, LEWIS & BOCKIUS LLP**
                                1701 Market Street
                                Philadelphia, PA 19103
                                Telephone:   215-963-5000
                                Facsimile:   215-963-5001

                                Attorneys for Plaintiff
                                Deutsche Bank National Trust Company