IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL DEPOSIT INSURANCE CORPORATION, )<br>IN ITS CAPACITY AS RECEIVER FOR )<br>WASHINGTON MUTUAL BANK, )<br>)<br>Defendant. )<br>) | Case No. 1:09-cv-01656-RMC<br>(Judge Collyer) |

**CONSENT MOTION FOR EXTENSION OF TIME TO ALLOW SUBSTITUTION OF PLAINTIFF'S COUNSEL, AMENDMENT OF THE COMPLAINT, AND HOLDING DEFENDANT'S MOTION TO DISMISS IN ABEYANCE**

Deutsche Bank National Trust Company, with the consent of the defendant, the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, ("FDIC"), and by and through its undersigned counsel, hereby moves this Honorable Court for an order under Federal Rule of Civil Procedure 6(b)(1)(A) extending the time in which Plaintiff must respond to Defendant's Motion to Dismiss, in order to allow Plaintiff to substitute counsel and amend its Complaint. Further, Plaintiff seeks an order holding the Defendant's Motion to Dismiss in abeyance during this period of time. In support of its motion, Plaintiff states as follows:

(1) Defendant filed its Motion to Dismiss Plaintiff's Complaint on June 17, 2010.

(2) Defendant's Motion argues, among other things that: (a) Plaintiff's Complaint should be dismissed because of the failure to join a third party – JP Morgan Chase & Co ("JPMC") – or that JPMC should be joined as a

1

necessary party to this action; and (b) Plaintiff's Complaint should be dismissed because it is insufficiently specific.

(3) The possibility of adding JPMC as a party creates a conflict of interest for Plaintiff's current counsel. Plaintiff's current counsel will have to withdraw as counsel, and Plaintiff expects to substitute new counsel shortly.

(4) Plaintiff's new counsel will consider the likely possibility of amending the Complaint to add JPMC as a party.

(5) Plaintiff further intends to amend the Complaint to add specificity in response to Defendant's motion.

(6) Plaintiff's new counsel will require time to become familiar with this case, the file, and the issues necessary to prepare an amended Complaint.

(7) Defendant has consented to the relief requested in this motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order stating that:

    a.    Plaintiff shall have thirty (30) days from the date the Court enters the attached proposed Order to identify substitute counsel and file an appropriate substitution in accordance with the Court's Local Rules.

    b.    Plaintiff, through its substitute counsel, shall have sixty (60) days from the date the Court enters the attached proposed Order to file an Amended Complaint.

    c.    Defendant's Motion to Dismiss shall be held in abeyance until

        Plaintiff files its Amended Complaint, at which time Defendant's Motion shall be denied as moot without prejudice to Defendant's right to seek dismissal of the Amended Complaint.

d.   Upon the filing of Plaintiff's Amended Complaint, Defendant shall have thirty (30) days, or such time as JPMC has to respond if made a party to this action, whichever date is later, to answer, respond, or otherwise oppose Plaintiff's Amended Complaint.

Dated: June 28, 2010                              Respectfully submitted,

                                                /s/
                                   Janice L. Kopec, D.C. Bar 976520
                                   Morgan, Lewis & Bockius LLP
                                   1111 Pennsylvania Ave., N.W.
                                   Washington, D.C. 20004
                                   Telephone: (202) 739-3000
                                   Facsimile: (202) 739-3001
                                   E-mail: jkopec@morganlewis.com

Certificate of Service

I hereby certify that on June 28, 2010, a copy of the foregoing "CONSENT MOTION FOR EXTENSION OF TIME TO ALLOW SUBSTITUTION OF PLAINTIFF'S COUNSEL, AMENDMENT OF THE COMPLAINT, AND HOLDING DEFENDANT'S MOTION TO DISMISS IN ABEYANCE" was filed electronically with the Court's Electronic Case Filing ("ECF") system.  I understand that notice of this filing will be sent to all parties by operation of the Court's ECF system.

       /s/
Janice L. Kopec