

#1

#2 on page 2 of attachment

Let this be filed 09-1656 RMC
7/20/10

June 30, 2010

Magistrate Judge Collyer
U.S. District Court Clerk's Office
333 Constitution Avenue, NW
Room 1225
Washington DC 20001

two different cases

Re: Request to intervene in Index: 09-CV-01656-RMC Deutsche Bank National Trust Company vs FDIC, in its capacity as Receiver of Washington Mutual Bank to consolidate with Louis Diez's action 09-CV-02390(JS)(WDW)

Dear Judge Collyer:

Kindly accept this correspondence to allow me, acting as a Pro Se litigator, to intervene in case number 09-CV-01656-RMC in order to consolidate this case with my already filed case 09-CV-02390(JS) (WDW) at US District Court, Eastern District of New York located at Central Islip, NY 11722. Kindly review the attached documentation and advise accordingly. I, Louis Diez, will be amending my initial summons and complaint to include portions of DnB vs FDIC allegation and filing a separate motion to intervene / consolidate all pending cases at US District Court, Eastern District of New York located at Central Islip, NY 11722. I would appreciate contact information for all parties to case number: 09-CV-01656-RMC so they can be served properly.

This is the second time I have sent this correspondence to your attention as no case caption was included on the first dispatch thus the mail was returned.

According to CPLR 602(a):
"When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

CPLR 602(b) further provides:
"Where an action is pending in the Supreme Court it may, upon motion, remove itself an action pending in another court and consolidate it or have it tried together with that in the Supreme Court..."

If your office needs more information or separate documentation from Louis Diez, Pro Se, kindly revert back via either mail to: Louis Diez, 138 Morris Drive, East Meadow, NY 11554; or email to: louisdiez@hotmail.com

Thank you. Awaiting eagerly for confirmation of your receipt and acknowledgement to my requests.

Best Regards,

Louis Diez
516-644-5636

cc: Pro Se office



June 30, 2010

Magistrate Judge Collyer
U.S. District Court Clerk's Office
333 Constitution Avenue, NW
Room 1225
Washington DC 20001



Re: Request to intervene in Index: 09-CV-01656-RMC  Deutsche Bank National Trust Company vs FDIC, in its capacity as Receiver of Washington Mutual Bank to consolidate with Louis Diez's action 09-CV-02390(JS)(WDW)

Dear Judge Collyer:

Kindly accept this correspondence to allow me, acting as a Pro Se litigator, to intervene in case number 09-CV-01656-RMC in order to consolidate this case with my already filed case 09-CV-02390(JS) (WDW) at US District Court, Eastern District of New York located at Central Islip, NY 11722. Kindly review the attached documentation and advise accordingly. I, Louis Diez, will be amending my initial summons and complaint to include portions of DnB vs FDIC allegation and filing a separate motion to intervene / consolidate all pending cases at US District Court, Eastern District of New York located at Central Islip, NY 11722. I would appreciate contact information for all parties to case number: 09-CV-01656-RMC so they can be served properly.

This is the second time I have sent this correspondence to your attention as no case caption was included on the first dispatch thus the mail was returned.

According to CPLR 602(a):
"When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

CPLR 602(b) further provides:
"Where an action is pending in the Supreme Court it may, upon motion, remove itself an action pending in another court and consolidate it or have it tried together with that in the Supreme Court..."

If your office needs more information or separate documentation from Louis Diez, Pro Se, kindly revert back via either mail to: Louis Diez, 138 Morris Drive, East Meadow, NY 11554; or email to: louisdiez@hotmail.com

Thank you. Awaiting eagerly for confirmation of your receipt and acknowledgement to my requests.

Best Regards,

*[signature]*

Louis Diez
516-644-5636

cc: Pro Se Office

June 30, 2010

Magistrate Judge Collyer
U.S. District Court Clerk's Office
333 Constitution Avenue, NW
Room 1225
Washington DC 20001


*no different case*

Re: Request to intervene in Index: 09-CV-00533-RMC Washington Mutual, Inc, et.al. vs FDIC, et.al. to consolidate with Louis Diez's action 09-CV-02390(JS)(WDW)

Dear Judge Collyer:

Kindly accept this correspondence to allow me, acting as a Pro Se litigator, to intervene in case number 09-CV-00533-RMC in order to consolidate this case with my already filed case 09-CV-02390(JS) (WDW) at US District Court, Eastern District of New York located at Central Islip, NY 11722. Kindly review the attached documentation and advise accordingly. I, Louis Diez, will be amending my initial summons and complaint to include portions of Washington Mutual vs FDIC allegation and filing a separate motion to intervene / consolidate all pending cases at US District Court, Eastern District of New York located at Central Islip, NY 11722. I would appreciate contact information for all parties to case number: 09-CV-00533-RMC so they can be served properly. Ironically, Washington Mutual was posted as co-defendant to Deutsche Bank's foreclosure action against Louis Diez.

This is the second time I have sent this correspondence to your attention as no case caption was included on the first dispatch thus the mail was returned.

According to CPLR 602(a):
"When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

CPLR 602(b) further provides:
"Where an action is pending in the Supreme Court it may, upon motion, remove itself an action pending in another court and consolidate it or have it tried together with that in the Supreme Court..."

If your office needs more information or separate documentation from Louis Diez, Pro Se, kindly revert back via either mail to: Louis Diez, 138 Morris Drive, East Meadow, NY 11554; or email to: louisdiez@hotmail.com

Thank you. Awaiting eagerly for confirmation of your receipt and acknowledgement to my requests.

Best Regards,

*[signature]*

Louis Diez
516-644-5636

cc: Pro Se office


(#2)

June 30, 2010

Magistrate Judge Collyer
U.S. District Court Clerk's Office
333 Constitution Avenue, NW
Room 1225
Washington DC 20001


two different cases

Re: Request to intervene in Index: 09-CV-00533-RMC Washington Mutual, Inc, et.al. vs FDIC, et.al. to consolidate with Louis Diez's action 09-CV-02390(JS)(WDW)

Dear Judge Collyer:

Kindly accept this correspondence to allow me, acting as a Pro Se litigator, to intervene in case number 09-CV-00533-RMC in order to consolidate this case with my already filed case 09-CV-02390(JS) (WDW) at US District Court, Eastern District of New York located at Central Islip, NY 11722. Kindly review the attached documentation and advise accordingly. I, Louis Diez, will be amending my initial summons and complaint to include portions of Washington Mutual vs FDIC allegation and filing a separate motion to intervene / consolidate all pending cases at US District Court, Eastern District of New York located at Central Islip, NY 11722. I would appreciate contact information for all parties to case number: 09-CV-00533-RMC so they can be served properly. Ironically, Washington Mutual was posted as co-defendant to Deutsche Bank's foreclosure action against Louis Diez.

This is the second time I have sent this correspondence to your attention as no case caption was included on the first dispatch thus the mail was returned.

According to CPLR 602(a):
"When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

CPLR 602(b) further provides:
"Where an action is pending in the Supreme Court it may, upon motion, remove itself an action pending in another court and consolidate it or have it tried together with that in the Supreme Court..."

If your office needs more information or separate documentation from Louis Diez, Pro Se, kindly revert back via either mail to: Louis Diez, 138 Morris Drive, East Meadow, NY 11554; or email to: louisdiez@hotmail.com

Thank you. Awaiting eagerly for confirmation of your receipt and acknowledgement to my requests.

Best Regards,

Louis Diez
516-644-5636

cc: Pro Se Office

June 6, 2010

Magistrate Judge William D. Wall
United States District Court Magistrate Judge
United States District Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

Re: Case No. 09-CV-02390(JS) (WDW)                    Poor man's docket
    <u>Diez vs Washington Mutual Bank</u>

Dear Judge Wall,

    I, the Pro Se plaintiff, Louis Diez, am once again seeking your consent to amend my complaint in the above referenced matter by, (including but not limited to), adding additional defendants, adding additional facts, and potentially making amendments and/or additions to my complaint as Plaintiff. I, the Pro Se litigant, was completely unaware of FDIC's role in the takeover of Washington Mutual which was brought to my attention by the legal counsel of defendant, JP Morgan Chase, N.A. s/h/a, Washington Mutual Bank (in the process of becoming JPMorgan Chase, N.A.) ("Chase" or "defendant").

    My case was adjourned until ~~June~~ July 22, 2010 so I could amend the complaint for the opposition to "review and approve". If the defendant did consent to the new contents of the revised complaint, then I, as the Plaintiff, would need time to serve the newly named defendants.

    Unfortunately, I, as the Pro Se litigant Plaintiff, have to seek your consent again for another extension of time on this case since I have been hospitalized and have no access to a computer, law library, or the like. I have been hospitalized for several weeks and the doctors refuse to provide a date or plan of discharge. In stating these facts, I would like to request the court for a motion to stay on case No. 09—CV-02390 in this court. A great deal of information for my arguments has been found but I need time to properly apply them in my amended complaint. If the court needs a typed "Motion to Stay" document, I will gladly submit the required document after my discharge, for the court's filing records.

    Before being hospitalized, the Plaintiff received a "Bar Claims Date Application" (or similar named document) from the FDIC to fill out for their review. It is the FDIC's policy and procedures to be able to review and investigate this internal application before being joined into a lawsuit. Their timeframe is normally 180 days whereas the plaintiff cannot file a lawsuit beforehand or the case would automatically be annulled or denied, for not following the FDIC's strict policy.

    In addition, there are three (3) pending cases which I, Pro Se litigant, would like to transfer from different courts to consolidate with this case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure permitting "a court to consolidate actions pending before it if those actions involve "a

common question of law or fact." That standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 Moore's Federal Practice §42.10[1] [a], at 42.9 (3d ED. 1998). District courts have broad discretion to consolidate actions that satisfy this expansive standard if, under the circumstances, such consolidation will serve the interests of justice. See, e.g., In re *Air Crash Disaster at Stapleton Int'l Airport, 720 F. Supp. 1505,1513 CD. Colo. 1989)*. Consolidation is unquestionably appropriate in this instance. Consolidation will achieve substantial efficiencies and savings without sacrificing fairness.

1. The First pending case is still waiting for a judge to be appointed by the Plaintiff at State of New York Supreme Court.: County of Nassau. The summons was filed on 2/18/10 under index no 3296/10. The Plaintiff is Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-WL2 (7255 Baymeadows Way, Jacksonville, Fl 32256) who has filed against Defendants Louis Diez, Washington Mutual Bank Successor by merger to Long Beach Mortgage Company, John Doe (Said name being fictitious, It being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, If any, having or claiming an interest or lien upon the mortgaged premises.)

    The Plaintiff's lawyer's firm is located at the following location: Ms. LaRissia Johnson, Paralegal for Nassau County for Steven J. Baum, P.C., 900 Merchants Concourse, Suite 116, Westbury, NY, 11590. Telephone #: (716) 650-2225  Fax #: (716) 650-2325.

2. The second pending case has been stayed in the United States District Court for the District of Columbia until June 17, 2010 to allow parties to engage in settlement discussions. The judge is Judge Cullyer and the index is: 09-CV-01656-RMC filed on 10/24/2009. The Plaintiff is Deutsche Bank National Trust Company (listed under a different address from Louis Diez's foreclosure action: 300 South Grand Avenue, Suite 3950, Los Angeles, California 90071-3175) who is suing the defendant for, including but not limited to, breach of contract. The defendant to this action is the Federal Deposit Insurance Corporation, in its capacity as Receiver of Washington Mutual Bank (located at 550 17th Street, N.W., Washington, DC 20429). Louis Diez, the Pro Se litigant to index no.: 09-CV-02390(JS), requests to intervene in the District of Columbia action (09-CV-01656-RMC) to consolidate with his case in New York as a Plaintiff to the two parties who are discussing a possible settlement to show how both parties were acting unlawfully for many securitized pools of mortgages where Louis Diez has an interest and possible investment. (Reference Case 1:09-CV-01656-RMC, Document 1-2, filed 08/26/2009, pg 20 of 25)

    "Exhibit A-1 to proof of claim of Deutsche Bank National Trust Company" shows where Louis Diez's note and mortgage in default is listed under "Issue ID: LB06W2 Long Beach Mortgage Loan Trust 2006-WL2" " Agreement date: 01/01/06")

    The claim for relief by Deutsche Bank National Trust Company (along with "proof of claim") constitutes multiple breaches of contract by WMB (Washington Mutual Bank), including but

not limited to, breaches of the Governing Agreements. The claim for relief is for breach of contract against FDIC as Receiver of WMB. Louis Diez, Pro Se litigant, will use this case in District of Columbia to show willingful misconduct, fraud on the court, knowingly violating the laws/rules/regulations, etc. of the financial intermediaries associated to Louis Diez's note and mortgage which is being foreclosed upon illegally.

(Clerk's office mailing address) U.S. District Court Clerk's Office, 333 Constitution Avenue, NW, Room 1225, Washington, DC 20001.

Louis Diez had already left two voicemails at the U.S. District Court Clerk's voicemail box for the District of Columbia to indicate his wants to intervene on case 09-CV-01656-RMC as a Plaintiff against the two parties of interest where Louis Diez request to consolidate and transfer to join his case in Federal Court at Central Islip, New York.

3. The last pending case has been stayed pending further order of the Court. The parties have to submit joint status reports every 120 days, with the first due May 7, 2010, updating the Court on the progress and status of the bankruptcy case. Louis Diez, the Plaintiff to Index #: 09-CV-02390(JS) would like to intervene in civil action no. 09-CV-00533-RMC whereas the Plaintiff to said action is Washington Mutual, Inc, et.al.,(co-defendant in foreclosure case: 3296/10 in State of New York Supreme Court: County of Nassau) and the defendants are Federal Deposit Insurance Corporation, et al.,.

"This complain effectively alleges that the FDIC, as Receiver or WMB, purported to sell certain assets to J.P. Morgan Chase ("JPM") but such assets (including Louis Diez's note and mortgage obligation in default as part of unbeknownst securitized pool of mortgages) belonged to plaintiff, not to WMB, and that the FDIC, owes plaintiffs billions of dollars in compensation." (Reference case 1:09-CV-00533-RMC. Document 66 filed 10/05/2009 page 1 of 6)."

"A party wishing to intervene also must demonstrate that it has standing under Article III of the Constitution. *Fund for Animals, Inc. v. Norton, 322 F. 3d 728, 731-32 (D.C. Cir. 2003).* "To establish standing under Article III, a prospective intervenor – like any party – must show: (1) injury-in-fact, (2) causation, and (3) redressability." Id. at 732-33. The injury alleged must imminent; it cannot be merely hypothetical or speculative. *See Nat'l Treasury Employees Union v. United States, 101 F.3d 1423, 1427 (D.C. Cir. 1996).*

Index 09-CV-00533-RMC is being stayed at the United States District Court for the District of Columbia : (Clerk's office mailing address) U.S. District Court Clerk's Office, 333 Constitution Avenue, NW, Room 1225, Washington, DC 20001.

For the reasons set forth below, the Court finds that Louis Diez is entitled to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) since Louis Diez has an interest in the property or transaction which is one of the subjects of the action.

"**FACTUAL ALLEGATIONS** (09-CV000533-RMC; Document 26)

8.   Following its appointment, the FDIC-Receiver sold substantially all of the assets of WMB to JPMC pursuant to the P&A Agreement. Certain of the Counterclaims asserted herein may relate to assets that have been sold to JPMC under the P&A Agreement. Nothing herein should be construed as reflecting the FDIC-Receiver's interpretation of the P&A Agreement, including without limitation the assets or rights related to claims that may have been sold, or that JPMC may claim to have been sold, pursuant to the P&A Agreement.

9.   The FDIC-Receiver established December 30, 2008 as the bar date for filling claims against the WMB receivership. On that date, WMI and certain of its subsidiaries filed a proof of claim with the FDIC-Receiver. By letter dated January 23, 2009, the FDIC-Receiver timely disallowed all of these receivership claims for a variety of reasons. On March 20, 2009, the plaintiff WMI and WMI Investment Corp. filed their complaint in this action.

**Count III**

**(Trust Preferred Securities-Declaratory Relief)**

20.   In or around February 2006, Washington Mutual Preferred Funding LLC ('WMPF"), a Delaware limited liability company, was formed as an indirect subsidiary of WMB to facilitate core capital financing transactions for WMB through the issuance of "trust" preferred securities to investors by certain special purpose entities ("SPEs"). WMPF's assets were limited to direct-or indirect interests in mortgages or mortgages or mortgage-related assets, cash and other permitted assets. These assets were held in certain Delaware statutory trusts. WMPF issued preferred securities, which were held by and were the sole asset of the SPEs and which were senior priority to the common stock in WMPF, which was held indirectly by WMB."

Kindly reference: http://www.reuters.com/assets/print?aid-USN2423546720090625

# UPDATE 1-DELAWARE judge keeps control of WAMU-JPMORGAN rift

Wed, Jun 24 2009

http://www.reuters.com/assets/print?aid=USTRE52K1K620090321

# Washington Mutual sues FDIC for over $13 billion

Sat, Mar 21 2009

http://www.ghostofwamu.com/

# Washington Mutual Inc vs. JPMorgan Chase and the FDIC

http://www.prlog.org/10211217-evidence-of-improper-governmental-seizure-exposed-in-the-washington-mutual-wamuq-bank-seizure-case.html

# Evidence of improper governmental seizure exposed in the Washington Mutual (WAMUQ) bank seizure case

*Apr 03, 2009*

In conclusion, Louis Diez, the Pro Se litigant to index no.: 09-CV-0230(JS) is seeking the Court's consent for a motion to intervene, a motion to stay, transfer and consolidation of other cases pending in other courts whereas the actions involve a common question of law and facts, and an amendment of the initial complain in the court. Louis Diez is presently hospitalized due to the duress (emotional, mental, financial and economic) of the foreclosure action which has affected his personal, family and career life.

Please find the attached letter from the Hospital. Louis Diez mother is typing what Louis Diez can place on paper from memory and loose notes.

Awaiting for your earliest response. Thank you for your time and consideration in this urgent and unforeseen matter. Would Mr. Robert C. Heinemann be able to send consolidation memorandum to the appropriate Courts or a "Motion to intervene and stay" until I get discharged from the hospital?

Best Regards,

*[signature]*

Louis Diez
516-644-5636

CC: Justin F. Capuano
Steven, J. Baum,P.C., Attorney at Law
United States District Court for
The District of Columbia's clerk's office
Catherine Vukovich,Pro Se Office Paralegal
Mr. Robert C. Heinemann, Clerk

**NuHealth** **Nassau University Medical Center**

A. Holly Patterson Extended Care Facility
Family Health Centers

6/3/10

MR 1590457H   SER 1406882
DIEZ, LUIS
DOB 11/28/1963   M H

To whom it may concern

Luis Diez was admitted to Nassau University Medical Center on 5/28/10 and his discharge date is not determined at this time

Shaji George LCSW
572522c

North Shore LIJ