# EXHIBIT D

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 25, 2010

Via Federal Express and email

Robin A. Henry,
 Boies, Schiller & Flexner LLP,
  333 Main Street,
   Armonk, New York 10504.

Re:   Deutsche Bank National Trust Company

Dear Robin:

On behalf of JPMorgan Chase Bank, N.A. ("JPMC"), I write with reference to your letter of August 16, 2010, regarding "repurchase obligations" you assert JPMC bears to your client Deutsche Bank National Trust Company ("DBNTC") as a result of JPMC's purchase of the assets, deposits and certain liabilities of Washington Mutual Bank.

As you are aware, JPMC acquired *only* liabilities "reflected on the Books and Records of the Failed Bank as of Bank Closing" and *only* if and to the extent they had a "Book Value." Sept. 25, 2008 Purchase and Assumption Agreement. All other liabilities of Washington Mutual Bank, including the DBNTC liabilities, remain with the Federal Deposit Insurance Corporation as receiver for the failed bank (the "FDIC-R"). DBNTC may only recover for those liabilities to the extent it is successful in its current litigation against the FDIC-R before the U.S. District Court for the District of Columbia. DBNTC may not recover anything from JPMC for liabilities that remain with the FDIC-R.

Nonetheless, we understand that despite this clear contractual limitation on JPMC's assumption of liabilities, DBNTC is considering bringing claims against JPMC related to the pending litigation. JPMC will take appropriate steps to investigate and respond to any valid demand for repurchase of loans for which it is responsible. However, even if these were repurchase obligations of JPMC, your letter does not provide JPMC sufficient information or notice to begin that process. Though your letter

Robin A. Henry -2-

purports to constitute a repurchase demand, you fail to specify any of the following, all of which are necessary to state a valid demand for repurchase:

- each loan as to which you believe repurchase is required;
- as to each such loan, the particular representation or warranty that you allege to have been breached (specifying the provision of the governing agreement that contains that representation or warranty);
- as to each such alleged breach, the facts that support your allegation of a breach; and
- as to each such alleged breach, the facts that demonstrate that the purported breach of representations or warranties is material and adverse.

Rather than specifying this information as is required of the Trustee, so that JPMC could, were it so obligated, undertake a review to determine whether repurchase of any particular loan is in fact warranted, your letter makes a blanket demand for repurchase of "any and all loans that do not conform to the representations and warranties set forth in those Agreements, including but not limited to" certain categories of representations and warranties that you reference. Moreover, your letter treats each of the 159 transactions you identify as identical, suggesting that each includes the same categories of representations and warranties you reference. In fact, each transaction is controlled by its own set of governing agreements, and simply based on the allegations in the complaint DBNTC has filed against the FDIC-R some transactions may not even include rep and warrant provisions. Absent the information specified above, it is impossible for JPMC to determine which loans you believe are subject to repurchase or to determine the validity of your claim with reference to the actual governing agreements and the facts regarding each such loan.

It is DBNTC's duty to identify specific loans it believes are subject to repurchase. Yet your letter does not actually state that *any* loan, whether identified or not, is in fact subject to an extant repurchase obligation; rather, it merely asserts that JPMC must repurchase any loan that is subject to such an obligation. This non-specific blanket demand is insufficient to put JPMC on notice of any particular purported repurchase obligation as to any particular loan or to relieve DBNTC of its notice obligations under the agreements.

You also assert that JPMC has breached unspecified "contractual obligation[s]" regarding loan files and loan data. Again, the blanket nature of your allegation makes it impossible to determine what purported "contractual obligation[s]" you are referencing and is insufficient to put JPMC on notice of any particular purported breach. Finally, because of the vagueness and lack of specificity in your letter's allegations regarding JPMC's purported obligations and breaches thereof, JPMC lacks sufficient information regarding your allegations to address or refute them on an

Robin A. Henry                                                                                          -3-

individualized basis, and JPMC therefore notes that it does not agree with or concede the validity of your characterizations of JPMC's purported obligations. In particular, JPMC does not concede that you have correctly stated any obligation imposed by any of the various governing agreements. Nor does JPMC concede that your allegations of breaches are timely asserted. More generally, nothing stated or omitted in this letter constitutes a waiver of any of JPMC's rights or an admission or concession regarding the meaning or applicability of any governing agreement or any term thereof, and JPMC specifically reserves the right to raise other arguments, objections, claims, or defenses to the assertions in your letter or in any action relating to those assertions.

        We remain available to discuss this matter at your convenience.

                                  Sincerely,

                                  Stacey R. Friedman

cc:    Tal Franklin
       (Talcott Franklin P.C.)