UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Trusts listed in Exhibits 1-A and 1-B,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Washington Mutual Bank; JPMORGAN CHASE BANK, National Association; and WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION,<br><br>　　　　　Defendants. | Case No. 1:09-cv-1656 (RMC) |

## ANSWER OF JPMORGAN CHASE BANK, N.A. AND
## WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Washington Mutual Mortgage

Securities Corporation ("WMMSC"; collectively with JPMC, "Defendants"), by and through

their undersigned counsel, for their Answer to the Amended Complaint dated September 8, 2010

(the "Amended Complaint"), hereby respond as follows:

### PARTIES

1.　　　The first sentence of Paragraph 1 consists of legal assertions as to which no

response is required.  To the extent a response is required, upon information and belief,

Defendants admit the allegations of the first sentence of Paragraph 1.  Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations of the

second sentence of Paragraph 1.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that Deutsche Bank National Trust Company ("DBNTC") serves "in various other related capacities," and they refer the Court to the documents referenced for a complete and accurate description of their content, and otherwise deny any allegations or implications inconsistent with these documents, the terms of which speak for themselves. Defendants deny that "WMB" can properly be defined to include "its subsidiaries, their predecessors-in-interest and their affiliates, including Washington Mutual Mortgage Securities Corporation." Defendants will use the term WMB to refer exclusively to Washington Mutual Bank throughout the remainder of this Answer. Defendants otherwise admit the allegations of Paragraph 2.

3.      The first and second sentences of Paragraph 3 consist of legal assertions as to which no response is required. To the extent a response is required, Defendants admit that DBNTC serves as trustee for certain trusts and otherwise deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations, except refer the Court to the documents referenced for a complete and accurate description of their contents and deny any allegations or implications inconsistent with these documents, the terms of which speak for themselves. Defendants admit the allegations of the last sentence of Paragraph 3.

4.      WMMSC admits, and JPMC denies knowledge or information sufficient to form a belief as to the truth of, the allegations of the first two sentences of Paragraph 4. Defendants admit the allegations of the third sentence of Paragraph 4.

5.      Paragraph 5 consists of legal assertions as to which no response is required. To the extent a response is required, Defendants admit that DBNTC purports to bring this action on

behalf of the Trusts (as defined in Paragraph 3) and the investors in the Trusts, but deny

knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

6.     Paragraph 6 consists of legal assertions as to which no response is required.  To

the extent a response is required, Defendants admit that DBNTC purports to bring this action

pursuant to Federal Rule of Civil Procedure 17(a)(1)(E) and refer the Court to the Trust

documents for a complete and accurate description of their terms, and otherwise deny any

allegations or implications inconsistent with these documents, the terms of which speak for

themselves.

7.     The first sentence of Paragraph 7 consists of legal assertions as to which no

response is required.  To the extent a response is required, Defendants admit the allegations of

the first sentence of Paragraph 7.  Defendants admit the allegations of the second and third

sentences of Paragraph 7.

8.     Defendants admit that JPMC is a national banking association with its home

office in Columbus, Ohio, and a place of business in Washington, D.C., and that JPMC is a

wholly owned subsidiary of JPMorgan Chase & Co.  Defendants admit that WMMSC is

currently a wholly owned subsidiary of JPMC.  Defendants otherwise deny the allegations of

Paragraph 8.

9.     Defendants admit the allegations of Paragraph 9.

10.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of the first sentence of Paragraph 10.  Defendants admit the allegations of

the second sentence of Paragraph 10.

11.     The first sentence of Paragraph 11 consists of legal assertions as to which no

response is required.  To the extent a response is required, Defendants respectfully refer the

Court to the Purchase and Assumption Agreement ("PAA") for a complete and accurate description of its contents and deny all allegations inconsistent therewith.  JPMC denies that it agreed to "assume substantially all of [WMB's] liabilities (including WMMSC)" and avers that it assumed only those liabilities listed on the "Books and Records" of WMB at a "Book Value" as of WMB's closing, as set forth in the PAA.  JPMC otherwise admits the allegations of the second and third sentences of Paragraph 11, and WMMSC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 11.

12.     JPMC denies the allegations of Paragraph 12.  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13.     Defendants admit the allegations of the first and third sentences of Paragraph 13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 13.  Defendants admit that DBNTC purports to bring this action against WMB and its successors or successors-in-interest and avers that courts have already held, in litigation involving the Federal Deposit Insurance Corporation ("FDIC"), that JPMC cannot be held liable as successor-in-interest to WMB for claims based on acts or omissions of WMB.  JPMC otherwise denies, and WMMSC otherwise denies knowledge or information sufficient to form a belief as to the truth of, all other allegations or implications in the Complaint inconsistent with the corporate separateness of any entities.

### THE PROOF OF CLAIM AND ORIGINAL COMPLAINT

14.     Paragraph 14 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and refer the Court to the documents referenced for a complete and accurate description of their contents and otherwise deny any

allegations or implications inconsistent with these documents, the terms of which speak for themselves.

15.    Paragraph 15 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.    Paragraph 16 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.    Paragraph 18 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.    Paragraph 19 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

## JURISDICTION AND VENUE

20.    Paragraph 20 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants admit the allegations of Paragraph 20.

21.    Paragraph 21 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter pursuant to 12 U.S.C. §§ 1819(b)(2)(A) and 1821(d)(6) and 28 U.S.C. § 1331.  JPMC otherwise denies, and WMMSC otherwise denies knowledge or information sufficient to form a belief as to the truth of, the allegations of Paragraph 21.

22.     Paragraph 22 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants admit the allegations of Paragraph 22.

23.     Paragraph 23 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants admit the allegations of Paragraph 23.

24.     Paragraph 24 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants admit the allegations of Paragraph 24.

## BACKGROUND

### A.     The Trusts

25.     Upon information and belief, Defendants admit that various subsidiaries of WMB "sponsored and/or otherwise participated in the issuance of mortgage-backed securities pursuant to which" one or more subsidiaries of WMB issued or sold securities backed by residential mortgage loans.  Defendants otherwise deny the allegations of Paragraph 25.

26.     Paragraph 26 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants admit the allegations of Paragraph 26.

27.     Defendants admit that the securitization of residential mortgages was a common practice until roughly the middle of 2007.  Defendants deny present knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 27.  Defendants otherwise deny the allegations contained in Paragraph 27.

28.     Defendants admit that Paragraph 28 is an accurate general description of residential mortgage-backed securities ("RMBS") in the abstract, but deny that the documents governing the RMBS at issue here (the "Governing Documents") are uniform or that this description necessarily applies to any particular RMBS at issue in this case.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description

of their contents.  Defendants otherwise deny any allegations or implications inconsistent with

the Governing Documents, the terms of which speak for themselves.

**B.**      **WaMu's Contractual Obligations**

     **(1)**      **The Governing Documents for the Trusts**

29.      Defendants deny that the securitization documents governing RMBS transactions

are sufficiently uniform to support the generalizations contained in Paragraph 29.  Defendants

respectfully refer the Court to the Governing Documents for a complete and accurate description

of their contents.  Defendants otherwise deny any allegations or implications inconsistent with

the Governing Documents, the terms of which speak for themselves.

30.      Defendants admit that DBNTC purports to have attached the pooling and

servicing agreements ("PSAs") and mortgage loan purchase agreements ("MLPAs") for the

Primary Trusts and the relevant agreements for the Secondary Trusts.  Defendants deny that the

Governing Documents are sufficiently uniform to support the generalizations contained in

Paragraph 30.  Defendants respectfully refer the Court to the Governing Documents for a

complete and accurate description of their contents.  Defendants otherwise deny any allegations

or implications inconsistent with the Governing Documents, the terms of which speak for

themselves.

31.      Paragraph 31 consists of legal assertions as to which no response is required.  To

the extent a response is required, Defendants deny the allegations of Paragraph 31.

32.      Paragraph 32 consists of legal assertions as to which no response is required.  To

the extent a response is required, Defendants deny the allegations of Paragraph 32.

33.      Paragraph 33 consists of legal assertions as to which no response is required.  To

the extent a response is required, Defendants deny the allegations of Paragraph 33.

34.     Paragraph 34 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 34.

35.     Paragraph 35 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants admit the allegations of Paragraph 35.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.     Paragraph 37 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.     JPMC respectfully refers the Court to the PAA for a complete and accurate description of its contents.  JPMC otherwise denies any allegations or implications inconsistent with the PAA, the terms of which speak for themselves.  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.     Paragraph 39 consists of legal assertions as to which no response is required.  To the extent a response is required, JPMC denies, and WMMSC denies knowledge or information sufficient to form a belief as to the truth of, the allegations of Paragraph 39.

40.     Paragraph 40 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.  Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

41.     Paragraph 41 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.     With respect to Subparagraphs 42(a) to 42(c), Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents, and Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.  Subparagraphs 42(d) and 42(e) consist of legal assertions as to which no response is required.  To the extent a response is required, JPMC denies, and WMMSC denies knowledge or information sufficient to form a belief as to whether, the Governing Documents constitute official books and records of WMB or "WaMu," as the term "Books and Records" is used in the PAA.

43.     Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 43.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.  Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding possession of documents by DBNTC, or other parties acting on behalf of the Trusts, and they therefore deny the allegations of Paragraph 44.

**(2)     WaMu's Representations and Warranties**

45.     Defendants admit that WMB and/or some entities that were affiliated with WMB made certain representations and warranties.  Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 45.  Defendants

respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.  Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

46.      Defendants admit that Section 6 of the MLPA for the Long Beach Mortgage Loan Trust, Series 2006-2 contains the language set forth in Paragraph 46 and refers the Court to the entire MLPA for a complete statement of its terms.  Defendants otherwise deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 46.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

47.      Defendants admit that DBNTC purports to attach the documents described in Paragraph 47.  Defendants deny the accuracy of Exhibit 6 (*e.g*., the allegation that § 6(xxxviii) of the MLPA for the LB0602 Trust corresponds to § 6(xxviii) of the same MLPA).  Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 47.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.  Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

48.      Defendants deny the allegations of Paragraph 48 and aver that JPMC possesses loan-level origination and servicing records pursuant to the PAA and that WMMSC possesses master servicing records related to certain of the Trusts.

(3)      **WaMu's Notice Obligation**

49.      Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 49.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.  Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

50.      Defendants deny that the quoted excerpt is a full and complete description of the provision at issue and deny that the quoted language is an "example" of all other RMBS at issue here.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.  Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

51.      Defendants deny that the quoted excerpt is a full and complete description of the provision at issue and deny that the quoted language is an example of all other RMBS at issue here.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.  Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

52.      Defendants admit that DBNTC attached to its Amended Complaint as Exhibit 7 a chart that purports to indicate the contractual provisions in the Governing Documents for each of the Primary Trusts setting forth Notice Obligations with respect to each Primary Trust. Defendants deny that the contractual provisions are uniform across the Governing Documents, deny the accuracy of the chart, and aver that the chart's inaccuracies include, for example, misrepresentations with respect to the "Notice Obligation" for nearly every Long Beach Trust. Defendants otherwise deny the allegations of Paragraph 52.  Defendants respectfully refer the

Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

**(4)      WaMu's Repurchase Obligation**

53.      Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 53.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.  Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

54.      Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 54.  Defendants deny that the quoted excerpt is a full and complete description of the provision at issue.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

55.      Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 55.  Defendants deny that the quoted excerpt is a full and complete description of the provision at issue.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

56.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 regarding factors that are "especially important," deny

that the assertion that certain factors "could" have certain effects is a non-hypothetical statement of fact susceptible to admission or denial, and deny that it is true as a general matter. Defendants otherwise deny the allegations of Paragraph 56.

57. Defendants admit that DBNTC attached to its Amended Complaint as Exhibit 7 a chart that purports to indicate the contractual provisions in the Governing Documents for each of the Primary Trusts setting forth Repurchase Obligations with respect to each Primary Trust. Defendants deny that the contractual provisions are uniform across the Governing Documents and deny that the chart is accurate. Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

### (5)    The Trustee's Access and Indemnification Rights

58. Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 58. Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

59. Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 59. Defendants deny that the quoted excerpt is a full and complete description of the provision at issue. Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

60.     Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 60.  Defendants deny that the quoted excerpt is a full and complete description of the provision at issue.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

61.     Defendants admit that DBNTC and/or the Trusts have been subject to claims, including litigation claims, by borrowers.  Defendants deny knowledge or information sufficient to form a belief as to any damages suffered by DBNTC or the Trusts.  Defendants otherwise deny the allegations of Paragraph 61.

62.     Defendants admit that DBNTC attached to its Amended Complaint as Exhibit 7 a chart that purports to indicate the contractual provisions in the Governing Documents for each of the Primary Trusts setting forth Access Rights and Indemnification Rights with respect to each Primary Trust.  Defendants deny that the contractual provisions are uniform across the Governing Documents and deny that the chart is accurate.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

**(6)     WaMu's Servicing Obligations**

63.     Defendants deny that the Governing Documents are sufficiently uniform to support the generalizations contained in Paragraph 63.  Defendants deny that the quoted excerpt is a full and complete description of the provision at issue.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents.

14

Defendants otherwise deny any allegations or implications inconsistent with the Governing

Documents, the terms of which speak for themselves.

64.     Defendants respectfully refer the Court to the Governing Documents for a

complete and accurate description of their contents.  Defendants otherwise deny any allegations

or implications inconsistent with the Governing Documents, the terms of which speak for

themselves.

**C.     WaMu Breached the Representations and Warranties**

65.     Defendants deny the allegations in the first sentence of Paragraph 65, except they

admit that in April 2010, the United States Senate Subcommittee on Investigations (the "Senate

Subcommittee") held a hearing related to WMB.  Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 65

regarding the state of DBNTC's beliefs, deny that the limited record made public by the Senate

Subcommittee is complete and accurate, but nonetheless respectfully refer the Court to the public

record of the referenced Senate Subcommittee proceeding for a complete and accurate statement

of its contents.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants admit that the Senate Subcommittee examined certain of the topics

identified in the first sentence of Paragraph 67 but otherwise deny the allegations of that

sentence.  As to the remainder of Paragraph 67, Defendants deny that the limited record made

public by the Senate Subcommittee is complete and accurate but nonetheless respectfully refer

the Court to the public record of the referenced Senate Subcommittee proceeding for a complete

and accurate statement of its contents.  Defendants deny or deny knowledge or information

sufficient to form a belief as to the specific overlap between the securitizations at issue here and

the securitizations referenced in the Senate Subcommittee report.

68.     Defendants deny or deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 68.  Defendants deny that the limited record made public by the Senate Subcommittee and referenced here is complete and accurate but nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

69.     Defendants admit that DBNTC purports to quote from the Senate Subcommittee record, deny that the limited record made public by the Senate Subcommittee is complete and accurate, and nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents. Defendants specifically deny that the quoted language refers to any transaction or trust for which DBNTC is Trustee.

70.     Defendants admit that DBNTC purports to draw conclusions from the Senate Subcommittee record but deny those conclusions and that the limited record made public by the Senate Subcommittee is complete and accurate and suffices to support those conclusions. Defendants nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

### (1)     The Senate Subcommittee Findings

71.     Defendants admit that DBNTC purports to draw conclusions from the Senate Subcommittee record but deny those conclusions and that the limited record made public by the Senate Subcommittee is complete and accurate and suffices to support those conclusions. Defendants nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

72.     Defendants admit that DBNTC purports to draw conclusions from the Senate Subcommittee record but deny those conclusions and that the limited record made public by the

Senate Subcommittee is complete and accurate and suffices to support those conclusions. Defendants nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

73.     Paragraph 73 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73.  Defendants respectfully refer the Court to the Governing Documents for a complete and accurate description of their contents. Defendants otherwise deny any allegations or implications inconsistent with the Governing Documents, the terms of which speak for themselves.

74.     Paragraph 74 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and deny that the limited record made public by the Senate Subcommittee is complete and accurate.  Defendants nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

75.     Paragraph 75 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, except they admit that Paragraph 75 purports to quote the referenced document.  Defendants deny that the limited record made public by the Senate Subcommittee is complete and accurate but nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

17

(2)     **The Senate Record**

76.     Paragraph 76 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.  Defendants deny that the limited record made public by the Senate Subcommittee is complete and accurate but nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

77.     Paragraph 77 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, except they admit that Paragraph 77 purports to quote the referenced documents.  Defendants deny that the limited record made public by the Senate Subcommittee is complete and accurate but nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

78.     Paragraph 78 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, except they admit that Paragraph 78 purports to quote the referenced document.  Defendants deny that the limited record made public by the Senate Subcommittee is complete and accurate but nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

79.     Paragraph 79 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, except they admit that

Paragraph 79 purports to quote the referenced document.  Defendants deny that the limited record made public by the Senate Subcommittee is complete and accurate but nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

80.     Defendants deny the allegations of Paragraph 80, except they admit that some Trusts, like most RMBS originated prior to 2008, have experienced higher delinquencies since the collapse of the housing market in 2008 and that this rise in delinquencies has in some instances led to foreclosures, other servicing activity, and loss to Trusts.

**D.     WaMu's Breaches of the Governing Documents**

81.     Paragraph 81 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81.  Defendants deny that the limited record made public by the Senate Subcommittee is complete and accurate but nonetheless respectfully refer the Court to the public record of the referenced Senate Subcommittee proceeding for a complete and accurate statement of its contents.

82.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 82, which pertain to actions of "WaMu" prior to September 25, 2008.  Defendants deny the allegations of the second and third sentences of Paragraph 82 insofar as they relate to them, and they aver that DBNTC has never made a request for records that complies with the requirements of the Governing Documents except that it has represented to JPMC that it has sought access to 61 loan files.

83.     Defendants deny the allegations of Paragraph 83.

84.     Paragraph 84 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient

to form a belief as to the allegations set forth in Paragraph 84 to the extent they pertain to WMB and deny the allegations set forth in Paragraph 84 to the extent they pertain to JPMC or WMMSC.

85.     Defendants deny the allegations of Paragraph 85, except they deny knowledge or information sufficient to form a belief as to what DBNTC "estimates."

**E.     The FDIC's and JPMC's Contentions Regarding Successor Liability**

86.     JPMC respectfully refers the Court to the PAA for a complete and accurate description of its contents.  JPMC otherwise denies any allegations or implications inconsistent with the PAA, the terms of which speak for themselves.  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86.

87.     JPMC respectfully refers the Court to the PAA for a complete and accurate description of its contents.  JPMC otherwise denies any allegations or implications inconsistent with the PAA, the terms of which speak for themselves, except avers that Section 2.1 of the PAA limits the liabilities assumed by JPMC to those with "Book Value" and on WMB's "Books and Records" as of WMB's closing.  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87.

88.     JPMC denies the allegations of Paragraph 88, and WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, except they admit that DBNTC purports to quote from the FDIC's motion to dismiss in this action and respectfully refer the Court to the full docket for a complete and accurate description of the parties' submissions.

89.     JPMC denies the allegations of Paragraph 89, and WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, except they admit that DBNTC purports to quote the FDIC's motion to dismiss this action and

respectfully refer the Court to the docket for a complete and accurate description of the parties' submissions.

90.     JPMC admits the allegations of Paragraph 90.  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90.

91.     JPMC admits the allegations of Paragraph 91.  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91.

## CLAIMS FOR RELIEF

### Count I
### Breach of Contract

92.     Defendants incorporate their responses to Paragraphs 1-91 as if fully set forth herein.

93.     Paragraph 93 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny or deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 93.

94.     Paragraph 94 consists of legal assertions as to which no response is required.  To the extent a response is required, JPMC admits that FDIC is liable for any breaches of the Governing Documents by WMB and denies that JPMC is liable for any breaches of the Governing Documents by WMB.  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94.

95.     Paragraph 95 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 95.

96.     Paragraph 96 consists of legal assertions as to which no response is required.  To the extent a response is required, JPMC admits the allegations of Paragraph 96.  WMMSC denies

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96.

97.     Paragraph 97 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 97.

98.     Paragraph 98 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

100.    Paragraph 100 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 100.

101.    Paragraph 101 consists of legal assertions as to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 101.

## Count II
### Declaratory Judgment

102.    Defendants incorporate their responses to Paragraphs 1-101 as if fully set forth herein.

103.    JPMC denies the allegations of Paragraph 103, except it admits that the FDIC contends that, under the PAA and FIRREA, JPMC assumed from the FDIC as receiver all of WMB's liabilities and obligations "as seller, servicer, sponsor or in any other capacity under the Governing [Documents]."  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103.

104.    JPMC admits the allegation of Paragraph 104, except it denies the allegations of Paragraph 104 with respect to WMB's "mortgage servicing rights and obligations."  WMMSC

denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104.

105.    JPMC admits that a justiciable controversy exists as to the rights and obligations of the FDIC and JPMC, but denies that Paragraph 105 fully or accurately describes that controversy.  WMMSC denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105.

106.    Defendants admit that DBNTC purports to seek a declaratory judgment.  JPMC avers that JPMC is not WaMu's successor-in-interest and that JPMC did not acquire liabilities except those with "Book Value" and on WMB's "Books and Records" as of WMB's closing. WMMSC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106.

107.    Defendants deny all of the allegations of the Amended Complaint not specifically admitted above and that Plaintiff is entitled to any relief from JPMC or WMMSC as to the matters alleged in the Amended Complaint or the prayer for relief.

## AFFIRMATIVE DEFENSES

In further response to the Amended Complaint, upon information and belief and subject to further investigation and discovery, Defendants allege the following affirmative defenses without assuming any burden of proof that Defendants do not otherwise bear:

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff fails to state a claim against JPMC because any liability for Plaintiff's claims remained with the FDIC under the PAA.

### Third Affirmative Defense

Plaintiff is barred from seeking or obtaining some or all of the relief it seeks by the doctrines of waiver, estoppel, laches and/or acquiescence.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by applicable banking rules, regulations and statutes.

### Fifth Affirmative Defense

Defendants are entitled to a setoff, recoupment and/or offset from any recovery to which Plaintiff may be found to be entitled.

### Sixth Affirmative Defense

Plaintiff cannot be granted some or all of the relief it seeks because even if it were to prevail on the merits of its claims, the remedy it seeks is unavailable for its claims.

### Seventh Affirmative Defense

Plaintiff cannot be granted some or all of the relief it seeks because it failed to pursue its remedies under the Governing Documents.

### Eighth Affirmative Defense

Defendants are entitled to indemnification against any amounts awarded to any other party.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

### Tenth Affirmative Defense

Any alleged harm suffered by Plaintiff or the Trusts is the result of the conduct of third parties for which Defendants are not responsible.

### Eleventh Affirmative Defense

Any alleged harm suffered by Plaintiff or the Trusts was not directly or proximately caused by any conduct or act of Defendants or by any person or entity whose acts may be attributed to Defendants for any reason, including theories of successor liability.

### Twelfth Affirmative Defense

Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserve their right to amend their Answer and assert such defenses.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint on the merits, in its entirety and with prejudice, and awarding such additional relief as the Court may deem just and proper.

Dated: May 6, 2011
      Washington, D.C.

Robert A. Sacks (admitted *pro hac vice*)
Stacey R. Friedman (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Respectfully submitted,

    /s/ Brent J. McIntosh
Brent J. McIntosh (D.C. Bar No. 991470)
Henry C. Quillen (D.C. Bar No. 986686)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330

*Counsel for Defendants*
*JPMorgan Chase Bank, N.A. and*
*Washington Mutual Mortgage*
*Securities Corporation*