UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for the Trusts listed in
Exhibits 1-A and 1-B,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for Washington
Mutual Bank; JPMORGAN CHASE BANK,
National Association; and WASHINGTON
MUTUAL MORTGAGE SECURITIES
CORPORATION,

Defendants.

Case No.: 09-CV-1656-RMC

Hon. Rosemary M. Collyer

## FDIC-RECEIVER'S ANSWER TO AMENDED COMPLAINT

Defendant Federal Deposit Insurance Corporation, in its capacity as Receiver for

Washington Mutual Bank ("FDIC-Receiver"), answers the Amended Complaint of Plaintiff

Deutsche Bank National Trust Company ("DBNTC") as follows.[1]

PARTIES

1.      FDIC-Receiver admits the allegations in the first sentence of Paragraph 1 of the

Amended Complaint and lacks knowledge or information sufficient to form a belief about the

truth of the allegations in the second sentence of Paragraph 1.

---

1.  FDIC-Receiver notes that it uses certain defined terms as it has defined them in this Answer
    and objects to DBNTC's definitions in the Amended Complaint.  For example, in Paragraph
    13 of the Amended Complaint, DBNTC defines "WaMu" as Washington Mutual Bank, its
    subsidiaries and affiliates, Defendant JPMorgan Chase Bank, N.A. ("JPMC"), and FDIC-
    Receiver, which unnecessarily conflates distinct entities.

2.      FDIC-Receiver denies knowledge or information sufficient to form a belief as to the truth of the allegation that DBNTC serves "in various other related capacities," and refers to the documents cited in Paragraph 2 of the Amended Complaint for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver denies that "WMB" can properly be defined to include Washington Mutual Bank's "subsidiaries, their predecessors-in-interest and their affiliates, including Washington Mutual Mortgage Securities Corporation."  FDIC-Receiver will use the term "WaMu" to refer to Washington Mutual Bank in this Answer.  FDIC-Receiver otherwise admits the allegations of Paragraph 2.

3.      FDIC-Receiver admits that DBNTC serves as trustee for certain trusts and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of Paragraph 3 of the Amended Complaint.  FDIC-Receiver refers to the documents cited in Paragraph 3 for a complete and accurate description of their content, and denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver admits the allegations of the last sentence of Paragraph 3.

4.      FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Amended Complaint.

5.      FDIC-Receiver admits that DBNTC purports to bring this action on behalf of the Trusts (as defined in Paragraph 3) and the investors in the Trusts, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the Amended Complaint.

6.      FDIC-Receiver admits that DBNTC purports to bring this action pursuant to Rule 17(a)(1)(E) of the Federal Rules of Civil Procedure.  FDIC-Receiver refers to the Trust documents for a complete and accurate description of their terms, and denies any allegations or implications in Paragraph 6 of the Amended Complaint inconsistent with these documents, the terms of which speak for themselves.

7.      FDIC-Receiver admits the allegations in the first sentence of Paragraph 7 of the Amended Complaint.  FDIC-Receiver admits that the Federal Deposit Insurance Corporation ("FDIC") is appointed as receiver or conservator of banking institutions, as permitted by law, and that FDIC-Receiver has been appointed as receiver for WaMu.  FDIC-Receiver also admits that DBNTC purports to bring this action against FDIC-Receiver and not against FDIC in any other capacity.  FDIC-Receiver denies any remaining allegations in Paragraph 7 that are inconsistent with these admissions.

8.      FDIC-Receiver admits that JPMC is a national banking association with its home office in Columbus, Ohio, and a place of business in Washington, D.C., and that JPMC is a wholly owned subsidiary of JPMorgan Chase & Co.  FDIC-Receiver admits that WMMSC currently is a wholly owned subsidiary of JPMC.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Amended Complaint.

9.      FDIC-Receiver admits the allegations in Paragraph 9 of the Amended Complaint.

10.     FDIC-Receiver admits that WaMu had assets of $307 billion at the time it closed on September 25, 2008, and that the Office of Thrift Supervision, by Order Number 2008-36, appointed FDIC-Receiver as receiver for WaMu.  FDIC-Receiver denies any allegations of Paragraph 10 of the Amended Complaint that are inconsistent with that admission.

11.      FDIC-Receiver admits that JPMC, FDIC-Receiver, and FDIC in its Corporate

capacity entered into a Purchase and Assumption Agreement ("P&A Agreement") dated

September 25, 2008, under which JPMC acquired substantially all of the assets and substantially

all of the liabilities of WaMu (including WMMSC).  FDIC-Receiver does not understand what

DBNTC means when it alleges that the FDIC "facilitated" the P&A Agreement and on that basis

denies the allegations in the second sentence of Paragraph 11 of the Amended Complaint.  FDIC-

Receiver admits that P&A Agreement is attached as Exhibit 2, refers to the P&A Agreement for

a complete and accurate description of its terms, and denies any allegations or implications in the

Amended Complaint that are inconsistent with that document, the terms of which speak for

themselves.

12.      FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the content and scope of any due diligence conducted by JPMC in connection with its purchase

of WaMu as alleged in Paragraph 12 of the Amended Complaint.

13.      FDIC-Receiver admits the allegations in the first, second, and third sentences of

Paragraph 13 of the Amended Complaint.  FDIC-Receiver denies that "WaMu" can properly be

defined to include (1) Washington Mutual Bank's "subsidiaries, their predecessors-in-interest

and their affiliates, including Washington Mutual Mortgage Securities Corporation," as DBNTC

defines "WMB" in Paragraph 2; (2) JPMC; and (3) FDIC-Receiver.  FDIC-Receiver admits that

DBNTC purports to bring this action arising out of WaMu's liabilities against JPMC,

Washington Mutual Mortgage Securities Corporation ("WMMSC"), and FDIC-Receiver.  FDIC-

Receiver denies that it is WaMu's successor or successor-in-interest with respect to the liabilities

at issue in this case.

## THE PROOF OF CLAIM AND ORIGINAL COMPLAINT

14.     FDIC-Receiver admits the allegations in the first sentence of Paragraph 14 of the

Amended Complaint.  With respect to the second sentence, FDIC-Receiver refers to the Proof of

Claim for a complete and accurate description of its terms, and denies any allegations or

implications in Paragraph 14 inconsistent with that document, the terms of which speak for

themselves.

15.     FDIC-Receiver admits that DBNTC's Proof of Claim was deemed disallowed by

operation of law on June 28, 2009, namely 180 days after it was submitted on December 30,

2008, and denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16.     FDIC-Receiver admits that 12 U.S.C. § 1821(d)(5)(A)(iv) states that "If any claim

filed under clause [1821(d)(5)(A)](i) is disallowed, the notice to the claimant shall contain—

(I) a statement of each reason for the disallowance; and (II) the procedures available for

obtaining agency review of the determination to disallow the claim or judicial determination of

the claim," and denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17.     FDIC-Receiver admits that it did not issue a notice of disallowance to DBNTC, so

DBNTC's Proof of Claim was deemed disallowed by operation of law, and denies the remaining

allegations in Paragraph 17 of the Amended Complaint.

18.     FDIC-Receiver admits that the disallowance of DBNTC's Proof of Claim by

operation of law on June 28, 2009 permitted DBNTC to "file suit on such claim . . . in the district

or territorial court of the United States for the district within which the depository institution's

principal place of business is located or the United States District Court for the District of

Columbia (and such court shall have jurisdiction to hear such claim)" within 60 days pursuant to

12 U.S.C. § 1821(d)(6)(A), and otherwise denies the remaining allegations in Paragraph 18 of

the Amended Complaint.

19.     FDIC-Receiver admits that DBNTC timely filed this action against FDIC-Receiver and denies any allegations in Paragraph 19 of the Amended Complaint that are inconsistent with that admission.

## JURISDICTION AND VENUE

20.     FDIC-Receiver admits that the Court has jurisdiction over the action pursuant to 12 U.S.C. §§ 1819(b)(2)(A), 1821(d)(6), and 28 U.S.C. § 1331, and that venue is proper in this District under 12 U.S.C. § 1821(d)(6).  FDIC-Receiver denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21.     FDIC-Receiver admits the allegations in the first and second sentences of Paragraph 21 of the Amended Complaint and that this Court has jurisdiction under 12 U.S.C. §§ 1819(b)(2)(A), 1821(d)(6), and 28 U.S.C. § 1331.  FDIC-Receiver denies the remaining allegations in Paragraph 21.

22.     FDIC-Receiver admits the allegations in Paragraph 22 of the Amended Complaint.

23.     FDIC-Receiver admits the allegations in Paragraph 23 of the Amended Complaint.

24.     FDIC-Receiver admits the allegations in Paragraph 24 of the Amended Complaint.

## BACKGROUND

**A.     The Trusts**

25.     FDIC-Receiver admits the allegations in Paragraph 25 of the Amended Complaint, except denies the allegations in the first sentence of Paragraph 25 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver or any entity other than Washington Mutual Bank.

26.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Amended Complaint.

27.     FDIC-Receiver admits that the securitization of residential mortgages was a common financial practice and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the Amended Complaint.

28.     FDIC-Receiver admits that the allegations in Paragraph 28 of the Amended Complaint describe in very general terms the structure of many securitizations of residential mortgage-backed securities ("RMBS"), but refers to the terms of the transaction documents governing the Trusts (the "Governing Agreements")[2] at issue in this action for the structure of each Trust and the rights and obligations of each participant in the transaction, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver also denies the allegations in subparagraphs (a) and (d) of Paragraph 28 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

## B.     WaMu's Contractual Obligations

### (1)     The Governing Documents for the Trusts

29.     FDIC-Receiver admits that the allegations in Paragraph 29 of the Amended Complaint describe in very general terms the structure of many securitizations of RMBS, states that the allegations in Paragraph 29 purport to describe the substance of the Governing Agreements for each of the 127 mortgage securitization trusts at issue in the Amended

---

2.     FDIC-Receiver's references throughout this Answer to the Governing Agreements is not an admission that the voluminous attachments in Exhibit 4 to the Amended Complaint are a comprehensive set of the Governing Agreements.

Complaint, refers to the documents cited in Paragraph 29 for a complete and accurate description

of their content, and otherwise denies any allegations or implications inconsistent with these

documents, the terms of which speak for themselves.

30.     FDIC-Receiver admits that DBNTC purports to have attached — in Exhibits 1-A,

1-B, and 4 — lists and copies of the pooling and servicing agreements ("PSAs") and mortgage

loan purchase agreements ("MLPAs") for the Primary Trusts and the relevant agreements for the

Secondary Trusts.  FDIC-Receiver lacks knowledge or information sufficient to form a belief

about whether the Governing Agreements are sufficiently uniform to support the generalizations

contained in Paragraph 30.  FDIC-Receiver refers to the documents cited in Paragraph 30 for a

complete and accurate description of their content, and otherwise denies any allegations or

implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-

Receiver denies the allegations in Paragraph 30 of the Amended Complaint to the extent that

DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

31.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about

whether the Governing Agreements are sufficiently uniform to support the generalizations

contained in Paragraph 31.  FDIC-Receiver refers to the documents cited in Paragraph 31 for a

complete and accurate description of their content, and otherwise denies any allegations or

implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-

Receiver denies the allegations in Paragraph 31 to the extent that DBNTC's use of the term

"WaMu" purports to include FDIC-Receiver.

32.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 32 of the Amended Complaint with respect to each of

the Governing Agreements for each of the 127 trusts at issue in the Amended Complaint.  FDIC-

Receiver refers to the documents cited in Paragraph 32 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.

33.   FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Amended Complaint with respect to each of the Governing Agreements for each of the 127 trusts at issue in the Amended Complaint.  FDIC-Receiver refers to the documents cited in Paragraph 33 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.

34.   FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Amended Complaint with respect to each of the Governing Agreements for each of the 127 trusts at issue in the Amended Complaint.  FDIC-Receiver refers to the documents cited in Paragraph 34 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.

35.   FDIC-Receiver admits that 12 U.S.C. § 1821(e)(1) states that the FDIC as "the conservator or receiver for any insured depository institution may disaffirm or repudiate any contract or lease— (A) to which such institution is a party; (B) the performance of which the conservator or receiver, in the conservator's or receiver's discretion, determines to be burdensome; and (C) the disaffirmance or repudiation of which the conservator or receiver determines, in the conservator's or receiver's discretion, will promote the orderly administration of the institution's affairs."  FDIC-Receiver admits that 12 U.S.C. § 1821(e)(2), which applies only to "timing of repudiation," states that the FDIC as a conservator or receiver "shall determine

whether or not to exercise the rights of repudiation under this [12 U.S.C. § 1821(e)(1)] within a reasonable period following such appointment." FDIC-Receiver denies any allegations in Paragraph 35 of the Amended Complaint that are inconsistent with federal law and these admissions.

36.     FDIC-Receiver admits that it has not repudiated or disaffirmed any of the Governing Agreements for the 127 trusts at issue in the Amended Complaint pursuant to 12 U.S.C. § 1821(e)(1). FDIC-Receiver denies any remaining allegations in Paragraph 36 of the Amended Complaint.

37.     FDIC-Receiver denies the allegations in Paragraph 37 of the Amended Complaint.

38.     FDIC-Receiver admits the allegations in Paragraph 38 of the Amended Complaint.

39.     FDIC-Receiver admits that it transferred to JPMC, and JPMC assumed, all mortgage servicing rights and obligations of WaMu as provided in the P&A Agreement. FDIC-Receiver denies the allegations in Paragraph 39 of the Amended Complaint to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

40.     FDIC-Receiver admits the allegations in Paragraph 40 of the Amended Complaint, except denies the allegations in Paragraph 40 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

41.     FDIC-Receiver denies the allegations in Paragraph 41 of the Amended Complaint.

42.     FDIC-Receiver admits the allegations in Paragraph 42 of the Amended Complaint.

43.     FDIC-Receiver states that the allegations in Paragraph 43 of the Amended Complaint purport to describe the substance of the Governing Agreements for each of the 127 trusts at issue in the Amended Complaint.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to support the generalizations contained in Paragraph 43.  FDIC-Receiver refers to the documents cited in Paragraph 43 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver denies the allegations in Paragraph 43 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

44.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Amended Complaint, except denies the allegations in Paragraph 44 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

**(2)     WaMu's Representations and Warranties**

45.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to support the generalizations contained in Paragraph 31 of the Amended Complaint.  FDIC-Receiver refers to the documents cited in Paragraph 31 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver denies the allegations in Paragraph 31 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

46.     FDIC-Receiver admits that Paragraph 46 of the Amended Complaint accurately quotes a portion of Section 6 of the Mortgage Loan Purchase Agreement for the LB0602 Trust.

FDIC-Receiver states that the allegations in Paragraph 46 of the Amended Complaint purport to describe the substance of the Governing Agreements for each of the 127 trusts at issue in the Amended Complaint.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to support the generalizations contained in Paragraph 46.  FDIC-Receiver refers to the documents cited in Paragraph 46 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver denies the allegations in Paragraph 46 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

47.     FDIC-Receiver states that Exhibits 5 and 6 purport to describe the substance of the Governing Agreements for each of the 127 trusts at issue in the Amended Complaint.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to support the generalizations contained in Paragraph 47.  FDIC-Receiver refers to the documents cited in Exhibits 5 and 6 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver denies the allegations in Paragraph 47 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

48.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Amended Complaint, except denies the allegations in Paragraph 48 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

### (3)   WaMu's Notice Obligation

49.     FDIC-Receiver states that the allegations in Paragraph 49 of the Amended

Complaint purport to describe the substance of the Governing Agreements for each of the 127

trusts at issue in the Amended Complaint.  FDIC-Receiver lacks knowledge or information

sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to

support the generalizations contained in Paragraph 49.  FDIC-Receiver refers to the documents

cited in Paragraph 49 for a complete and accurate description of their content, and otherwise

denies any allegations or implications inconsistent with these documents, the terms of which

speak for themselves.  FDIC-Receiver denies the allegations in Paragraph 49 to the extent that

DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

50.     FDIC-Receiver admits that Paragraph 50 of the Amended Complaint accurately

quotes a portion of Section 2.08 of the Pooling and Servicing Agreement for the Washington

Mutual Mortgage Securities Corp. Trust, Series 2002-AR2.  FDIC-Receiver lacks knowledge or

information sufficient to form a belief about whether the Governing Agreements are sufficiently

uniform to support any generalization implied in Paragraph 50.  FDIC-Receiver refers to the

Governing Agreements referred to in Paragraph 50 for a complete and accurate description of

their content, and otherwise denies any allegations or implications inconsistent with these

documents, the terms of which speak for themselves.  FDIC-Receiver denies the allegations in

Paragraph 50 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-

Receiver.

51.     FDIC-Receiver admits that Paragraph 51 of the Amended Complaint accurately

quotes a portion of Section 7(a) of the Mortgage Loan Purchase Agreement for the LB0602

Trust.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether

the Governing Agreements are sufficiently uniform to support any generalization implied in

Paragraph 51. FDIC-Receiver refers to the Governing Agreements referred to in Paragraph 51

for a complete and accurate description of their content, and otherwise denies any allegations or

implications inconsistent with these documents, the terms of which speak for themselves. FDIC-

Receiver denies the allegations in Paragraph 51 to the extent that DBNTC's use of the term

"WaMu" purports to include FDIC-Receiver.

52.     FDIC-Receiver states that Exhibit 7 purports to describe the substance of the

Governing Agreements for each of the Primary Trusts at issue in the Amended Complaint.

FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the

Governing Agreements are sufficiently uniform to support the generalizations contained in

Paragraph 52. FDIC-Receiver refers to the documents cited in Exhibit 7 for a complete and

accurate description of their content, and otherwise denies any allegations or implications

inconsistent with these documents, the terms of which speak for themselves. FDIC-Receiver

denies the allegations in Paragraph 52 to the extent that DBNTC's use of the term "WaMu"

purports to include FDIC-Receiver.

**(4)     WaMu's Repurchase Obligation**

53.     FDIC-Receiver states that the allegations in Paragraph 53 of the Amended

Complaint purport to describe the substance of the Governing Agreements for each of the 127

trusts at issue in the Amended Complaint. FDIC-Receiver lacks knowledge or information

sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to

support the generalizations contained in Paragraph 53. FDIC-Receiver refers to the documents

cited in Paragraph 53 for a complete and accurate description of their content, and otherwise

denies any allegations or implications inconsistent with these documents, the terms of which

speak for themselves.  FDIC-Receiver denies the allegations in Paragraph 53 to the extent that

DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

54.     FDIC-Receiver admits that Paragraph 54 of the Amended Complaint accurately

quotes a portion of Section 2.08 of the Pooling and Servicing Agreement for the Washington

Mutual Mortgage Securities Corp. Trust, Series 2005-AR1.  FDIC-Receiver lacks knowledge or

information sufficient to form a belief about whether the Governing Agreements are sufficiently

uniform to support the generalizations contained in the first sentence of Paragraph 54.  FDIC-

Receiver refers to the Governing Agreements referred to in Paragraph 54 for a complete and

accurate description of their content, and otherwise denies any allegations or implications

inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver

denies the allegations in Paragraph 54 to the extent that DBNTC's use of the term "WaMu"

purports to include FDIC-Receiver.

55.     FDIC-Receiver admits that Paragraph 55 of the Amended Complaint accurately

quotes a portion of Section 2.03(a) of the Pooling and Servicing Agreement for the LB0602

Trust.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether

the Governing Agreements are sufficiently uniform to support the generalization alleged in

Paragraph 55.  FDIC-Receiver refers to the Governing Agreements for a complete and accurate

description of their content, and otherwise denies any allegations or implications in Paragraph 55

that are inconsistent with these documents, the terms of which speak for themselves.  FDIC-

Receiver denies the allegations in Paragraph 55 to the extent that DBNTC's use of the term

"WaMu" purports to include FDIC-Receiver.

56.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 56 of the Amended Complaint with respect to the

underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint.

57.     FDIC-Receiver states that Exhibit 7 purports to describe the substance of the Governing Agreements for each of the Primary Trusts at issue in the Amended Complaint. FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to support the generalizations contained in Paragraph 57 of the Amended Complaint. FDIC-Receiver refers to the documents cited in Exhibit 7 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves. FDIC-Receiver denies the allegations in Paragraph 57 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

**(5)     The Trustee's Access and Indemnification Rights**

58.     FDIC-Receiver states that the allegations in Paragraph 58 of the Amended Complaint purport to describe the substance of the Governing Agreements for each of the Primary Trusts at issue in the Amended Complaint. FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to support the generalizations contained in Paragraph 58. FDIC-Receiver refers to the documents cited in Paragraph 58 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves. FDIC-Receiver denies the allegations in Paragraph 58 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

59.     FDIC-Receiver admits that Paragraph 59 of the Amended Complaint accurately quotes a portion of Section 6.05 of the Pooling and Servicing Agreement for the LB0602 Trust.

FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the

Governing Agreements are sufficiently uniform to support any generalization from this

quotation. FDIC-Receiver refers to the Governing Agreements for a complete and accurate

description of their content, and otherwise denies any allegations or implications in Paragraph 59

that are inconsistent with these documents, the terms of which speak for themselves.

60. FDIC-Receiver admits that Paragraph 60 of the Amended Complaint accurately

quotes Section 8.05(b) of the Pooling and Servicing Agreement for the LB0602 Trust. FDIC-

Receiver lacks knowledge or information sufficient to form a belief about whether the Governing

Agreements are sufficiently uniform to support the generalization alleged in the first sentence of

Paragraph 60. FDIC-Receiver refers to the Governing Agreements for a complete and accurate

description of their content, and otherwise denies any allegations or implications in Paragraph 60

that are inconsistent with these documents, the terms of which speak for themselves. FDIC-

Receiver denies the allegations in Paragraph 60 to the extent that DBNTC's use of the term

"WaMu" purports to include FDIC-Receiver.

61. FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 61 of the Amended Complaint.

62. FDIC-Receiver states that Exhibit 7 purports to describe the substance of the

Governing Agreements for each of the Primary Trusts at issue in the Amended Complaint.

FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the

Governing Agreements are sufficiently uniform to support the generalizations contained in

Paragraph 62 of the Amended Complaint. FDIC-Receiver refers to the documents cited in

Exhibit 7 for a complete and accurate description of their content, and otherwise denies any

allegations or implications inconsistent with these documents, the terms of which speak for

themselves.  FDIC-Receiver denies the allegations in Paragraph 62 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

**(6)**      **WaMu's Servicing Obligations**

63.      FDIC-Receiver admits that Paragraph 63 of the Amended Complaint accurately quotes a portion of Section 3.01 of the Pooling and Servicing Agreement for the Long Beach Mortgage Loan Trust, Series 2006-4.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to support the generalizations alleged in the first and second sentence of Paragraph 63.  FDIC-Receiver refers to the Governing Agreements for a complete and accurate description of their content, and otherwise denies any allegations or implications in Paragraph 63 that are inconsistent with these documents, the terms of which speak for themselves.  FDIC-Receiver denies the allegations in Paragraph 63 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

64.      FDIC-Receiver states that the allegations in Paragraph 64 of the Amended Complaint purport to characterize or summarize the provisions of "many" of the Governing Agreements at issue in the Amended Complaint.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the Governing Agreements are sufficiently uniform to support the generalizations contained in Paragraph 64.  FDIC-Receiver refers to the documents cited in Paragraph 64 for a complete and accurate description of their content, and otherwise denies any allegations or implications inconsistent with these documents, the terms of which speak for themselves.

C.    **WaMu Breached the Representations and Warranties**

65.    FDIC-Receiver admits that in April 2010 the Senate Subcommittee held a hearing on the role of high risk home loans in the financial crisis, using as a case history high risk home loans originated, sold, and securitized by WaMu, and denies the remaining allegations in the first sentence of Paragraph 65 of the Amended Complaint.  FDIC-Receiver also denies the allegations in the first sentence of Paragraph 65 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 65, except denies the allegations in the second sentence of Paragraph 65 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver

66.    FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Amended Complaint, except denies the allegations in Paragraph 66 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

67.    FDIC-Receiver states that the allegations in Paragraph 67 of the Amended Complaint purport to describe or paraphrase the findings of the United States Senate Subcommittee on Investigations (the "Senate Subcommittee").  FDIC-Receiver respectfully refers to the materials cited by DBNTC in support of these allegations for the actual language and complete contents thereof and denies any allegations in Paragraph 67 that are inconsistent with those materials.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the record made public by the Senate Subcommittee is complete and accurate with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, and whether the Trusts at issue in the Amended Complaint are among

those referred to in the Senate Subcommittee report.  FDIC-Receiver denies the allegations in

Paragraph 67 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-

Receiver.

68.      FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 68 of the Amended Complaint, except denies the

allegations in Paragraph 68 to the extent that DBNTC's use of the term "WaMu" purports to

include FDIC-Receiver.

69.      FDIC-Receiver states that the allegations in Paragraph 69 of the Amended

Complaint purport to quote, describe, or paraphrase the findings of the Senate Subcommittee.

FDIC-Receiver respectfully refers to the materials cited by DBNTC in support of these

allegations for the actual language and complete contents thereof and denies any allegations in

Paragraph 69 that are inconsistent with those materials.  FDIC-Receiver lacks knowledge or

information sufficient to form a belief about whether the record made public by the Senate

Subcommittee is complete and accurate with respect to the underlying loans and Governing

Agreements for each of the 127 trusts at issue in the Amended Complaint, and whether the

Trusts at issue in the Amended Complaint are among those referred to in the Senate

Subcommittee report.  FDIC-Receiver denies the allegations in Paragraph 69 to the extent that

DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

70.      FDIC-Receiver states that the allegations in Paragraph 70 of the Amended

Complaint purport to describe or paraphrase the findings of the Senate Subcommittee.  FDIC-

Receiver respectfully refers to the materials cited by DBNTC in support of these allegations for

the actual language and complete contents thereof and denies any allegations in Paragraph 70

that are inconsistent with those materials.  FDIC-Receiver lacks knowledge or information

sufficient to form a belief about whether the record made public by the Senate Subcommittee is complete and accurate with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, and whether the Trusts at issue in the Amended Complaint are among those referred to in the Senate Subcommittee report. FDIC-Receiver denies the allegations in Paragraph 70 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

### (1)    The Senate Subcommittee Findings

71.    FDIC-Receiver states that the allegations in Paragraph 71 of the Amended Complaint purport to describe or paraphrase the findings of the Senate Subcommittee. FDIC-Receiver respectfully refers to the materials cited by DBNTC in support of these allegations for the actual language and complete contents thereof and denies any allegations in Paragraph 71 that are inconsistent with those materials. FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the record made public by the Senate Subcommittee is complete and accurate with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, and whether the Trusts at issue in the Amended Complaint are among those referred to in the Senate Subcommittee report. FDIC-Receiver denies the allegations in Paragraph 71 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

72.    FDIC-Receiver states that the allegations in Paragraph 72 of the Amended Complaint purport to describe or paraphrase the findings of the Senate Subcommittee. FDIC-Receiver respectfully refers to the materials cited by DBNTC in support of these allegations for the actual language and complete contents thereof and denies any allegations in Paragraph 72 that are inconsistent with those materials. FDIC-Receiver lacks knowledge or information

sufficient to form a belief about whether the record made public by the Senate Subcommittee is complete and accurate with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, and whether the Trusts at issue in the Amended Complaint are among those referred to in the Senate Subcommittee report.  FDIC-Receiver denies the allegations in Paragraph 72 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

73.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Amended Complaint.  FDIC-Receiver denies the allegations in Paragraph 73 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver and denies that FDIC-Receiver breached any of the Governing Agreements.

74.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Amended Complaint with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint. FDIC-Receiver denies the allegations in Paragraph 74 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver and denies that FDIC-Receiver breached Representations and Warranties in any of the Governing Agreements.

75.     FDIC-Receiver states that the allegations in Paragraph 75 of the Amended Complaint purport to describe or paraphrase the findings of the Senate Subcommittee.  FDIC-Receiver respectfully refers to the materials cited by DBNTC in support of these allegations for the actual language and complete contents thereof and denies any allegations in Paragraph 75 that are inconsistent with those materials.  FDIC-Receiver lacks knowledge or information sufficient to form a belief about whether the record made public by the Senate Subcommittee is

complete and accurate with respect to the underlying loans and Governing Agreements for each

of the 127 trusts at issue in the Amended Complaint, and whether the Trusts at issue in the

Amended Complaint are among those referred to in the Senate Subcommittee report.  FDIC-

Receiver denies the allegations in Paragraph 75 to the extent that DBNTC's use of the term

"WaMu" purports to include FDIC-Receiver.

### (2)    The Senate Record

76.    FDIC-Receiver states that the allegations in Paragraph 76 of the Amended

Complaint purport to describe or paraphrase the findings of the Senate Subcommittee.  FDIC-

Receiver respectfully refers to the materials cited by DBNTC in support of these allegations for

the actual language and complete contents thereof and denies any allegations in Paragraph 76

that are inconsistent with those materials.  FDIC-Receiver lacks knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Amended

Complaint regarding whether the record made public by the Senate Subcommittee is complete

and accurate with respect to the underlying loans and Governing Agreements for each of the 127

trusts at issue in the Amended Complaint, and whether the Trusts at issue in the Amended

Complaint are among those referred to in the Senate Subcommittee report.  FDIC-Receiver

denies the allegations in Paragraph 76 to the extent that DBNTC's use of the term "WaMu"

purports to include FDIC-Receiver.  FDIC-Receiver further denies that it breached any of the

Governing Agreements and that it had any of the Repurchase or Notice Obligations referred to in

Paragraph 76.

77.    FDIC-Receiver states that the allegations in Paragraph 77 of the Amended

Complaint purport to quote, describe, or paraphrase the findings of the Senate Subcommittee.

FDIC-Receiver respectfully refers to the materials cited by DBNTC in support of these

allegations for the actual language and complete contents thereof and denies any allegations in

Paragraph 77 that are inconsistent with those materials.  FDIC-Receiver lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the

Amended Complaint regarding whether the record made public by the Senate Subcommittee is

complete and accurate with respect to the underlying loans and Governing Agreements for each

of the 127 trusts at issue in the Amended Complaint, and whether the Trusts at issue in the

Amended Complaint are among those referred to in the Senate Subcommittee report.  FDIC-

Receiver denies the allegations in Paragraph 77 to the extent that DBNTC's use of the term

"WaMu" purports to include FDIC-Receiver.  FDIC-Receiver further denies that it breached any

of the Governing Agreements referred to in Paragraph 77.

78.     FDIC-Receiver states that the allegations in Paragraph 78 of the Amended

Complaint purport to quote, describe, or paraphrase the findings of the Senate Subcommittee.

FDIC-Receiver respectfully refers to the materials cited by DBNTC in support of these

allegations for the actual language and complete contents thereof and denies any allegations in

Paragraph 78 that are inconsistent with those materials.  FDIC-Receiver lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the

Amended Complaint regarding whether the record made public by the Senate Subcommittee is

complete and accurate with respect to the underlying loans and Governing Agreements for each

of the 127 trusts at issue in the Amended Complaint, and whether the Trusts at issue in the

Amended Complaint are among those referred to in the Senate Subcommittee report.  FDIC-

Receiver denies the allegations in Paragraph 78 to the extent that DBNTC's use of the term

"WaMu" purports to include FDIC-Receiver.  FDIC-Receiver further denies that it breached any

of the Representations and Warranties referred to in Paragraph 78.

79.     FDIC-Receiver states that the allegations in Paragraph 79 of the Amended

Complaint purport to quote, describe, or paraphrase the findings of the Senate Subcommittee.

FDIC-Receiver respectfully refers to the materials cited by DBNTC in support of these

allegations for the actual language and complete contents thereof and denies any allegations in

Paragraph 79 that are inconsistent with those materials.  FDIC-Receiver lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 79 with

respect to the underlying loans for each of the 127 trusts at issue in the Amended Complaint.

FDIC-Receiver denies the allegations in Paragraph 79 to the extent that DBNTC's use of the

term "WaMu" purports to include FDIC-Receiver.

80.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 80 of the Amended Complaint, except denies the

allegations in Paragraph 80 to the extent that DBNTC's use of the term "WaMu" purports to

include FDIC-Receiver.  FDIC-Receiver further states that it never assumed any obligation or

acted as servicer under the Governing Agreements for any of the Trusts.

**D.      WaMu's Breaches of the Governing Documents**

81.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 81 of the Amended Complaint regarding whether the

record made public by the Senate Subcommittee is complete and accurate with respect to the

underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended

Complaint, and whether the Trusts at issue in the Amended Complaint are among those referred

to in the Senate Subcommittee report.  FDIC-Receiver denies the allegations in Paragraph 81 to

the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver and denies

that FDIC-Receiver had or breached any obligation under any Governing Agreement for any of the Trusts.

82.    FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Amended Complaint with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, except denies the allegations in Paragraph 82 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.  FDIC-Receiver denies that it had or breached any Notice Obligations under the Governing Agreements.

83.    FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Amended Complaint with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, except denies the allegations in Paragraph 83 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

84.    FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Amended Complaint with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, except denies the allegations in Paragraph 84 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.  FDIC-Receiver denies that it has breached any Representations and Warranties or Notice and Repurchase Obligations under the Governing Agreements.

85.    FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Amended Complaint.

**E.**     **The FDIC's and JPMC's Contentions Regarding Successor Liability**

86.     FDIC-Receiver admits the allegations in Paragraph 86 of the Amended Complaint.

87.     FDIC-Receiver admits the allegations in Paragraph 87 of the Amended Complaint.

88.     FDIC-Receiver admits the allegations in Paragraph 88 of the Amended Complaint.

89.     FDIC-Receiver admits the allegations in Paragraph 89 of the Amended Complaint.

90.     FDIC-Receiver admits that DBNTC has accurately stated JPMC's contention as reflected in the referenced document, but denies JPMC's contention as set forth in Paragraph 90 of the Amended Complaint.

91.     FDIC-Receiver admits that DBNTC has accurately stated JPMC's contention as reflected in the referenced document, but denies JPMC's contention as set forth in Paragraph 91 of the Amended Complaint.

CLAIMS FOR RELIEF

**Count I**
**Breach of Contract**

92.     In response to Paragraph 92 of the Amended Complaint, FDIC-Receiver incorporates by reference its responses to all paragraphs above as though fully set forth herein.

93.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Amended Complaint with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, except denies the allegations in Paragraph 93 to the extent that DBNTC's use of the

term "WaMu" purports to include FDIC-Receiver.  FDIC-Receiver denies that it breached any

Representations, Warranties, or any obligations under any Governing Agreements for the Trusts.

94.     FDIC-Receiver states that JPMC is liable for any alleged breaches of the

Governing Agreements, denies any allegations in Paragraph 94 of the Amended Complaint that

are inconsistent with those agreements, and denies that FDIC-Receiver is liable for WaMu's

breaches of the Governing Documents or that it is WaMu's successor in interest.

95.     FDIC-Receiver denies the allegations in Paragraph 95 of the Amended Complaint

to the extent that they purport to pertain to FDIC-Receiver and otherwise lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 95.

96.     FDIC-Receiver denies the allegations in Paragraph 96 of the Amended

Complaint.

97.     FDIC-Receiver denies the allegations in Paragraph 97 of the Amended

Complaint.

98.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 98 of the Amended Complaint with respect to the

underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended

Complaint, except denies the allegations in Paragraph 98 to the extent that DBNTC's use of the

term "WaMu" purports to include FDIC-Receiver.

99.     FDIC-Receiver lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 99 of the Amended Complaint with respect to the

underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended

Complaint, except denies the allegations in Paragraph 99 to the extent that DBNTC's use of the

term "WaMu" purports to include FDIC-Receiver.

100.    FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 of the Amended Complaint with respect to the underlying loans and Governing Agreements for each of the 127 trusts at issue in the Amended Complaint, except denies the allegations in Paragraph 100 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

101.    FDIC-Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Amended Complaint.

**Count II**
**Declaratory Judgment**

102.    In response to Paragraph 102 of the Amended Complaint, FDIC-Receiver incorporates by reference its responses to all paragraphs above as though fully set forth herein.

103.    FDIC-Receiver admits the allegations in Paragraph 103 of the Amended Complaint.

104.    FDIC-Receiver admits that JPMC contends that it did not assume liability for DBNTC's claims under the P&A Agreement, but denies JPMC's contentions as set forth in Paragraph 104 of the Amended Complaint.

105.    FDIC-Receiver states that it transferred to JPMC all of WaMu's liabilities in question but admits that there is a justiciable controversy regarding that transfer. FDIC-Receiver denies the allegations in Paragraph 105 of the Amended Complaint to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

106.    FDIC-Receiver admits that DBNTC purports to seek a declaratory judgment declaring the relief alleged in paragraph 106, but denies that DBNTC is entitled to the relief sought in Paragraph 106 of the Amended Complaint and denies the allegations in Paragraph 106 to the extent that DBNTC's use of the term "WaMu" purports to include FDIC-Receiver.

107.     FDIC-Receiver states that the unnumbered "wherefore" clause and Paragraphs A through E following that clause purport to assert a prayer for relief as to which no response is required.  To the extent a response is required, FDIC-Receiver denies that DBNTC is entitled to any relief against FDIC Receiver and avers that judgment should be entered in its favor on all claims in the Amended Complaint.

<u>DEFENSES</u>

FDIC-Receiver asserts the following defenses:

1.     Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against FDIC Receiver.

2.     Plaintiff's claim, and any liability for that claim, transferred to JPMC, and was assumed by JPMC, under the P&A Agreement between FDIC-Receiver and JPMC.

3.     Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of laches or the applicable statutes of limitations.

4.     Plaintiff's claims for damages are barred, in whole or in part, for failure to exhaust administrative remedies.

5.     Plaintiff's claims for damages are barred, in whole or in part, to the extent the alleged damages are speculative, duplicative, or cumulative.

6.     Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff failed to mitigate damages.

7.     Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff cannot demonstrate that the alleged breaches are material or that the alleged breaches caused Plaintiff's alleged losses.

8.     Any recovery to which Plaintiff may be found to be entitled is subject to any a setoff, recoupment, or offset to which FDIC-Receiver may be entitled.

9.    Plaintiff cannot be granted some or all of the relief it seeks to the extent it failed to pursue its remedies under the Governing Agreements.

10.    If FDIC-Receiver is determined not to have transferred to JPMC any of the obligations at issue, Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to provide FDIC-Receiver with the required notice and opportunity to cure and thus failed to satisfy a condition precedent of the relevant contracts.

Dated:  September 30, 2011                      Respectfully submitted,

Of Counsel:                                      /s/ William R. Stein
                                                William R. Stein, D.C. Bar No. 304048
Kathryn R. Norcross, D.C. Bar No. 398120        Scott H. Christensen, D.C. Bar No. 476439
    Senior Counsel, Commercial Litigation Unit  Jason S. Cohen, D.C. Bar No. 501834
Anne M. Devens                                  HUGHES HUBBARD & REED LLP
    Counsel, Commercial Litigation Unit         1775 I Street, N.W., Suite 600
Kaye A. Allison                                 Washington, D.C. 20006-2401
    Counsel, Commercial Litigation Unit         Telephone:  (202) 721-4600
FEDERAL DEPOSIT INSURANCE                        Facsimile:  (202) 721-4646
    CORPORATION                                  Email:  christen@hugheshubbard.com
Commercial Litigation Unit                       Email:  cohenj@hugheshubbard.com
3501 Fairfax Drive, Room VS-D-7062
Arlington, Virginia 22226                        *Attorneys for Federal Deposit Insurance*
Telephone:  (703) 562-2391                       *Corporation in its capacity as Receiver for*
Facsimile:  (703) 562-2481                       *Washington Mutual Bank*
Email:  knorcross@fdic.gov
Email:  adevens@fdic.gov
Email:  kallison@fdic.gov