## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Trusts listed in Exhibits 1-A and 1-B, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank; JPMORGAN CHASE BANK, National Association; and WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION, <br><br> Defendants. | Case No. 09-cv-1656 (RMC) |

### CONFIDENTIALITY STIPULATION AND ORDER

Subject to the approval of the Court, JPMorgan Chase Bank, National Association ("JPMC"), Washington Mutual Mortgage Securities Corporation, Deutsche Bank National Trust Company as Trustee for the Trusts Listed in Exhibits 1-A and 1-B to the Amended Complaint in this matter, and the Federal Deposit Insurance Corporation in its capacity as Receiver for Washington Mutual Bank (collectively, the "Parties" and each a "Party"), by and through their undersigned counsel, hereby stipulate and agree to the following provisions for the protection of confidential or highly confidential information that may be produced by the Parties in response to discovery requests issued in this action.

1.    Definitions.

a.    "Document" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure, including all tangible written, recorded or graphic material, and electronically stored information ("ESI") stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and includes, without limitation, documents, emails and attachments, data howsoever maintained, drafts, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above.

b.    "Confidential Information" means all material that is designated in writing (on the document itself, in the case of a document that is Confidential Information) as confidential if such material contains nonpublic confidential, personal, financial, proprietary, or commercially sensitive information. "Confidential Information" also means and includes any derivations, abstracts, excerpts, summaries, compilations, or analyses of Confidential Information prepared by a Party or on its behalf. "Confidential Information" includes, but is not limited to, Nonpublic Personal Information. Notwithstanding the foregoing, the following will not constitute Confidential Information: (i) information that is or becomes generally available to the public other than as a result of a violation of this Stipulation; (ii) information that was already in a Party's possession on a non-confidential basis prior to being produced by a Party; (iii) information that becomes available to such Party on a non-confidential and non-supervisory basis from a source other than another Party if such source was not, to the best of such Party's knowledge, subject to

any prohibition against transmitting the information to such Party, or (iv) information independently developed by such Party without use of Confidential Information.

        c.      "Confidential Bank Information" means any information the disclosure of which is prohibited or limited in accordance with applicable federal or state banking privileges, regulations, or laws.

        d.      "Confidential Supervisory Information" includes, but is not limited to, Unpublished OTS Information as described in 12 C.F.R. § 510.5, confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency as set forth in 12 C.F.R. § 4.32(b), and exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. § 309.6, and includes, but is not limited to, records concerning supervision, regulation, and examination of banks, savings associations, their holding companies, and affiliates, and records compiled in connection with the enforcement responsibilities of federal financial regulatory agencies. Confidential Supervisory Information also includes information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities. Confidential Supervisory Information shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information.

        e.      "Highly Confidential Information" shall include (i) any trade secret, (ii) any Confidential Supervisory Information; (iii) documents embodying non-public financial, market, or business analysis conducted by any disclosing governmental agency the public disclosure of which may affect market activity or behavior or the business interests of

a subject of the analysis; (iv) any Confidential Bank Information; and (v) confidential information about clients and customers of a Party, such as banking activity of such clients and customers. "Highly Confidential Information" also means and includes any derivations, abstracts, excerpts, summaries, compilations, or analyses of Highly Confidential Information prepared by a Party or on its behalf. All protections applicable under this Stipulation to Confidential Information apply as well to Highly Confidential Information. "Highly Confidential Information" does not include any information that a producing Party previously has made generally available to the public or information that a Party has obtained by other means.

        f.      "Nonpublic Personal Information" includes, but is not limited to, non-public personally identifiable information pertaining to individual borrowers, as well as information that constitutes "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6801, *et seq.* and its implementing regulations, including, but not limited to, any portion of a file related to the origination or servicing of home loans or other document which includes personally identifiable financial and/or credit information pertaining to individual borrowers — including any credit history, report or score obtained on any such borrowers to determine the individual's eligibility for credit (collectively "Credit Scores") — names, addresses, Social Security numbers, credit card and debit card account numbers, loan numbers, bank account numbers, state identification card number, driver's license number, date of birth, telephone numbers, and places or positions of work. As set forth in Paragraph 12, this Stipulation and Order authorizes the disclosure of such Nonpublic Personal Information in this action.

g.     "<u>Consulting Counsel</u>" means Morgan, Lewis & Bockius, as

consulting counsel to Deutsche Bank National Trust Company, as Trustee for the Trusts Listed

in Exhibits 1-A and 1-B to the Amended Complaint, in connection with this action.

2.     <u>Permissible Use of Confidential or Highly Confidential Information</u>.

a.     Confidential or Highly Confidential Information may be

disclosed only to those persons identified in paragraphs 4 and 5, respectively, below.  Any

Party obtaining access to Confidential or Highly Confidential Information shall not disclose

that information other than as expressly permitted under the terms of this Stipulation and

may use that information **solely** in the prosecution and/or defense of the claims asserted in

this action.  Confidential or Highly Confidential Information shall not be used for any other

purpose, including, but not limited to, the furtherance of a Party's business interests or in

any administrative, arbitral, regulatory or other judicial proceeding. Without the express,

prior written consent of the producing Party, no Party shall disclose the Confidential or

Highly Confidential Information to any person not bound by the provisions of this

Stipulation.

b.     Each Party and its counsel will take reasonable measures to

safeguard Confidential or Highly Confidential Information from unauthorized disclosure.

Confidential or Highly Confidential Information shall not be copied for use in connection

with this action except as reasonably necessary to the conduct of such litigation, and all such

copies shall be subject to the terms of this Stipulation.  If the duplicating process by which

copies or reproductions of Confidential or Highly Confidential Information are made does

not preserve the confidentiality designation that appears on or is associated with the original

documents, all such copies or reproductions shall nonetheless be treated as Confidential or Highly Confidential Information as appropriate.

c.      If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief from this Court, including sanctions. With respect to Confidential Supervisory Information, the appropriate federal financial regulatory agency shall receive notice of any such alleged violation and be afforded an opportunity to seek appropriate relief as an aggrieved party. In the event that a violation has occurred or is about to occur with respect to Confidential Supervisory Information, the appropriate federal financial regulatory agency may seek appropriate injunctive relief.

3.      Designation of Confidential or Highly Confidential Information.

a.      A producing Party or another interested Party may designate documents or information as Confidential or Highly Confidential Information by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document. A designation of confidentiality shall constitute a representation to the Parties, made in good faith, that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Stipulation.

b.      In order to expedite production of voluminous materials, a Designating Party may, at its sole option, produce materials without a detailed review, subject to the "clawback" procedures in this Order (paragraph 11) or otherwise agreed to. In doing so, the Designating Party may designate those collections of documents that by their nature contain Confidential or Highly Confidential information with the appropriate designation

notwithstanding that some of the documents within the collection may not qualify for such designation. A Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted. If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

c.      Transcripts of depositions taken in connection with this action shall be given the protections afforded Highly Confidential Information under this Agreement for a period of fifteen (15) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the Parties an opportunity to designate information contained in the transcript as Confidential or Highly Confidential Information.

d.      No more than fifteen (15) days after the transcript has been provided to the deponent or his or her counsel, counsel for any Party or the deponent may designate portions of the deposition as Confidential or Highly Confidential Information by transcript page and line number. Such designation shall be communicated in writing to all Parties. Any Party may also designate specific testimony or transcript pages as Confidential or Highly Confidential Information by notice provided on the record during the deposition.

e.      Inadvertent failure to designate documents or information as Confidential or Highly Confidential Information at the time of production may be remedied if, within the later of either (i) 45 days after such documents or information is produced without the appropriate confidentiality stamp, or (ii) 30 days of notice of the inadvertent failure to designate, the producing party notifies the receiving Party that such documents or information had previously been produced without the appropriate confidentiality stamp.

-7-

The producing Party shall stamp such newly designated material as "Confidential" or "Highly Confidential" as appropriate. All parties shall return to the producing Party, or destroy, any unstamped copies of such documents or information upon receipt of such documents or information bearing the appropriate confidentiality stamp. No party in receipt of information not previously designated as Confidential or Highly Confidential shall have any liability for the lack of confidential treatment of any such documents prior to their designation as Confidential or Highly Confidential by the producing Party.

        f.      If a producing Party produces two or more identical or substantially identical copies of a document or other material, and any copy is designated Confidential or Highly Confidential Information while other copies are not so designated, all such identical or substantially identical documents or other materials shall be treated as either Confidential or Highly Confidential Information, as the case may be, to the extent the producing Party notifies the Parties in writing or on the record during a proceeding of the existence and bates numbers or other identifying information of such non-designated copies.

        g.      The production of any Confidential or Highly Confidential Information shall not constitute a waiver of any objections to the admissibility of such documents or information in any judicial proceeding in which such material otherwise might be used under the terms of this Stipulation. The fact that certain categories of information are included within the definitions of "Confidential Information" or "Highly Confidential Information" shall not constitute a waiver by any Party of any objection to discovery or admissibility, or of any applicable privilege or immunity from discovery, with respect to material falling within such definition.

     h.  The Party designating information as Confidential or Highly Confidential bears the burden of proving the propriety of any such designation.

     4.  <u>Limits on Permissible Disclosure of Confidential Information</u>. Confidential Information may be disclosed only to:

     a.  The Parties, including: in-house counsel, outside counsel or Consulting Counsel in this matter, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with this action; current and former employees, officers or directors of the Parties; and persons producing the information, in each case provided that disclosure is permitted under the terms of this Stipulation and Order and is reasonably necessary to this action;

     b.  Persons and entities providing litigation support services, including outside copying services;

     c.  Persons expected to be deponents, trial witnesses, and hearing witnesses in this action and counsel to such persons, provided that such persons are shown a copy of this Stipulation and are informed of their obligation to comply with its terms;

     d.  Any person identified as an author of a document designated as containing Confidential Information, or any person to whom a copy of such document was sent prior to its production;

     e.  Court officials involved in this action (subject to paragraph 8);

     f.  Court reporting personnel involved in taking or transcribing testimony;

     g.  Any mediator or arbitrator engaged by the Parties or appointed by the Court; and

h.      Outside consultants, financial advisors, or experts retained for the purpose of assisting in-house counsel, provided that they comply with the requirements of paragraph 6.

5.      Limits on Permissible Disclosure of Highly Confidential Information. Highly Confidential Information may be disclosed only to:

a.      Counsel for the Parties, including in-house counsel, outside counsel or Consulting Counsel in this matter, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with this case,

b.      Current employees, officers or directors of the Party that designated the information as Highly Confidential; and former employees, officers or directors of the Party that designated the information as Highly Confidential to the extent reasonably necessary for this litigation;

c.      Persons or entities providing litigation support services, including outside copying services;

d.      Persons expected to be deponents, trial witnesses and hearing witnesses in this action and counsel to such persons, provided that such persons are shown a copy of this Stipulation and are informed of their obligation to comply with its terms;

e.      Any person identified as an author of a document designated as Highly Confidential Information, or any person to whom a copy of such document was sent prior to its production;

f.      Court officials involved in this action (subject to paragraph 8);

g.      Court reporting personnel involved in taking or transcribing testimony;

           h.      Any mediator or arbitrator engaged by the Parties or appointed by the Court; and

           i.      Outside consultants, financial advisors, or experts retained for the purpose of assisting in-house counsel, provided that they comply with the requirements of paragraph 6.

           6.      Confidentiality Undertaking. Before any person described in paragraphs 4(h) or 5(i) is given access to Confidential or Highly Confidential Information, the individual to whom disclosure is to be made shall first read this Stipulation and execute an Acknowledgment in the form attached as Exhibit 1. Copies of such agreements shall be held by counsel of record for the Party who retained such outside consultant, financial advisor or expert. Signed Acknowledgments shall be discoverable only upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Stipulation. All persons who have received Confidential or Highly Confidential Information shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

           7.      Challenges to Designations of Confidentiality. Any Party may, after attempting to resolve the matter by agreement, apply to the Court pursuant to the applicable rules for a ruling that certain documents or testimony designated as Confidential or Highly Confidential, or the information therein, is not entitled to confidential status or that any materials should be designated at a lower level of protection under this Stipulation. It is understood and agreed that the producing Party will have the burden of establishing the grounds for confidential treatment of the document or testimony at issue. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion.

8.    Special Rules for Filings and Submissions.  If any Party or its Representatives determine to file or otherwise submit to the Court any documents or exhibits containing or making references to the content of Confidential or Highly Confidential Information, including, but not limited to, pleadings, memoranda, transcripts and discovery responses, such documents or exhibits shall be filed under seal in a sealed envelope marked with the caption of this action, the highest level of confidentiality applicable (either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION") and bearing the following statement:

> FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY STIPULATION AND ORDER DATED _____.  THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR AS DIRECTED BY THE COURT.

Nothing in this paragraph or Paragraph 1(f) precludes a party from referring to or aggregating — without reference to the name, Social Security number, date of birth, telephone numbers, or other identifying information of a particular borrower — the loan numbers, occupation, zip code, Credit Scores or any other information necessary to describe the history or characteristics of any loan provided that doing so does not reveal or permit the ascertainment of the individual identity of the borrower, in a document or exhibit without filing such document or exhibit under seal.

9.    Use of Confidential or Highly Confidential Information in Court Proceedings.  If any Party intends to use Confidential or Highly Confidential Information during any hearing or other court proceeding in this action, that Party shall confer with the producing Party that designated the Confidential or Highly Confidential Information reasonably enough in advance of the hearing or other court proceeding to allow the designating Party to object and seek protection from the Court of the Confidential or Highly Confidential Information.

Confidential or Highly Confidential Information will not lose its status as Confidential or Highly
Confidential Information through use during any hearing or other court proceeding in this action.

10. Non-waiver of Privileges. This Stipulation and Order is entered pursuant
to Federal Rule of Evidence 502(d). In order to allow for expeditious production of documents
related to the origination and servicing of home loans, a Producing Party may, at its sole option,
produce such materials without detailed, or any, review to determine whether privilege or other
privilege or immunity from discovery applies to some of the documents produced. In
accordance with Federal Rule of Evidence 502(d) and other applicable Rules, disclosure in the
course of discovery of any document or information shall not be deemed to waive—in this
litigation or in any other Federal or State proceeding—any applicable privilege or immunity
from discovery that would otherwise attach to the document or information produced or to other
documents or information, including without limitation, the attorney-client privilege, the work-
product doctrine, the joint defense or common interest privilege, personal privacy protection, the
bank examination privilege and the deliberative process privilege, regardless of the extent (if
any) to which the producing Party has reviewed the document or information for privilege or
other protection. Likewise, where a Party has produced documents related to the origination and
servicing of home loans in another action, investigation, or other proceeding without detailed, or
any, review to determine whether privilege or other immunity from discovery applies, no Party
shall claim that production of such documents in such other action, investigation, or other
proceeding constitutes a waiver of any privilege or protection with respect to the documents
produced.

11. Clawback of Protected or Erroneously Produced Documents. Pursuant to
Fed. R. Evid. 502(d), if a Party (hereinafter, "Producing Party") at any time notifies any other

Party (hereinafter, "Receiving Party") that the Producing Party, for any reason, disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver – in this litigation or in any other proceeding, including in Federal or State proceedings – of the applicable privilege or protection.

        The Receiving Party shall upon request immediately return to the Producing Party or destroy all summaries or copies of such documents, testimony, information, and/or things, shall provide a certification of counsel that all such disclosed materials have been returned or destroyed, and shall not use such items for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within five (5) business days of receipt of the request. Within ten (10) business days of the notification that the disclosed materials have been returned or destroyed, the Producing Party shall produce a privilege log with respect to the disclosed materials. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. Nothing in this Stipulation and Order shall affect any Party's right to withhold from disclosure documents or information that are privileged or otherwise protected from disclosure.

-14-

12.    Disclosure of Nonpublic Personal Information.  To the extent any federal or state law or other legal authority governing the disclosure or use of Nonpublic Personal Information (hereinafter, "Nonpublic Personal Information Law") permits disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement.  To the extent any Nonpublic Personal Information Law requires a Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonpublic Personal Information, the Court finds that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Stipulation and Order shall constitute an express direction that the Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Nonpublic Personal Information.  To the extent that any Nonpublic Personal Information Law requires that any person or entity be notified prior to disclosure of Nonpublic Personal Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, the parties are explicitly prohibited from providing such notice; provided, however, that this Stipulation and Order shall not prohibit either Party from contacting any person or entity for any other purpose.  Any Producing Party may seek additional orders from this Court that such Party believes may be necessary to comply with any Nonpublic Personal Information Law.

13.     <u>Non-waiver of Objection to Discovery</u>.  Nothing in this Stipulation shall affect any Party's possible grounds for objecting to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

14.     <u>Subpoenas Seeking Confidential or Highly Confidential Information</u>.  If any Party or its representative that has obtained Confidential or Highly Confidential Information under the terms of this Stipulation receives a subpoena or other legal process commanding the production of any such documents or information (the "<u>Subpoena</u>"), such Party shall promptly notify the Party that designated the information or documents as Confidential or Highly Confidential Information of the service of the Subpoena.  The Party or its representative receiving the Subpoena shall not produce any Confidential or Highly Confidential Information in response to the Subpoena without either the prior written consent of the Party that designated the documents or information as Confidential or Highly Confidential Information, or the relevant federal financial regulatory agency as to any Confidential Supervisory Information, or an order of a court of competent jurisdiction.  The Party that designated such Confidential or Highly Confidential Information shall have the burden of seeking a court order relieving the subpoenaed Party of the obligations of the Subpoena prior to the return date of such Subpoena, or the subpoenaed Party (or its representative) shall be relieved of its obligations under this paragraph.

15.     <u>Return of Information</u>.  The provisions of this Stipulation shall not terminate upon entry of a final order (or orders). Within sixty (60) days after the entry of a final unappealable order terminating this action, Confidential or Highly Confidential Information and all copies of same, and all documents containing or referring to Confidential or Highly Confidential Information, other than trial transcripts and trial exhibits admitted into evidence, and copies of any pleading or paper filed of record with the Court, shall either be returned to the

-16-

producing Party or destroyed; provided, however, that privileged documents, documents containing Confidential Bank Information, and documents containing attorney work product need not be returned but instead shall be destroyed and provided further that counsel of record shall be permitted to retain one office copy of work product, transcripts and expert reports. Thereafter, no party shall reveal or disclose any Confidential Supervisory Information to any person not subject to this Stipulation.

16.    Application of Securities Laws.  Each person signing an Acknowledgment understands that, as a result of its receipt of the Confidential or Highly Confidential Information, such person may be deemed to be in possession of material, nonpublic information.  Each such person acknowledges that it is aware (and that the representatives, directors, officers, employees, and representatives who are apprised of this action have been advised) that the United States securities laws apply to such person.

17.    No Bar Against Seeking Further Protection.  Nothing in this Stipulation shall be construed as preventing any Party from seeking further protection from the Court for any materials produced during discovery.

18.    No Admission Regarding Admissibility or Relevancy.  Nothing in this Stipulation shall be construed to affect in any way the admissibility or relevancy of any materials produced during discovery or other evidence.

19.    Binding Effect.  This Stipulation shall bind the Parties and any person who executes an Acknowledgement Form.  The Parties understand that they will jointly seek an order from the Court approving the Stipulation and implementing its terms.  Any breach of this Stipulation thereafter shall be subject to remedies for violations of a court order.

-17-

20.   Execution of Agreement; Amendments.  This Stipulation may be

executed by facsimile, electronically and in counterparts.  This Stipulation may be amended with

the written consent of the Parties.

Dated:   October 3, 2011

Respectfully submitted,

Robert A. Sacks (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Brent J. McIntosh (D.C. Bar No. 991470)
Henry C. Quillen (D.C. Bar No. 986686)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 956-7500

*Counsel for Defendants JPMorgan Chase Bank,
N.A. and Washington Mutual Mortgage
Securities Corporation*

Anne M. Devens (admitted as Government
Attorney)
FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 Fairfax Drive, Room VS-D-7062
Arlington, Virginia 22207
(703) 562-2204

William R. Stein (D.C. Bar No. 304048)
Scott H. Christensen (D.C. Bar No. 476439)
Jason S. Cohen (D.C. Bar No. 501834)
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, D.C. 20006
(202) 721-4600

*Counsel for Defendant Federal Deposit
Insurance Corporation in its capacity as
Receiver for Washington Mutual Bank*

20.    Execution of Agreement; Amendments.  This Stipulation may be

executed by facsimile, electronically and in counterparts.  This Stipulation may be amended with

the written consent of the Parties.

Dated:  October _3_, 2011

                                                       Respectfully submitted,

Robert A. Sacks (admitted *pro hac vice*)      Brent J. McIntosh (D.C. Bar No. 991470)
SULLIVAN & CROMWELL LLP                 Henry C. Quillen (D.C. Bar No. 986686)
125 Broad Street                                   SULLIVAN & CROMWELL LLP
New York, New York 10004                       1701 Pennsylvania Avenue, N.W.
(212) 558-4000                                     Washington, D.C. 20006
                                                       (202) 956-7500

                                                       *Counsel for Defendants JPMorgan Chase Bank,*
                                                       *N.A. and Washington Mutual Mortgage*
                                                       *Securities Corporation*


                                                       William R. Stein (D.C. Bar No. 304048)
                                                       Scott H. Christensen (D.C. Bar No. 476439)
FEDERAL DEPOSIT INSURANCE          Jason S. Cohen (D.C. Bar No. 501834)
CORPORATION                                   HUGHES HUBBARD & REED LLP
3501 Fairfax Drive, Room VS-D-7062           1775 I Street, N.W., Suite 600
Arlington, Virginia 22207                         Washington, D.C. 20006
(703) 562-2204                                     (202) 721-4600

                                                       *Counsel for Defendant Federal Deposit*
                                                       *Insurance Corporation in its capacity as*
                                                       *Receiver for Washington Mutual Bank*

Robin A. Henry (admitted *pro hac vice*)
Motty Shulman (admitted *pro hac vice*)
Michael Endler (admitted *pro hac vice*)
Elimelech Rosenbluh (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
(914) 749-8200

Talcott J. Franklin (D.D.C. Bar No. TX0078)
TALCOTT FRANKLIN P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
(214) 736-8730

*Counsel for Plaintiff Deutsche Bank National Trust Company, as Trustee for the Trusts listed in Exhibits 1-A and 1-B.*

Tanya S. Chutkan (D.C. Bar No. 420478)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N W , Suite 800
Washington, D C  20015-2015

*Counsel for Plaintiff Deutsche Bank National Trust Company, as Trustee for the Trusts listed in Exhibits 1-A and 1-B, for all claims except with respect to Paragraph 97 of the Amended Complaint*

SO ORDERED.

Dated: _11 October_, 2011

United States District Judge