UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, ) ) ) | ) |
| Plaintiff, ) | ) |
| v. ) | Civil Action No.  09-1656 (RMC) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*, ) ) ) | ) |
| Defendants. ) ) | ) |

**MEMORANDUM OPINION**

A group of holders of Washington Mutual Bank's ("WMB") senior notes and investment advisors authorized to act on the behalf of such note holders (the " Proposed Intervenors") move to intervene in this action as of right under Federal Rule of Civil Procedure 24(a) or permissively under Federal Rule of Civil Procedure 24(b).  Because the Proposed Intervenors do not demonstrate a sufficient interest in this action at this time, their motion will be denied.

**I. FACTUAL BACKGROUND**

The Plaintiff, Deutsche Bank National Trust ("Deutsche Bank"), moves against WMB's successors, the Federal Deposit Insurance Company ("FDIC") and J. P. Morgan Chase, N.A. ("JP Morgan"), for damages arising out of alleged breaches of warranties and representations made in securitization agreements by WMB as the creator, servicer and sponsor of trusts (the "Trusts") based upon mortgage-backed securities for which Deutsche Bank is the Trustee.

The Office of Thrift Supervision shut down WMB and appointed FDIC as its receiver on September 25, 2008. On that day, JP Morgan and the FDIC entered into a Purchase and Assumption Agreement (the "PAA") pursuant to which JP Morgan agreed to purchase all of WMB's assets and certain of its liabilities. Deutsche Bank filed a proof of claim in the receivership based upon WMB's alleged breaches of the securitization agreements. The FDIC failed to respond to the claim, and the instant action was filed. FDIC moved to dismiss the Complaint claiming that, pursuant to the PAA, JP Morgan had assumed the liabilities in the securitization agreements. Consequently, Deutsche Bank amended its Complaint to add JP Morgan. *See* Dkt. # 32. Two questions are at issue in this litigation: 1) whether JP Morgan or FDIC, or both, succeed to the liabilities at issue in this case under the PAA and 2) the contours of the liabilities under the securitization agreements.

The Proposed Intervenors[1] are a group of direct holders of WMB senior notes or "investment advisor[s] of . . . direct holder[s] authorized to act on the holder[s]' behalf pursuant to the holder[s]' governing documents." Proposed Intervenors' Reply [Dkt. # 89] at 6. The FDIC has recognized the senior notes as legitimate liabilities of the WMB receivership. The Proposed

---

[1] The Intervenors are Anchorage Capital Group, LLC; Marathon Credit Opportunity Master Fund, LTD; Marathon Special Opportunity Master Fund, LTD; Monarch Alternative Capital LP; Silver Point Capital, LP; Venor Capital Management LP; York Capital Management LP; Anchorage Capital Master Offshore, LTD; PCI Fund LLC; GRF Master Fund, LP; GRF Master Fund II, LP; Venor Capital Master Fund LTD; Silver Point Capital Fund, LP; Silver Point Capital Offshore Master Fund, LP; Monarch Debt Recovery Master Fund LTD; Monarch Opportunities Master Fund LTD; Oakford MF Limited; Monarch Cayman Fund Limited; Monarch Capital Master Partners II LP; Monarch Capital Master Partners II-A LP; P Monarch Recovery LTD; Monarch Alternative Solutions Master Fund LTD; Monarch Research Alpha Master Fund LTD; York Credit Opportunities Fund, LP; York Credit Opportunities Master Fund, LP; Jorvik Multi-Strategy Master Fund, LP; York Multi-Strategy Master Fund, LP; York Select LP; York Select Master Fund, LP; and York Global Value Master Fund, LP. All of the Intervenors, except for Anchorage Capital Group, L.L.C., Monarch Alternative Capital LP, Silver Point Capital, LP, and Venor Capital Management LP, are direct holders of WMB senior notes. The remaining Intervenors are investment advisors to note holders.

Intervenors' interests in this action are economic; they allege that any judgment in Deutsche Bank's favor against the FDIC could exhaust the funds in the estate and eliminate possibility of their recovery. They move to intervene as defendants "to be heard with respect to [their] defenses to Deutsche Bank's claims against the receivership." Mem. in Supp. of Mot. to Intervene [Dkt. # 83-1] at 11.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 24(a)(2) provides that a party seeking to intervene as of right must satisfy four requirements: 1) the application to intervene must be timely, 2) the party must have an interest relating to the property or transaction which is the subject of the action, 3) the party must be so situated that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect that interest, and 4) the party's interest must not be adequately represented by existing parties to the action." *Building and Const. Trades Dept., AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994). A movant for leave to intervene under 24(a)(2) must satisfy the same Article III standing requirements as original parties. *Id.* (citing *City of Cleveland v. Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1517 (D.C. Cir. 1994).

A court may also allow permissive intervention under Federal Rule of Civil Procedure 24(b) where a movant 1) makes a timely motion; 2) has a claim or defense; and 3) that claim or defense shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b); *see also EEOC v. Nat'l Children's Ctr.,* 146 F.3d 1042, 1046 (D.C. Cir. 1998).

## III. ANALYSIS

The FDIC argues that no claimant has the right to intervene in a litigation regarding another claimant's entitlement to receivership funds and that the Proposed Intervenors

have no direct interest in this suit.  It points out that the Proposed Intervenors do not have an interest in the mortgage-backed securities or the underlying transaction documents on which Deutsche Bank seeks relief or an interest in the PAA that is the subject of dispute between the FDIC and JP Morgan.  Likewise, Deutsche Bank and JP Morgan argue that the Proposed Intervenors' interests are not related to the subject of this litigation.

The Proposed Intervenors claim their ground for intervention is similar to one litigated in another case before this Court.  In that litigation, Washington Mutual Incorporated ("WMI") bought an action against the FDIC-receiver for disallowing its claim as a creditor of WMB.  Senior note holders of WMB (the "Bank Bondholders") moved to intervene in the action seeking to be heard with respect to their defenses to WMI's claim against the receivership.  The Bank Bondholders asserted that their senior notes had been recognized by the FDIC-Receiver as a legitimate liability of the receivership and that WMI's claim could imperil their right to recovery.  This Court granted the Bank Bondholders permissive intervention under Rule 24(b)(2) with "great caution, finding that the circumstances of [the] case – wherein the owners of a failed bank posit themselves as creditors against other creditors with claims in the receivership – warrant full explication of the law and facts." *Washington Mutual, Inc. v. Federal Deposit Ins. Corp.*, 2009 WL 3273880, * 2 (D.D.C. Oct. 13, 2009) ("*WMI II*").  This Court did also note that it appeared that the Bank Bondholders could appear as of right in that action.  *Id.*

The Proposed Intervenors in this suit may have interests similar to those of the Bank Bondholders in *WMI II*.  However, those alleged interests have yet to crystallize as this case remains one of contract interpretation, specifically interpretation of the PAA.[2]  Once that

---

[2] The Proposed Intervenors are incorrect that the decision in *WMI II* is preclusive in this case.  The doctrine of issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,

issue is determined, the Proposed Intervenors' interests may become cognizable. Their interests are contingent on the resolution of other legal issues and intervention is not proper at this point. *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 639 (1st Cir. 1989).

Furthermore, intervention would not be appropriate under Rule 24(b) because the Proposed Intervenors do not have a question of law or fact in common with this litigation.

Finally, the Court finds that certain Proposed Intervenors lack standing to become defendants in this matter. "To establish standing under Article III, a prospective intervenor - like any party - must show: (1) injury-in-fact, (2) causation, and (3) redressability." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002). Investment advisors to WMB's senior note holders, whether or not they have authority from those note holders to pursue claims, will be not injured if the outcome of this litigation diminishes receivership funds. These advisors do not allege that the senior notes have been assigned to them. Thus, they lack standing to intervene. For this reason, Anchorage Capital Group, LLC., Monarch Alternative Capital LP, Silver Point Capital, LP, and Venor Capital Management LP's motion will be denied with prejudice.

## IV. CONCLUSION

For the reasons stated, the motion to intervene, Dkt. # 83, will be denied.

Date: May 18, 2012                                             /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge

---

whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). As described above, the factual and legal questions surrounding intervention are wholly different here from *WMI II* and issue preclusion would not apply.