UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for the Trusts listed
in Exhibits 1-A and 1-B,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
Washington Mutual Bank; JPMORGAN
CHASE BANK, National Association; and
WASHINGTON MUTUAL MORTGAGE
SECURITIES CORPORATION,

Defendants.

Case No. 09-CV-1656-RMC

Hon. Rosemary M. Collyer

## REDACTED DEFENDANT FDIC-RECEIVER'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO JPMORGAN CHASE BANK, N.A. AND WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION'S STATEMENT OF MATERIAL FACTS

Of Counsel:

Kathryn R. Norcross, D.C. Bar No. 398120
    Senior Counsel
Kaye A. Allison, Counsel
Anne M. Devens, Counsel
FEDERAL DEPOSIT INSURANCE
    CORPORATION
3501 Fairfax Drive, Room VS-D-7092
Arlington, Virginia 22226
Telephone:  (703) 562-2676
Facsimile:  (703) 562-2475
Email: knorcross@fdic.gov
Email: kallison@fdic.gov
Email: adevens@fdic.gov

William R. Stein, D.C. Bar No. 304048
Scott H. Christensen, D.C. Bar No. 476439
Jason S. Cohen, D.C. Bar No. 501834
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, D.C. 20006-2401
Telephone:  (202) 721-4600
Facsimile:  (202) 721-4646
Email:  stein@hugheshubbard.com
Email:  christensen@hugheshubbard.com
Email:  cohenj@hugheshubbard.com

*Attorneys for Federal Deposit Insurance*
*Corporation in its capacity as Receiver for*
*Washington Mutual Bank*

July 31, 2014

Pursuant to Local Rule 7(h), Defendant Federal Deposit Insurance Corporation, in its

capacity as Receiver for Washington Mutual Bank ("FDIC-Receiver"), submits this Statement of

Material Facts as to Which There Exists a Genuine Issue in Opposition to JPMorgan Chase

Bank, N.A. ("Chase") and Washington Mutual Mortgage Securities Corporation's Motion for

Summary Judgment.

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 1.      Washington Mutual Bank ("WMB") was a federally chartered savings and loan institution. ████████ | 1.      **Undisputed and Material**. |
| 2.      In September 2008, at the apex of the global financial crisis, WMB showed signs of financial distress, including suffering a run on deposits.  (*See* Docket Item ("D.I.") 54-1 at 5.) | 2.      **Undisputed and Material**. |
| 3.  ████████████████████ | 3.      **Undisputed and Immaterial**. ████ ████████████████<br><br>Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 4.  ████████████████████ | 4.      **Undisputed and Material**. |
| 5.  ████████████████████ | 5.      **Undisputed and Material**. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 6. ████████████ | 6.    **Undisputed and Material**. As of mid-September 2008, Mr. Wigand was the Deputy Director for the Franchise and Asset Marketing Branch of the FDIC's Division of Resolutions and Receiverships. |
| 7. ████████████ | 7.    **Undisputed and Material**. |
| 8. ████████████ | 8.    **Undisputed and Material**. |
| 9. ████████████ | 9.    **Undisputed and Material**. |
| 10. ████████████ | 10.    **Undisputed and Material**. ████████████ ████████████  At the time of the WaMu transaction, Mr. Aboussie's title was Associate General Counsel for Large Bank Resolutions. |
| 11. ████████████ | 11.    **Undisputed and Material**. |
| 12.    According to the FDIC, "whole bank" denotes a transfer of all of a failed bank's assets but does not mean the same for its liabilities.  (*See* Ex. 767 (FDIC Resolutions Handbook) at 27-29; ████████████ | 12.    **False and Material**.  While a whole bank transaction may include the transfer of all of a failed bank's assets, it may also transfer substantially all assets and carve out specified assets to be left with the receivership (as occurred in the WaMu transaction).  (*See* Dep. Ex. 1 § 2.1.)  Similarly, a whole bank transaction may include the assumption of all of a failed bank's liabilities, or no liabilities, or |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | (again, as occurred here) substantially all liabilities other than specified liabilities left with the receivership.  (*See id.* at 1; ███████ ███████.)  Therefore, Chase's statement that a whole bank transaction "denotes a transfer of all of a failed bank's assets but does not mean the same for its liabilities" is inaccurate with respect to both assets and liabilities. |
| 13. ████████████ ████ | 13.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 14. ████████████ | 14.      **Undisputed and Material**. ████ |
| 15. ████████████ | 15.      **Undisputed and Immaterial**. ████ |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | |
| 16. | 16.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 17. | 17.   **Undisputed and Material**. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 18. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | 18.    **Disputed and Immaterial**. ███████████████████████████████████████████████████████████████████████████     Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 19. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | 19.    **Undisputed and Material**.  While the FDIC-Receiver does not dispute that Chase has accurately quoted the draft language in question, Chase's characterization of the language is misleading. ███████████████████████████████████████████████████████████████████████████████████████████████████ |



| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | |
| 20. | 20.   **Undisputed and Material**. |
| 21. | 21.   **Undisputed and Material**. |
| 22. | 22.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 23. | 23.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 24. <br> | 24.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 25. | 25.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 26. | 26.      **Disputed and Immaterial**. Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 27. | 27.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ██████████████████████<br>██████████████████████<br>███████████<br>██████████████ | |
| 28. ████████████████████<br>██████████████████████<br>████████ | 28.   **Undisputed and Immaterial**. ████<br>████████████████<br>Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 29. ████████████████████<br>██████████████████████<br>████████ | 29.   **Undisputed and Immaterial**. ████<br>████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 30. ████████████████████<br>██████████████████████<br>████████ | 30.   **Undisputed and Immaterial** ████<br>████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 31. ████████████████████<br>██████████████ | 31.   **Undisputed and Immaterial**.  Mr. Held's lack of recollection regarding capitalization is immaterial to the dispute here. Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 32. ████████████████████<br>██████████ | 32.   **Undisputed and Immaterial**. ████<br>████████████<br>Chase's asserted fact is immaterial, because its |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 33. ███████████ | 33.    **Undisputed and Immaterial**. ███████████  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 34. ███████████ | 34.    **Undisputed and Immaterial**. ███████████  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 35. ███████████ | 35.    **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 36. ███████████ | 36.    **Undisputed and Immaterial**. ███████████  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 37. ███████████ | 37.    **Undisputed and Material**. ███████████ |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ███████████████████████ | |
| 38.    In receivership transactions, the FDIC typically provides bidders an "information package" that reflects "the amounts and types of assets and liabilities that the failing institution holds." (Ex. 767 (FDIC Resolutions Handbook) at 8.) | 38.    **Undisputed and Immaterial**.  An information package was unnecessary since Chase already had extensive access to WaMu's records and personnel and was completing a due diligence process that its then-CFO called "one of the most thorough things we've ever done."  (Dep. Ex. 483 at 10.)  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 39. ████████████████████ | 39.    **Undisputed and Immaterial**.  An information package was unnecessary since Chase already had extensive access to WaMu's records and personnel and was completing a due diligence process that its then-CFO called "one of the most thorough things we've ever done."  ( Dep. Ex. 483 at 10.)  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 40. ████████████████████ | 40.    **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 41. ████████████████████ | 41.    **Undisputed and Material**. |
| 42. ████████████████████ | 42.    **Undisputed and Immaterial.** ████  ████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | repurchase liabilities under the P&A Agreement. |
| 43. ██████████ | 43.   **False and Immaterial.** ██████<br><br>        At the beginning of the "Definitions" section, the P&A Agreement provides that "[a]s used herein, words imparting the singular include the plural and vice versa."  (Dep. Ex. 1 at 2.)  Even if true, Chase's assertion is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 44.    On September 24, 2008, the FDIC posted to IntraLinks a document titled "FDIC Institution Sales Frequently Asked Questions," in which the FDIC asserted that "the Purchase & Assumption agreement language [was] not negotiable." ██████████ | 44.    **Undisputed and Material**.  Among other things, the Q&As also stated that "[t]he bank's interests and obligations associated with the off-balance sheet . . . mortgage securitizations pass to the acquirer" under the proposed transaction.  (Dep. Ex. 153; ██) |
| 45. ██████████ | 45.    **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 46. ██████████ | 46.    **Disputed and Immaterial**. ██████<br><br>        Chase has refused to produce any internal correspondence involving Mr. Eitel from the time of the WaMu transaction ██████ |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ████████████████████████ | ████████████████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 47. ████████████████████ | 47.   **Undisputed and Material**. ████████████████████ |
| 48. ████████████████████ | 48.   **Undisputed and Material**. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ████████████████████████ ████████████████ ███ | |
| 49. ████████████████ ███ | 49.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 50. ████████ ██████████████████████ ████████████████ ██████████ ██████████████████ ████████ | 50.   **Disputed and Immaterial**. ████ ████████████████ ████████████ ████████████████  Chase has refused to produce any substantive internal correspondence involving Mr. Cooney from the time of the WaMu transactio██ ████████████████████ █████████ ████████████████ ████  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 51. ████████████████ ██████████████ ████████████ ██ The FDIC did not accept this change.  (*See* Ex. 1 (P&A Agr.) § 2.5.)  ████ | 51.   **Partially Disputed and Material**. ██ ████████████████████ ██████████████████ ████████████████████ ████████████████████ ██████████████████ █ |

- 14 -

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████ ████████████ | ████████████████████████████ █████████████████ Furthermore, there is no support in any documents produced by Chase for the assertion that Chase believed that its assumption of WaMu repurchase liabilities was in any way limited by the language of the P&A Agreement ████████ |
| 52. ████████████████████████ ███████████████████████████ ███████████ ████████████ ██████████ | 52.     **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 53. ███████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████ | 53.     **Partially Disputed and Immaterial**. ████████████████████████████████ ████████████████████████████████ ██████████████          Section 12.1(b) states that "no indemnification will be provided under this Agreement" for costs incurred in connection with claims against Chase for any "claims with respect to any liability or obligation of the Failed Bank that is expressly assumed by the Assuming Bank pursuant to this Agreement." (*Id.* § 12.1(b)(3).)  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 54. ████████████████ ███████████████ (*See* P&A Agr. § 12.1.) | 54.     **Undisputed and Immaterial**. ████ ████████████████████████████████ ████████████████████ the categories of claims for which Chase is entitled to indemnification are "subject in each case to certain exclusions as provided in (b) of this Section 12.1."  (Dep. Ex. 1 § 12.1.)  Section 12.1(b) states that "no indemnification will be provided under this |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | Agreement" for costs incurred in connection with claims against Chase for any "claims with respect to any liability or obligation of the Failed Bank that is expressly assumed by the Assuming Bank pursuant to this Agreement." (*Id.* § 12.1(b)(3).)  Section 2.1 states that Chase "expressly assumes" all liabilities reflected on WaMu's pre-closure books and records, with specified exceptions.  (*Id.* § 2.1.)  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 55. ████████████ | 55.    **Undisputed and Material**. ████████████ |
| 56. ████████████ | 56.    **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 57. ████████████ | 57.    **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 58. ████████████ | 58.    **Undisputed and Material**. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 59.      The Office of Thrift Supervision ("OTS") was WMB's primary regulator. (Ex. 912 (Statement of the FDIC before the Permanent Subcommittee on Investigations, Committee on Homeland Security and Governmental Affairs, of the U.S. Senate (April 16, 2010)), at 1.) | 59.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 60.      On September 25, 2008, the OTS closed WMB and placed it into an FDIC receivership.  (Ex. 911 (Order No. 2008-26, OTS No. 08551 (Sept. 25, 2008)).) | 60.      **Undisputed and Material**. |
| 61.      WMB's failure was the largest bank failure in U.S. history.  (D.I. 54-1 at 6.) | 61.      **Undisputed and Material**. |
| 62.      ██████████████████ | 62.      **Undisputed and Material**. |
| 63.      ██████████████████ | 63.      **Undisputed and Material**. |
| 64.      If the FDIC had been forced to liquidate WMB, the FDIC estimates it would have suffered approximately $41 billion in losses to the FDIC-administered Deposit Insurance Fund.  (Ex. 912 (Statement of the FDIC before the Permanent Subcommittee on Investigations, Committee on Homeland Security and Governmental Affairs, of the U.S. Senate (April 16, 2010)), at 24.) | 64.      **Undisputed and Immaterial**.  The testimony is undisputed, but there is no evidence that the FDIC would have been forced to liquidate WaMu.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 65.      ██████████████████ | 65.      **Disputed and Immaterial**.  ████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 66. ███████████████████████████████████████████████████████ | 66.   **Undisputed and Material**. ███████████████████████████████████████████████████████ |
| 67. ███████████████████████████████████████████████████████ | 67.   **Undisputed and Material**. |
| 68.   The P&A Agreement provides that it "will constitute the legal, valid and binding obligation of the Assuming Bank." (P&A Agr. § 11(c).) | 68.   **Undisputed and Material**. |
| 69.   There is no definition of "Books and Records" in the P&A Agreement.  (*See* P&A Agr. Art. I.) | 69.   **Undisputed and Immaterial**.  There is a definition of Records in the P&A Agreement. Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 70.   There is no definition of "Books" in the P&A Agreement.  (*See id.*) | 70.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 71.   There is a definition of "Book Value" in the P&A Agreement.  (*See id.* (def'n of "Book Value").) | 71.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 72.      There is a definition of "Accounting Records" in the P&A Agreement.  (*See id.* (def'n of "Accounting Records").) | 72.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 73.      There is a definition of "Record" in the P&A Agreement.  (*See id.* (def'n of "Record").) | 73.      **Undisputed and Material**.  The P&A Agreement also provides, with respect to defined terms, that "words imparting the singular include the plural and vice versa." (Dep. Ex. 1 at 2.) |
| 74. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 74.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 75. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 75.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 76. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 76.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 77. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 77.      **Undisputed and Immaterial**.  There is also no dispute that the WaMu P&A Agreement was different from other purchase and assumption agreements in this respect, as the term "Records" is also used to describe liabilities that are transferred to the acquiring institution under Section 2.1.  (Dep. Ex. 1 § 2.1.)  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | repurchase liabilities under the P&A Agreement. |
| 78.      Section 2.1 of the P&A Agreement provides that:<br><br>Subject to Sections 2.5 and 4.8, the Assuming Bank expressly assumes at Book Value (subject to adjustment pursuant to Article VIII) and agrees to pay, perform, and discharge, all of the liabilities of the Failed Bank which are reflected on the Books and Records of the Failed Bank as of Bank Closing, including the Assumed Deposits and all liabilities associated with any and all employee benefit plans, except as listed on the attached Schedule 2.1, and as otherwise provided in this Agreement (such liabilities referred to as "Liabilities Assumed"). Notwithstanding Section 4.8, the Assuming Bank specifically assumes all mortgage servicing rights and obligations of the Failed Bank.<br><br>(P&A Agr. § 2.1.) | 78.      **Undisputed and Material**. |
| 79.      Section 3.1 of the P&A Agreement governs the purchase of assets by JPMC.  (*See* P&A Agr. § 3.1.) | 79.      **Undisputed and Material**.  Section 3.1 of the P&A Agreement, along with other sections and schedules, governs the purchase of assets by Chase. |
| 80.      Under Section 3.1 of the P&A Agreement, JPMC purchased WMB assets "whether or not reflected on the books of the Failed Bank as of Bank Closing." (*Id.*) | 80.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 81.      Pursuant to the last clause of Section 3.1 of the P&A Agreement, JPMC "specifically purchase[d] all mortgage servicing rights and obligations" of WMB. (*Id.*) | 81.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 82.      Section 4.8 of the P&A Agreement provides, in part, that "[w]ith respect to agreements existing as of Bank Closing which provide for the rendering of services by or to | 82.      **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| the Failed Bank . . . the Assuming Bank shall give the Receiver written notice specifying whether it elects to assume or not to assume each such agreement." (*See* P&A Agr. § 4.8.) | liabilities under the P&A Agreement. |
| 83.     Article VIII of the P&A Agreement provides that JPMC:<br><br>in accordance with the best information then available, shall provide to the Receiver a Proforma Statement of Condition indicating all assets and liabilities of the Failed Bank as shown on the Failed Bank's books and records as of Bank Closing and reflecting which assets and liabilities are passing to the Assuming Bank and which assets and liabilities are to be retained by the Receiver.<br><br>(P&A Agr. Art. VIII.) | 83.     **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 84. | 84.     **Disputed and Immaterial**.  The purchase and assumption agreements related to other failed banks have provided that the assuming bank, and not the FDIC, will prepare a pro forma.  (*See*, *e.g.*, Art. VIII, Purchase and Assumption Agreement for PFF Bank and Trust, Pomona, CA (Nov. 21, 2008), *available at* http://www.fdic.gov/bank/individual/ failed/pff_P_and_A.pdf; Art. VIII, Purchase and Assumption Agreement for Downey Savings and Loan Association, F.A. (Nov. 21, 2008), *available at* http://www.fdic.gov/bank/ individual/failed/downey_P_and_A.pdf.)  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 85. | 85.     **Undisputed and Immaterial**. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| | ████████████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 86.   ████████████████ | 86.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 87.   Other than in Section 2.1, the term "books and records" lacks initial capitals—that is, is lower-case—in all other uses in the P&A Agreement.  (*See* P&A Agr. Arts. I (def'n of "Deposit"), VIII & §§ 3.4, 9.6 (lower-case uses).) | 87.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 88.   ████████████████ | 88.   **Undisputed and Immaterial**.  Article VIII was drafted to reflect the unusual requirement that the acquiring bank prepare the Proforma Statement of Condition for WaMu.  While the FDIC-Receiver understands "books and records" in Article VIII to share the same meaning as in Section 2.1, only a subset of the Records are necessary for preparing a Proforma Statement of Condition for accounting purposes.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 89.   ████████████████ | 89.   **Undisputed and Immaterial**.  The FDIC-Receiver does not dispute that Chase has accurately quoted the deposition testimony it references.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ████████████████████ | Agreement. |
| 90. ████████████████ | 90.   **Disputed and Immaterial**. ██████ In this P&A Agreement, that pricing is relevant to the FDIC-Receiver's ability under Section 3.6 to re-acquire from Chase particular assets, and their related liabilities, and thus how much money the FDIC-Receiver must pay Chase for such returned assets.  (*See* Dep. Ex. 1 § 3.6; ██████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 91. ████████████████ | 91.   **Partially Disputed and Immaterial**. ██████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ███████████████████████ | 92.   **Disputed and Immaterial**. ████████████████████████████ ████████████████ The FDIC-Receiver further disputes this paragraph for the reasons set forth in its response to ¶ 90 above.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 93. ████████████████████████ | 93.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 94. ████████████████████████ | 94.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 95. ████████████████████████ | 95.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 96. ████████████████████████ ███████████████████████ | 96.   **Undisputed and Immaterial**. ████████████████████████████ |

- 24 -

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ██████ | ██████████████ especially given that the FDIC-Receiver informed Chase and all other bidders on September 24, 2008 that "[t]he bank's interests and obligations associated with the off-balance sheet . . . mortgage securitizations pass to the acquirer" under the proposed transaction.  (Dep. Ex. 153; ███████) |
| 97. ████████████ | 97.     **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 98. ████████████ | 98.     **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 99. ████████████ | 99.     **Undisputed and Immaterial**. ███████████ The repurchase liabilities at issue in this case could not have been considered "unknown" at the time of the WaMu transaction in any way, and were, in fact, reflected on WaMu's pre-closure books and records.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 100. ███████████████ | 100.    **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 101. ███████████████ | 101.    **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 102. ███████████████ | 102.    **Partially Disputed and Immaterial.** ███████████████ |
| 103. ███████████████ | 103.    **Undisputed and Immaterial**. ███████████████ |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 104. | 104. **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 105. | 105. **Undisputed and Immaterial**. Chase's asserted fact is immaterial, because its truth is not necessary to |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| | resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 106. ████████████████████████ | 106.   **Undisputed and Material**.  WaMu's public filings made it clear that the reserves established for its repurchase liabilities were based on estimates subject to ongoing adjustment, and as a result the reserve amount did not represent the maximum risk exposure "[t]hroughout the life of these repurchase or indemnification liabilities." (Ex. 804, WaMu 2007 Form 10-K (3/21/08) at 15-16.)  WaMu also disclosed that it "may learn of additional information that can affect the assessment of loss probability or the estimation of the amounts involved" in the repurchase reserves and that "[c]hanges in these assessments can lead to significant changes in the recorded reserves." (*Id.*)  Prior to the WaMu transaction, Chase knew and disclosed that the "total exposure" for representation and warranty liability was the unpaid principal balance of all loans subject to repurchase obligations, rather than the recorded reserve amount.  ████████████████ Dep. Ex. 525, JPMC 2007 Form 10-K (2/29/08) at 172.) |
| 107. ████████████████████████ | 107.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 108.   The definition of "Book Value" in the P&A Agreement contemplates that there will be "adjustments made by the Assuming Bank for normal operational and timing differences." (P&A Agr. Art. I (def'n of "Book Value").) | 108.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 109. ████████████████████████ | 109.   **Disputed and Immaterial**. ████████ ████████████████████████████  Chase's |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ███████ | asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 110. ████████ | 110.   **Partially Disputed and Immaterial**. The phrase "adjustments made by the Assuming Bank for normal operational and timing differences" is taken from the P&A Agreement and is not found in any of the materials cited by Chase in support of this paragraph. (*See* Dep. Ex. 1 at 3.) █████ ██████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 111. ████████ | 111.   **Undisputed and Material**. |
| 112. ████████ | 112.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

- 29 -

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ██████████████████ | |
| 113.   ██████████████ | 113.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 114.   Under 12 U.S.C. 1821(d)(2)(G)(1)(ii), the FDIC "may . . . transfer any asset or liability . . . without any approval . . . or consent . . . to such transfer." | 114.   The law speaks for itself and is not quoted in full in Chase's statement. |
| 115.   ██████████████ | 115.   **Disputed and Immaterial**.  ██████████████████████████ Chase assumed all seller and servicer contracts under the terms of the P&A Agreement.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 116.   ██████████████ | 116.   **Undisputed and Immaterial**.  ██████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 117.   ██████████████ | 117.   **Disputed and Immaterial**.  ██████████████ |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ████████████████████ ████████████ ██████████████ | ██████████████████████████ ████████████████████████ ██████████████████████ ████████████████████████ ██████████████████████████ ████████████████████████████ ████████████████████████ ██████████████████████ ████████████████████████ ██████████████████████ ████████████████████████ ██████████████████████ |
| 118.   ████████████████ ██████████████████████ | 118.   **Disputed and Immaterial**. ████████████████████ ██████████████████ ████████████████████ ██████████████████████ ██████████████████ ████████████████ ████████████████████ ██████████████ |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| | █████████████████████████ ███████████████████████████ ████████████████████████ ███████████████████████ ██████████████████████ █████████████████████ █████████████████████ |
| 119. ██████████████████ ███████████████████████ ████████████████████████ ████████████████████████ ██████████████████ | 119.    **Partially Disputed and Material**. ███████████████████████████ ████████████████████████████ ███████████████████████████ ██████████████████████████ ████████████████████████████ ███████████████████ In normal accounting practice, purchase accounting adjustments are made effective as of the date of the transaction, which in this case would be September 25, 2008.  (*See* FAS 141 ¶¶ 48-49.) ████████████████████████ ████████████████████████████ ███████████████████████████ ██████████████████████ When Chase reported the adjusted goodwill that reflected the purchase accounting adjustment, it did so with an effective date of September 25, 2008.  (Dep. Ex. 540, Chase 2008 Form 10-K (3/2/09) at 136.) ████████████████████████ |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  |  |
| 120. | 120.   **Undisputed and Material**. |
| 121. | 121.   **Partially Disputed and Material**. |
| 122. | 122.   **Disputed and Immaterial**.<br><br>Regardless, Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 123.  | 123. **Disputed and Immaterial**. Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 124. | 124. **Partially Disputed and Material**. Chase's characterization is misleading. |
| 125. Section 4.8 of the P&A Agreement provides that, within 120 days of Bank Closing, JPMC must give the FDIC notice whether it will assume certain WMB contracts. (P&A Agr. § 4.8.) | 125. **Undisputed and Immaterial**. The only contracts eligible for such notice under Section 4.8 are "agreements existing as of Bank Closing which provide for the rendering of services by or to the Failed Bank." (Dep. Ex. 1 § 4.8.) Chase is "deemed . . . to have assumed" any WaMu contracts for which notice is not given under Section 4.8. (*Id.*) Sections 2.1 and 3.1 specifically exclude "mortgage servicing rights and obligations" from the scope of Section 4.8. (*Id.* §§ 2.1, 3.1.) Schedule 3.2 of the P&A Agreement confirms that Chase's acquisition of WaMu's mortgage |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| | servicing rights and obligations includes "related contracts." (*Id.* at 36.)  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 126.    Pursuant to 12 U.S.C. § 1821(e), the FDIC as "conservator or receiver for any insured depository institution may repudiate any contract or lease" of a failed bank. | 126.    The law speaks for itself and is not quoted in full in Chase's statement. |
| 127. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ | 127.    **Disputed and Immaterial**. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 128. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████ | 128.    **Undisputed and Immaterial**. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| | liabilities under the P&A Agreement. |
| 129. ███████████████████████ ████████████████████████ ████████████████████ | 129.  **Undisputed and Immaterial**. ███████████████████████ ███████████████████████ ███████████████████████ ██████████████  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 130. ████████████████████████ ████████████████████████ ████████████████████ | 130.  **False and Material**.  Before Chase signed the P&A Agreement, the FDIC-Receiver unambiguously informed Chase and other potential bidders that the acquirer would assume all of WaMu's mortgage securitization liabilities, including the repurchase liabilities. (*See* Dep. Ex. 153.) ███████████████████████ ███████████████████████ ███████████ |
| 131. ████████████████████████ ████████████████████ | 131.  **Undisputed and Material**. |
| 132.     On December 30, 2008, Deutsche Bank filed a proof of claim in the WMB receivership, claiming WMB had breached representations and warranties in Pooling and Servicing Agreements for private-label RMBS trusts (the "Governing Agreements").  (D.I. 1 ¶ 10.) | 132.  **Undisputed and Material**. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 133. ████████████████ ████████████████ ████████████ | 133. **Partially Disputed and Immaterial**. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 134.     The FDIC failed to respond to Deutsche Bank's proof of claim within 180 days of its filing. On August 26, 2009, Deutsche Bank commenced this action against the FDIC alone.  (D.I. 1 ¶¶ 10, 15-17.) | 134.     **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 135. ████████████████ ████████████████ ████████████ | 135. **Partially Disputed and Immaterial**. ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 136. ████████████████ ████████████████ ████████████ | 136.     **Undisputed and Material**. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ███████████████████ | |
| 137. ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ | 137.   **Undisputed and Material**. ██████████ ██████████████ ██████████████ ██████████████ |
| 138. ████████████ ████████████ | 138.   **Undisputed and Immaterial**. ██████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 139. ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ | 139.   **Disputed and Immaterial**. ██████ ██████████████ ██████████████ ██████████████ ██████████████ ██████████████ ██████████████ ██████████████ ██████████████          Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 140. ████████████ ████████████ | 140.   **Undisputed and Immaterial**. ███████ ███████████ |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ██████████████████████<br>██████ | █████████████████████████<br>█████████████████████████<br>█████████████████████████<br>█████████████████████████<br>████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 141. ███████████████<br>█████████████████████<br>█████████████████<br>████████████████████<br>██████████████<br>████████████████ | 141.   **Undisputed and Immaterial**. ████<br>██████████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 142.   In January 2010, the FDIC disallowed a proof of claim from the North Carolina Department of Revenue ("North Carolina") seeking pre-receivership WMB taxes on the ground that its "claim and liability for that claim transferred to JPMorgan Chase" under the P&A Agreement.  (D.I. 1-3, No. 10-cv-505 (RMC).) | 142.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 143.   When North Carolina sued the FDIC and JPMC over that assessment, the FDIC unilaterally settled North Carolina's claims against both the FDIC and JPMC, without JPMC's involvement or, prior to the settlement's announcement, awareness.  (*See* D.I. 57, No. 10-cv-505 (RMC).) | 143.   **Undisputed and Immaterial**.  The FDIC-Receiver settled because costs imposed by litigation with Chase outweighed liabilities, and the FDIC-Receiver settled without an admission of liability. ██████████████<br>██████████████████████<br>█████████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| | WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 144.    Taxing authorities continued to submit to JPMC assessments for WMB tax liability, often seeking payment from JPMC.  (*See, e.g.*, D.I. 18 Exs. E, O, S, U, AA, No. 12-cv-450 (RMC).) | 144.    **Disputed and Immaterial**.  Chase's assertion is misleading.  The cited exhibit is Chase's two-year old Amended Complaint in a separate action before this Court; that Complaint attached even older exhibits, some of them years older.  As Chase is aware well before submitting this assertion, several of the taxing authorities have confirmed in writing that they have abandoned the alleged tax liabilities along with any attempt to recover from Chase or the FDIC-Receiver.  For example, New York City confirmed on February 21, 2014 that it abandoned its tax liability, and on March 27, 2014 – three months before submitting this purported fact – Chase stipulated to the dismissal with prejudice of the pre-receivership tax liabilities asserted by New York City, because the City abandoned the liability.  *See* Stipulation and Order of Partial Dismissal, *JPMorgan Chase Bank, N.A. v. FDIC*, No. 12-cv-450 (RMC) (D.D.C.) (Docket Entry 46).  Nevertheless, Chase now cites the abandoned assessments from New York City (Exs. O, S, and U) to support its claim that taxing authorities continued to submit assessments to Chase.  After Chase filed this assertion, Ohio (Ex. AA) abandoned its tax liability formerly asserted against WaMu.  The FDIC-Receiver also has obtained the abandonment of tax liabilities previously asserted by Alabama, Delaware, Michigan, and New Jersey.  Chase settled with California and Connecticut (Ex. E), and resolved tax liabilities previously asserted by Oregon and Washington.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 145.    The FDIC encouraged taxing authorities to pursue JPMC for those assessments even if the claims in question were barred because taxing authorities had not filed a timely claim with the FDIC receivership. (*See* D.I. 23 at 7-15, No. 12-cv-450 (RMC).) | 145.    **Disputed and Immaterial**.  The FDIC-Receiver disclaimed liability that transferred to Chase and, as a result, disallowed those claims.  The FDIC-Receiver has sent letters to tax authorities and obtained abandonment of millions of dollars in alleged tax liabilities in order to benefit both Chase and the FDIC-Receiver and Chase.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 146.    This Court called this FDIC tactic "irresponsible." (March 21, 2013 Oral Argument Tr. at 39:10, No. 12-cv-450 (RMC).) | 146.    **Disputed and Immaterial**.  The transcript speaks for itself.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 147.    ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ | 147.    **Partially Disputed and Immaterial**. ███████████████████  The terms of each Governing Agreement identify the responsibilities of the parties to those agreements, and those terms may differ from the general statement expressed in this paragraph.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 148.    ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ | 148.    **Partially Disputed and Immaterial**. ███████████████████  Chase's asserted facts in this paragraph are immaterial, because their truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 149.    ██████████████████████ ██████████████████████ | 149.    **Partially Disputed and Immaterial**.  The terms of each Governing Agreement identify the responsibilities of the parties to |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ███████████████████████ | those agreements, and those terms may differ from the general statement expressed in this paragraph. ██████████████ ███████████████████████ ███████████████ Chase's asserted facts in this paragraph are immaterial, because their truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 150. ████████████████ | 150.   **Undisputed and Immaterial**.███ █████████████████████ ████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 151. ███████████████ | 151.   **Undisputed and Immaterial**.  The terms of each Governing Agreement identify the responsibilities of the parties to those agreements, and those terms may differ from the general statement expressed in this paragraph.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 152. ███████████████ | 152.   **Undisputed and Immaterial**.  The terms of each Governing Agreement identify the responsibilities of the parties to those agreements, and those terms may differ from the general statement expressed in this paragraph.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| 153. | 153.   **Undisputed and Immaterial**. The terms of each Governing Agreement identify the responsibilities of the parties to those agreements, and those terms may differ from the general statement expressed in this paragraph.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 154. | 154.   **Partially Disputed and Immaterial**. The terms of each Governing Agreement identify the responsibilities of the parties to those agreements, and those terms may differ from the general statement expressed in this paragraph.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 155. | 155.   **Partially Disputed and Immaterial**. The terms of each Governing Agreement identify the responsibilities of the parties to those agreements, and those terms may differ from the general statement expressed in this paragraph. |



| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
|  | ▮▮▮▮▮▮▮▮▮▮▮▮ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 156. ▮▮▮▮▮▮▮▮▮ | 156.   **Undisputed and Immaterial**.  The terms of each Governing Agreement identify the responsibilities of the parties to those agreements, and those terms may differ from the general statement expressed in this paragraph.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 157.   Both sides proffered experts on mortgage securitizations. ▮▮▮▮▮▮▮▮▮ | 157.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 158. ▮▮▮▮▮▮▮ | 158.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| ████████████████████████████ | liabilities under the P&A Agreement. |
| 159. ███████████████ | 159.   **Undisputed and Immaterial**.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 160.   There is no evidence that in the transactions at issue here, the governing contracts impose on the servicer any seller repurchase obligations. | 160.   **Partially Disputed and Immaterial**. The terms of each Governing Agreement identify the responsibilities of the parties to those agreements, and those terms may differ from the general statement expressed in this paragraph. ████████████████████ ████████████████████ ████████████████████ ██████████ Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 161.   In a purchase and assumption transaction between the FDIC and IndyMac Federal Bank, FSB, Section 2.1 of the applicable purchase and assumption agreement transferred "duties and obligations under any contract pursuant to which the Failed Bank provides mortgage servicing for others, or mortgage servicing is provided to the Failed Bank by others" and "duties and obligations under any contract pursuant to which the Failed Bank holds mortgage servicing rights." (Ex. 918 (IndyMac purchase & assumption agreement) § 2.1.)  Section 3.1 thereof | 161.   **Undisputed and Immaterial**.  The July 11, 2008 Purchase and Assumption Agreement for IndyMac Federal Bank was substantively and significantly different than the P&A Agreement at issue here.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| transferred "mortgage servicing rights and related contracts." (*Id.* at § 3.1.) | |
| 162.    The FDIC argued in *MBIA Insurance Corp. v. IndyMac Federal Bank, F.S.B.*, 816 F. Supp. 2d 81 (D.D.C. 2011), that the IndyMac purchase and assumption agreement "did not transfer to [the bridge bank] any 'non-servicing obligations and liabilities as a result of [the failed bank's] acts or omissions in connection with the origination or sale of [mortgage] loans.'" (Ex. 919 (FDIC-Receiver Mem. in Support of Mot. to Dismiss, IndyMac, 816 F. Supp. 2d 81 (D.D.C. 2011) (No. 09-cv-1011 (ABJ)), ECF No. 26-1) at 9.)  The FDIC argued that "all seller obligations . . . were not passed on to [the bridge bank], but remained with the . . . receivership estate." (Ex. 917 (FDIC-Receiver Reply Mem. in Support of Mot. to Dismiss, IndyMac, 816 F. Supp. 2d 81 (D.D.C. 2011) (No. 09-cv-1011 (ABJ)), ECF No. 32) at 14.) | 162.    **Undisputed and Immaterial**.  The July 11, 2008 Purchase and Assumption Agreement for IndyMac Federal Bank was substantively and significantly different than the P&A Agreement at issue here.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |
| 163.    In litigation that Deutsche Bank brought over seller repurchase obligations in IndyMac-issued RMBS, the FDIC wrote in a brief submitted to the U.S. Court of Appeals for the Ninth Circuit the following:<br><br>Before its failure in 2008, [IndyMac] had issued and sold mortgage-backed securities. These securities consisted of mortgage pools established by "Pooling and Servicing Agreements" ("PSAs") . . . . Although each PSA is contained in a single document, the document contains two agreements IndyMac entered into in two different capacities: as "Seller" and as "Master Servicer." . . . In its capacity as "Seller" IndyMac also made certain "representations and warranties" about the quality of the loans. The PSAs further provide that if any party discovered a breach of any of those representations and warranties, IndyMac in its capacity as "Seller" had to . . . substitute or repurchase the affected mortgage loan or | 163.    **Undisputed and Immaterial**.  The July 11, 2008 Purchase and Assumption Agreement for IndyMac Federal Bank was substantively and significantly different than the P&A Agreement at issue here.  Chase's asserted fact is immaterial, because its truth is not necessary to resolve whether Chase assumed WaMu's mortgage repurchase liabilities under the P&A Agreement. |

| CHASE'S ASSERTION | FDIC-RECEIVER'S RESPONSE |
|---|---|
| loans. In its capacity as "Master Servicer," IndyMac agreed to collect and process mortgage payments in return for servicing fees and other compensation. The PSAs do not require IndyMac, in its capacity as Master Servicer, to substitute or repurchase non-performing mortgages. The PSAs further provide that the Master Servicer shall only be liable for obligations imposed "specifically" on it by the PSAs, which means that the Master Servicer shall not be liable for obligations imposed on other contracting parties, such as the Seller.<br><br>(Ex. 916 (FDIC Principal Br., *Deutsche Bank Nat'l Trust Co. v. FDIC*, 744 F.3d 1124 (9th Cir. 2014) (No. 11-56339), ECF No. 8111464) at 2-3 (record citations and quotation marks omitted).) | |

Dated:  July 31, 2014

Of Counsel:

Kathryn R. Norcross, D.C. Bar No. 398120
  Senior Counsel
Kaye A. Allison, Counsel
Anne M. Devens, Counsel
FEDERAL DEPOSIT INSURANCE
  CORPORATION
3501 Fairfax Drive, Room VS-D-7092
Arlington, Virginia 22226
Telephone:  (703) 562-2676
Facsimile:  (703) 562-2475
Email:  knorcross@fdic.gov
Email:  kallison@fdic.gov
Email:  adevens@fdic.gov

Respectfully submitted,

  /s/ William R. Stein
William R. Stein, D.C. Bar No. 304048
Scott H. Christensen, D.C. Bar No. 476439
Jason S. Cohen, D.C. Bar No. 501834
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, D.C. 20006-2401
Telephone:  (202) 721-4600
Facsimile:  (202) 721-4646
Email:  stein@hugheshubbard.com
Email:  christensen@hugheshubbard.com
Email:  cohenj@hugheshubbard.com

*Attorneys for Federal Deposit Insurance
Corporation in its capacity as Receiver for
Washington Mutual Bank*