

**"Eitel, Mitchell"**
**<Eitelm@sullcrom.com>**

09/24/2008 05:37 PM

To: "'Gearin, David'" <DGearin@FDIC.gov>
cc: "dan.cooney@chase.com" <dan.cooney@chase.com>, "Orme, Camille L." <Ormec@sullcrom.com>, "Bray, Garth" <BrayG@sullcrom.com>
Subject: Indemnity

David --

Indemnity language as discussed.

Mitch

Document3.pdf    Type: application/pdf
                 Name: Document3.pdf



CONFIDENTIAL                                                                 JPMC_DBNTC_0000006556

Confidentiality Agreement (which are affirmed and ratified hereby) are and remain true and correct in all material respects and do not fail to state ~~any fact required to make the~~ information contained therein not misleading. *[handwritten: directly or indirectly, described below]*

## ARTICLE XII

<ARTICLE XII
>INDEMNIFICATION

<12.1->**12.1 Indemnification of Indemnitees.** From and after Bank Closing and subject to the limitations set forth in this Section and Section 12.6 and compliance by the Indemnitees with Section 12.2, the Receiver agrees to indemnify and hold harmless the Indemnitees against any and all costs, losses, liabilities, expenses (including attorneys<->' fees) incurred prior to the assumption of defense by the Receiver pursuant to paragraph (d) of Section 12.2, judgments, fines and amounts paid in settlement actually and reasonably incurred in connection with claims against any Indemnitee ~~based on liabilities of the Failed Bank that are not assumed by the Assuming Bank pursuant to this Agreement or subsequent to the execution hereof by the Assuming Bank or any Subsidiary or Affiliate of the Assuming Bank for which indemnification is provided hereunder~~ in (a) of this Section 12.1, subject to certain exclusions as provided in (b) of this Section 12.1: *[handwritten: or any Affiliate of the Failed Bank]*

(a)

<(a)><(1)> (1) claims based on the rights of any shareholder or former shareholder as such of (x) the Failed Bank, or (y) any Subsidiary or Affiliate of the Failed Bank;

<(2)->(2) claims based on the rights of any creditor as such of the Failed Bank, or any creditor as such of any director, officer, employee or agent of the Failed Bank, with respect to any indebtedness or other obligation of the Failed Bank arising prior to Bank Closing;

<(3)->(3) claims based on the rights of any present or former director, officer, employee or agent as such of the Failed Bank or of any Subsidiary or Affiliate of the Failed Bank;

<(4)->(4) claims based on any action or inaction prior to Bank Closing of the Failed Bank, its directors, officers, employees or agents as such, or any Subsidiary or Affiliate of the Failed Bank, or the directors, officers, employees or agents as such of such Subsidiary or Affiliate;

<(5)->(5) claims based on any malfeasance, misfeasance or nonfeasance of the Failed Bank, its directors, officers, employees or agents with respect to the trust business of the Failed Bank, if any;

<(6)->(6) claims based on any failure or alleged failure (not in violation of law) by the Assuming Bank to continue to perform any service or activity previously performed by the Failed Bank which the Assuming Bank is not required to perform pursuant to this Agreement or which arise under any contract to which the Failed Bank was a party which the Assuming Bank elected not to assume in accordance with this Agreement and which neither the Assuming Bank Whole P & A 991022 Washington Mutual Bank September 24, 2008; 12:54 PM Henderson, Nevada 29

CONFIDENTIAL    JPMC_DBNTC_0000006557

*[Handwritten annotation at top, inserting new paragraph (9):]*
(9) claims arising from the entry into this Agreement or consummation of the transaction contemplated hereby or in any action or inaction of any Indemnitee or other Person directly or indirectly related thereto, or the process by which this Agreement *[and such transaction have been entered into;]*

nor any Subsidiary or Affiliate of the Assuming Bank has assumed subsequent to the execution hereof;

<(7)>(7) claims arising from any action or inaction of any Indemnitee, including for purposes of this Section 12.1(a)(7) the former officers or employees of the Failed Bank or of any Subsidiary or Affiliate of the Failed Bank that is taken upon the specific written direction of the Corporation or the Receiver, other than any action or inaction taken in a manner constituting bad faith, gross negligence or willful misconduct; and

<(8)>(8) claims based on the rights of any depositor of the Failed Bank whose deposit has been accorded <">"withheld payment<">" status and/or returned to the Receiver or Corporation in accordance with Section 9.5 and/or has become an <">"unclaimed deposit<">" or has been returned to the Corporation or the Receiver in accordance with Section 2.3;

<(b)>(b) provided, that, with respect to this Agreement, except for paragraphs *7, 8, 9 and 10* <(7) and (8)> of Section 12.1(a), no indemnification will be provided under this Agreement for any:

<(1)>(1) judgment or fine against, or any amount paid in settlement (without the written approval of the Receiver) by, any Indemnitee in connection with any action that seeks damages against any Indemnitee (a <">"counterclaim<">") arising with respect to any Asset and based on any action or inaction of either the Failed Bank, its directors, officers, employees or agents as such prior to Bank Closing, unless any such judgment, fine or amount paid in settlement exceeds the greater of (i) the Repurchase Price of such Asset, or (ii) the monetary recovery sought on such Asset by the Assuming Bank in the cause of action from which the counterclaim arises; and in such event the Receiver will provide indemnification only in the amount of such excess; and no indemnification will be provided for any costs or expenses other than any costs or expenses (including attorneys<">'</> fees) which, in the determination of the Receiver, have been actually and reasonably incurred by such Indemnitee in connection with the defense of any such counterclaim; and it is expressly agreed that the Receiver reserves the right to intervene, in its discretion, on its behalf and/or on behalf of the Receiver, in the defense of any such counterclaim;

<(2)>(2) claims with respect to any liability or obligation of the Failed Bank that is expressly assumed by the Assuming Bank pursuant to this Agreement or subsequent to the execution hereof by the Assuming Bank or any Subsidiary or Affiliate of the Assuming Bank;

<(3)>(3) claims with respect to any liability of the Failed Bank to any present or former employee as such of the Failed Bank or of any Subsidiary or Affiliate of the Failed Bank, which liability is expressly assumed by the Assuming Bank pursuant to this Agreement or subsequent to the execution hereof by the Assuming Bank or any Subsidiary or Affiliate of the Assuming Bank;

<(4)>(4) claims based on the failure of any Indemnitee to seek recovery of damages from the Receiver for any claims based upon any action or inaction of the Failed Bank, its directors, officers, employees or agents as fiduciary, agent or custodian prior to Bank Closing; Whole P & A 991022 Washington Mutual Bank September 24, 2008; 12:54 PM Henderson, Nevada 30

CONFIDENTIAL

JPMC_DBNTC_0000006558

<(5)->(5) claims based on any violation or alleged violation by any Indemnitee of the antitrust, branching, banking or bank holding company or securities laws of the United States of America or any State thereof;

<(6)->(6) claims based on the rights of any present or former creditor, customer, or supplier as such of the Assuming Bank or any Subsidiary or Affiliate of the Assuming Bank;

<(7)->(7) claims based on the rights of any present or former shareholder as such of the Assuming Bank or any Subsidiary or Affiliate of the Assuming Bank regardless of whether any such present or former shareholder is also a present or former shareholder of the Failed Bank;

<(8)->(8) claims, if the Receiver determines that the effect of providing such indemnification would be to (i) expand or alter the provisions of any warranty or disclaimer thereof provided in Section 3.3 or any other provision of this Agreement, or (ii) create any warranty not expressly provided under this Agreement;

<(9)->(9) claims which could have been enforced against any Indemnitee had the Assuming Bank not entered into this Agreement;

<(10)->(10) claims based on any liability for taxes or fees assessed with respect to the consummation of the transactions contemplated by this Agreement, including without limitation any subsequent transfer of any Assets or Liabilities Assumed to any Subsidiary or Affiliate of the Assuming Bank;

<(11)->(11) except as expressly provided in this Article XII, claims based on any action or inaction of any Indemnitee, and nothing in this Agreement shall be construed to provide indemnification for (i) the Failed Bank, (ii) any Subsidiary or Affiliate of the Failed Bank, or (iii) any present or former director, officer, employee or agent of the Failed Bank or its Subsidiaries or Affiliates; provided, that the Receiver, in its discretion, may provide indemnification hereunder for any present or former director, officer, employee or agent of the Failed Bank or its Subsidiaries or Affiliates who is also or becomes a director, officer, employee or agent of the Assuming Bank or its Subsidiaries or Affiliates;

<(12)->(12) claims or actions which constitute a breach by the Assuming Bank of the representations and warranties contained in Article XI;

<(13)->(13) claims arising out of or relating to the condition of or generated by an Asset arising from or relating to the presence, storage or release of any hazardous or toxic substance, or any pollutant or contaminant, or condition of such Asset which violate any applicable Federal, State or local law or regulation concerning environmental protection;

<(14)->(14) claims based on, related to or arising from any asset, including a loan, acquired or liability assumed by the Assuming Bank, other than pursuant to this Agreement; and

<(15)->(15) claims based on, related to or arising from any liability specifically not assumed by the Assuming Bank pursuant to Section 2.5 of this Agreement. Whole P & A 991022 Washington Mutual Bank September 24, 2008; 12:54 PM Henderson, Nevada 31

[handwritten annotation: Move to new 12.1(a)(16)]