| From: | Schoppe, Robert <RSchoppe@FDIC.gov> |
|---|---|
| Sent: | Thursday, September 3, 2009 5:19 PM |
| To: | Michael Lipsitz <michael.lipsitz@chase.com> |
| Cc: | Fenton, Thaddeus G. <TFenton@FDIC.gov>; Pruss, Stephen <SPruss@FDIC.gov>; Hobbs, Tim <THobbs@FDIC.gov>; Hamilton, Larry D. <LaHamilton@FDIC.gov> |
| Subject: | Elected Contracts Returned Pursuant to Section 4.8 |
| Attach: | A5DAL34051_EXCHANGE_09032009-155359.PDF |

Michael, we have reviewed your requests on the credit card programs and the Seller Reps issues extensively. The attached letter states our position. The original is being put in the mail tonight.

Rob

<<A5DAL34051_EXCHANGE_09032009-155359.PDF>>



CONFIDENTIAL

JPMC_DBNTC_0008940069

# FDIC

**Federal Deposit Insurance Corporation**
1601 Bryan St. Dallas TX, 75201 (972) 761-2189                    Division of Resolutions and Receivership

September 3, 2009

Michael Lipsitz
JPMorgan Chase & Co.
10 South Dearborn
Chicago, IL 60603-2003

Subject:   10015 – Washington Mutual Bank, FSB
           Henderson, Nevada –In Receivership
           Closing Date –September 25, 2008

           RE:  Elected Contracts Returned Pursuant to Section 4.8

Michael,

   We have reviewed and analyzed the arguments Chase raised in your e-mails of July 15 and July 27, 2009, regarding the Receiver's view that certain agreements JPMC elected not to assume pursuant to Section 4.8 of the P&A are not subject to an election under that section. These issues have been the subject of rigorous discussion and vetting.

   Regarding the six credit card affiliate program service and alliance agreements, we have changed our position on the characterization of these agreements and now agree that they were properly subject to Section 4.8. Chase need not alter its current course of action on these agreements.

   On the issue whether Seller Reps from WaMu's pre-closing sales of assets or servicing rights are subject to Section 4.8 of the P&A, the Receiver's position has not changed. We believe legacy liabilities of WaMu's asset and servicing rights sales, "Seller Reps", were directly assumed by Chase pursuant to Section 2.1 of the P&A as "liabilities of the Failed Bank which are reflected on the Books and Records of the Failed Bank as of Bank Closing."

   "Record" is a defined term in the P&A, meaning

> any document, microfiche, microfilm and computer records
> (including but not limited to magnetic tape, disc storage, card
> forms and printed copy) of the Failed Bank generated or
> maintained by the Failed Bank that is owned by or in the
> possession of the Receiver at Bank Closing.

   There should be no factual dispute that WaMu's loan and asset sale transaction documents and files are Records. To the extent those records reflect contractual Seller Rep liabilities, whether current or contingent, those Seller Rep liabilities have been assumed by Chase.

~~CONFIDENTIAL~~                                                                JPMC_DBNTC_0008940070

Additionally, Section 4.8 of the P&A applies solely to agreements "which provide for the rendering of services by or to the Failed Bank." Loan or servicing *sales* contracts do not fall within the scope of Section 4.8, and therefore related Seller Rep liabilities are also outside the scope of Section 4.8.

If you have any questions concerning the decisions discussed above, please do not hesitate to contact me. Thank you.

Robert C. Schoppe
Receiver-in Charge

cc: Thad Fenton
    Steve Pruss
    Tim Hobbs
    Larry Hamilton

CONFIDENTIAL