```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA


DEUTSCHE BANK NATIONAL      :
TRUST COMPANY               :
                            :
        Plaintiff,          :    Docket No. CA 09-1656
                            :
                            :         Washington, D.C.
        vs.                 :    Wednesday, June 17, 2015
                            :             3:07 p.m.
FEDERAL DEPOSIT INSURANCE   :
CORPORATION ET AL,          :
                            :
        Defendants.         :
----------------------------x


              TRANSCRIPT OF STATUS CONFERENCE
          BEFORE THE HONORABLE ROSEMARY M. COLLYER
                UNITED STATES DISTRICT JUDGE



APPEARANCES:

For the Plaintiff:       ROBIN A. HENRY, Esquire
                         MOTTY SHULMAN, Esquire
                         Boies, Schiller & Flexner LLP
                         333 Main Street
                         Armonk, NY  10504

                         TALCOTT J. FRANKLIN, Esquire
                         Talcott Franklin PC
                         1521 N. Cooper St.
                         Suite 340
                         Arlington, Texas  76011

For the Defendants:      SCOTT H. CHRISTENSEN, Esquire
                         JASON S. COHEN, Esquire
                         Hughes Hubbard & Reed LLP
                         1775 I Street, NW
                         Washington, DC  20006-2401
```

```
Appearances continued:

For Defendants:          BRENT J. MCINTOSH, Esquire
                         MIA WHANG SPIKER,Esquire
                         Sullivan & Cromwell LLP
                         1700 New York Ave.,NW
                         Suite 700
                         Washington, DC   20006-5215

                         ROBERT A. SACKS, Esquire
                         Sullivan & Cromwell LLP
                         1888 Century Park East
                         Los angeles, CA   90067-1725

                         LAURA R. PALIANI, Esquire
                         Sullivan & Cromwell LLP
                         125 Broad Street
                         New York, NY   10004-2498

                         ANNE M. DEVENS, Esquire
                         Federal Deposit Insurance
                         Corporation
                         3501 Fairfax Drive,
                         Room VS-D-7062
                         Arlington, VA   22226-3500

Court Reporter:          CRYSTAL M. PILGRIM, RPR, FCRR
                         Official Court Reporter
                         United States District Court
                         District of Columbia
                         333 Constitution Avenue, NW
                         Washington, DC   20001

Proceedings recorded by machine shorthand, transcript produced
by computer-aided transcription.
```

```
 1                       P-R-O-C-E-E-D-I-N-G-S
 2             THE DEPUTY CLERK:  Civil action 09-1656.  Deutsche
 3  Bank National Trust Company versus Federal Deposit Insurance,
 4  excuse me, Insurance Corporation et al.  For the plaintiffs,
 5  Motty Shulman, Robin Henry and Talcott Franklin.  For the
 6  defense, Scott Christensen, Anne Devens, Jason Cohen, Brent
 7  McIntosh, Mia Spiker, Robert Sacks and Laura Paliani.
 8             THE COURT:  There were two different parties that
 9  were --
10             THE DEPUTY CLERK:  Yes.
11             THE COURT:  Well since --
12             THE DEPUTY CLERK:  I just called them all together.
13             THE COURT:  Okay, nice to see everybody.  I was
14  having trouble following the list.
15             All right, we're gathered together to see what you all
16  would like to do next.  What would you all like to do next?
17  Yes, sir.
18             MR. CHRISTENSEN:  Good afternoon, Your Honor.
19             THE COURT:  Good afternoon, nice to see you.
20             MR. CHRISTENSEN:  Good to see you.  Scott Christensen
21  on behalf of the FDIC as Receiver for Washington Mutual Bank.
22  I'd like to address three things speaking on behalf of all of
23  the parties about what we would like to see happen next.
24             THE COURT:  Okay.
25             MR. CHRISTENSEN:  Wanted to talk briefly about the
```

```
 1  redaction issue that the Court raised.
 2          THE COURT:  Yes.
 3          MR. CHRISTENSEN:  The schedule.
 4          THE COURT:  Yes.
 5          MR. CHRISTENSEN:  And a briefing schedule on 54(b)
 6  question.
 7       First on the question of redactions.  The parties
 8  believe there is nothing in the order that needs to be
 9  redacted.
10          THE COURT:  I thought that was probably true, but I
11  didn't dare decide it for you.  You see I was, tried to avoid
12  anything that you or the parties might consider necessary to
13  redact, but I wanted you all to have a chance to say oh,
14  goodness, don't put that out.
15          MR. CHRISTENSEN:  There are --
16          THE COURT:  Well there's always a caveat, isn't
17  there?  Oh, I just congratulated us all, now I'm wrong, sorry.
18          MR. CHRISTENSEN:  No, the congratulations still
19  stands.  There are two very minor sets of corrections that the
20  parties have agreed on.
21          THE COURT:  Okay.
22          MR. CHRISTENSEN:  And I'd like to hand up to the
23  Court if I may.
24          THE COURT:  Yes.
25          MR. CHRISTENSEN:  I can explain each of them briefly
```

1  and I've handed up, Your Honor, the only pages on which
2  corrections are being requested.  The first set of corrections
3  which is reflected here on page 6 and on some subsequent pages
4  is simply to clarify that JPMorgan Chase itself did not inherit
5  the liabilities of Washington Mutual Mortgage Securities
6  Corporation otherwise referred to as WMMSC.
7              THE COURT:  Right.
8              MR. CHRISTENSEN:  The parties do not dispute that
9  WMMSC --
10             THE COURT:  Kept its own liabilities.
11             MR. CHRISTENSEN:  -- kept its own liabilities, but
12 the parties did not argue that JPMorgan Chase inherited those
13 liabilities.
14             THE COURT:  That's a very important and useful
15 correction, thank you.  I misunderstood the record.
16             MR. CHRISTENSEN:  No, no, not saying that.
17             THE COURT:  Well I can say that, that's okay.
18             MR. CHRISTENSEN:  Just bring one clarification.  And
19 that covers almost all of the corrections except for the second
20 one that's reflected here on page 9.
21     On page 9, we request that the first sentence be crossed
22 out.
23             THE COURT:  Yes.
24             MR. CHRISTENSEN:  The quotation and the citation are
25 to the resolutions handbook that was in effect in 2008 and it

1  discusses, the quotation and the citation discuss what's
2  referred to as open bank assistance which is different from an
3  open bank transaction.  An open bank transaction is what is
4  discussed in the remainder of the footnote and what is
5  discussed in the text.
6        An open bank transaction, which is what's being
7  discussed in the text of the rest of the footnote, is the sale
8  of the bank's stock on the open market without assistance from
9  the FDIC.
10       Open bank assistance, which is what's discussed in the
11 handbook, is a resolution method that was used in past years
12 during the S&L crisis and it involved all sorts of financial
13 assistance from the FDIC.  But that resolution method was
14 severely restricted in use after 1992 and then abolished by
15 Congress and the Dodd-Frank Act in July of 2010.  So just to
16 make it perfectly clear.
17          THE COURT:  Perfectly clear and thank you very much
18 again.
19          MR. CHRISTENSEN:  Sure.
20          THE COURT:  You can tell that I am not actually a
21 banker.  We tried, but okay.  Well, what we will do is make
22 these proposed changes so that the corrections are reflected
23 and issue a modified, or some other word like that, opinion
24 which we can post openly, but leave the order outstanding as
25 originally issued which was public anyway and which governs

```
 1  timing and everything and then we don't confuse the world.  Is
 2  that all right with you?
 3           MR. CHRISTENSEN:  We have included in the collection
 4  of edits, that you have in front of you the last page, our
 5  proposed corrections to the order itself.
 6           THE COURT:  Oh, well then I'll change the order
 7  itself.  Okay, got it.  Thank you for your attention to those
 8  details which we hoped we had gotten right and thought we had,
 9  but I guess did not.
10           MR. CHRISTENSEN:  Your Honor, the other two issues
11  that the parties are in agreement on are a proposed schedule
12  for the remainder of the case.
13           THE COURT:  Okay.
14           MR. CHRISTENSEN:  Which we provided to the Court
15  earlier today.  I have copies of if that will be useful.
16           THE COURT:  I have copies of, thank you.
17           MR. CHRISTENSEN:  And likewise, the parties have
18  agreed on a proposed 54(b) certification schedule which would
19  allow the FDIC the time to decide whether to seek 54(b)
20  certification and then to submit a brief explaining the reasons
21  why.
22           THE COURT:  Okay, let me ask you a question which
23  perhaps should be obvious and maybe none of this has actually
24  been decided and so that's why it wasn't so obvious.
25       I understand the 54(b) certification schedule and rather
```

1  anticipated one or the other in the end would want
2  certification.  And so I'm assuming that JPMorgan Chase might
3  oppose certification, although it may say we just assume get
4  this done or Deutsche Bank, I don't know.  Do you have any
5  idea?
6              MR. CHRISTENSEN:  I don't yet, Your Honor.
7              THE COURT:  You don't because you haven't filed it.
8              MR. CHRISTENSEN:  That's right.
9              THE COURT:  Okay, it's a deal, I got it.
10             MR. MCINTOSH:  If you're looking for an answer, Your
11 Honor, I think that JPMorgan would oppose.
12             THE COURT:  Would oppose?
13             MR. MCINTOSH:  Would oppose.
14             MS. HENRY:  I think Deutsche Bank would take under
15 consideration what position to take depending upon how the
16 briefing played out during this period of time.
17             THE COURT:  Okay.  There, now you have just about the
18 same cloud we had when we walked in.  Okay, that's fine.
19             All right, I do have the schedules that you had
20 proposed.  And the briefing schedule on Rule 54(b) would give
21 the FDIC-R until July 24 to file its motion.  And you think
22 that's sufficient time for you and your client to consult and
23 decide?
24             MR. CHRISTENSEN:  Yes, Your Honor.
25             THE COURT:  Okay, that's fine.  And then the

1  discovery schedule has completion dates, but not beginning
2  dates.  I don't know if you want to begin discovery before the
3  Rule 54(b) certification briefing has been decided.
4          MR. CHRISTENSEN:  I can't represent a joint view of
5  the parties.  I think it would be --
6          THE COURT:  Okay.
7          MS. HENRY:  I think, Your Honor, the parties will
8  continue to meet and confer over the process going forward.
9  I'm confident we'll reach agreement on how to resolve things
10 internal for the deadlines.
11         THE COURT:  Well okay, but you want me to say
12 document discovery completed by April 29th of 2016.  And my
13 question really is, do you want to do that if on a hypothesis
14 FDIC-R files a motion for certification?  There's some
15 litigation about it.  I grant the motion.  It goes up and the
16 circuit says yes, we'll listen.  It's worth it to resolve it.
17 Are you going to proceed with discovery before it's resolved or
18 not, that's the question?
19     I mean this lawsuit, as Deutsche Bank knows only to well,
20 has been sitting around for some time.  We haven't been doing
21 nothing, but it's taken some time to get this far.  So that's
22 my question.  Perhaps you haven't thought that through yet or
23 do you have an idea?
24         MR. CHRISTENSEN:  I think following on Ms. Henry's
25 comments it would probably be wise for the parties to discuss

1  that and I have no doubt that we'll be able to come to a
2  resolution as we have on most issues.
3            THE COURT:  That's perfectly fine by me.  Under those
4  circumstances, I will wait until you tell me that you have made
5  a decision that you want to begin discovery regardless of X or
6  Y or Z, then we'll have another order that says tell us the
7  timing of what you want to do.  There's no point in giving you
8  a deadline if I haven't given you a beginning.  The beginning
9  might not be until January in which case you'll say oh, we
10 can't possibly do that, okay.
11           MR. CHRISTENSEN:  Great.
12           THE COURT:  I am, I can assure you all, as interested
13 in getting this case concluded as you are.  I am confident, but
14 I also have to tell you that I have very much enjoyed the
15 lawyering side.  It's nice to have you.
16      Okay, what else can I do for you, anything?
17           MR. CHRISTENSEN:  I think that's it.
18           MS. HENRY:  I think that's it, Your Honor.
19           MR. MCINTOSH:  May I?
20           THE COURT:  Yes.
21           MR. MCINTOSH:  Your Honor, Brent McIntosh Sullivan
22 and Cromwell for the JPMorgan Chase defendants.  The only thing
23 I would add is that, although it's not this case, there are
24 related cases and the FDIC and we have been discussing what to
25 do about making those proceed, including the North Carolina

1  case which is stayed.
2          THE COURT:  Yes, we thought about just immediately
3  saying okay, what are we going to do with these.  Then thought
4  let's give everybody a little time.
5          MR. MCINTOSH:  We will meet and confer on that
6  question and get back to Your Honor as soon as we have a
7  proposed resolution.
8          THE COURT:  A plan of attack, okay.  Because we've
9  got a small number of tagalong cases that we might be able to
10 address now.
11         MR. MCINTOSH:  Yes, we agree with that.
12         THE COURT:  Okay, thank you everybody.  Nice to see
13 you.
14         MR. MCINTOSH:  Thank you, Your Honor.
15         MS. HENRY:  Thank you, Your Honor.
16         THE COURT:  Stay warm.  I know it's very hard to do
17 in this weather.
18             (Proceedings concluded at 3:22 p.m.)
19                           -oOo-
20
21
22
23
24
25

```
 1                          CERTIFICATE
 2           I certify that the foregoing is a true and correct
 3  transcript, to the best of my ability, of the above pages, of
 4  the stenographic notes provided to me by the United States
 5  District Court, of the proceedings taken on the date and time
 6  previously stated in the above matter.
 7           I further certify that I am neither counsel for, related
 8  to, nor employed by any of the parties to the action in which
 9  this hearing was taken, and further that I am not financially
10  nor otherwise interested in the outcome of the action.
11
12  _____        _____
    /s/Crystal M. Pilgrim, RPR,FCRR        Date: June 19, 2015
13
14
15
16
17
18
19
20
21
22
23
24
25
```