UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  09-1656 (RMC) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

# ORDER

The Court previously granted in part and denied in part Defendants' cross-motions for summary judgment, by resolving a dispute over the extent to which Defendant JPMorgan Chase (JPMC) assumed liabilities from Defendant Federal Deposit Insurance Corporation (FDIC) when JPMC bought Washington Mutual Bank (WaMu) from FDIC in 2008. The Defendants are now at odds over whether that order can be appealed.  Because the order accorded "a final judgment as to one or more" of the claims in this case, Fed. R. Civ. P. 54(b), and because there is "no just reason for delay," *id.*, the Court will grant FDIC's motion to certify the prior judgment.  Mindful of our Court of Appeals' admonition to "supply a statement of reasons" when certifying an appeal under Rule 54(b), the Court will do so briefly here.  *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997).

The facts and procedural history are set out in the Court's prior opinion.  *See Deutsche Bank Nat'l Trust Co. v. Fed. Deposit Ins. Corp.*, No. 09-cv-1656(RMC), 2015 WL 3792631 (D.D.C. June 17, 2015) [Dkt. 182].  For present purposes, it bears repeating that

Plaintiff Deutsche Bank National Trust Company alleges two counts in its Amended Complaint, Dkt. 32 (Am. Compl.). Count I seeks relief for a "breach of contract" by WaMu from its successor(s) in interest: either JPMC, FDIC, or both. Am. Compl. ¶¶ 92-101. Count II asks the Court to apportion any such liability between JPMC and FDIC. *Id.* ¶¶ 102-06. Because those issues are segregable, the Court first ordered discovery and briefing on the apportionment issue.

With a fully developed record and ample briefing from both Defendants, the Court concluded that "JPMC assumed liability for the disputed mortgage repurchase liabilities only to the extent that such liabilities were reflected at a stated Book Value on WaMu's financial accounting records as of September 25, 2008." *Deutsche Bank*, 2015 WL 3792631, at *1. That fully resolves Count II, insofar as it sought only:

> [A] declaratory judgment declaring: (i) which, or in the alternative, that both of, WaMu's two potential successors-in-interest – the FDIC or JPMC – succeed(s) to WaMu's liabilities for breaches of Governing Documents and WaMu's ongoing obligations to the Trusts and the Trustee under the Governing Documents, including, but not limited to, the Repurchase Obligations, the Notice Obligations, the Access Rights and the Indemnification Rights, and (ii) the extent to which each of the FDIC or [JPMC] have assumed those liabilities and ongoing obligations.

Am. Compl. ¶ 106. The relief sought by Count II was thus granted by the Court's prior order.

JPMC disagrees and opposes certification. *See* Mem. in Opp'n [Dkt. 187] (Opp'n). It argues that the Court's prior ruling on Count II is not final so long as "there has been no final judgment as to the *dollar amount*" of Defendants' respective liabilities and "there has been no final judgment as to *how much* of the general repurchase reserve then reflected [on WaMu's books], if any, remains unexhausted." *Id.* at 1 (emphases added). In other words, JPMC argues that FDIC cannot appeal the formula until it has generated an output.

The argument is unconvincing. First, Count II seeks only declaratory relief. It follows that the Court's declaration accords complete relief sought by that count. The Court has

thus "determine[d] that it is dealing with a 'final judgment,'" meaning "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Cutriss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Neither of the two, specific questions posed by Count II can fairly be read to require a dollar-figure answer. Instead, the Court's interpretation of the Purchase & Assumption (P&A) Agreement answers both. It says *which* of the Defendants shall be liable, and *the extent to which* each is liable. *Compare Deutsche Bank*, 2015 WL 3792631, at *1, *with* Am. Compl. ¶ 106. The Court does not agree that that the phrase "extent to which" calls for "a specific number" and not just "a rule of decision." Opp'n at 2. The rule of decision announced in the Court's prior order does declare "the extent to which each of the FDIC or JPMC have assumed" liability by tying it to a fixed, empirically verifiable figure. Though the figure has not yet been ascertained, the "extent" of Defendants' liability has nonetheless been predetermined.

Second, there is "no just reason for delay[ing]" an appeal of Count II. Fed. R. Civ. P. 54(b). To the contrary, it would put to rest an issue—the proper interpretation of the P&A Agreement—that may impact at least three other cases pending before this Court. *See North Carolina Dept. of Revenue v. FDIC*, No. 10-cv-505(RMC); *JPMorgan Chase Bank, N.A. v. FDIC*, No. 12-cv-450(RMC); *JPMorgan Chase Bank, N.A. v. FDIC*, No. 13-cv-1997(RMC). The Court of Appeals' interpretation of the P&A would not, and could not, be affected by the actual dollar amount of JPMC's or FDIC's liability; there is no need to wait until it is discovered.

Faced with a motion for certification under Rule 54(b), the Court asks as a "dispatcher" and exercises "sounds judicial discretion . . . to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears*, 351 U.S. at 437). Count II is ready for appeal.

Accordingly, it is hereby

**ORDERED** that Defendant FDIC's Motion for Certification, Dkt. 186, is **GRANTED** because the Court's prior order was a final judgment and there is no just reason for delay; and it is

**FURTHER ORDERED** that the Court's June 17, 2015 Order, Dkt. 182, is a final order that is certified for immediate appeal under Rule 54(b) of the Federal Rules of Civil Procedure; and it is

**FURTHER ORDERED** that the parties shall meet, confer, and jointly propose by September 29, 2015 what modifications, if any, they feel are necessary to the current schedule in light of this Order.


Date:  September 22, 2015                                  /s/                      _
                                            ROSEMARY M. COLLYER
                                            United States District Judge